DAVE FOX (Bar No. 254651)
Dave@FoxLawAPC.com
JOANNA FOX (Bar No. 272593)
Joanna@FoxLawAPC.com
COURTNEY VASQUEZ (Bar No. 267081)
Courtney@FoxLawAPC.com
**FOX LAW, APC**
225 W. Plaza Street, Suite 102
Solana Beach, CA 92075
Tel:  858-256-7616
Fax: 858-256-7618

*Attorneys for Plaintiffs and
the Proposed Class*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TY STEWART, JOCELYN FIELDING, LAUREENE BUCK, ANNA ALTOMARE, ELIZA REID, JENNIFER JENKINS, CHAD HUMPHREY, ALYSON MARTIN, MARY HILLARY PFEIFFER, EVELYN HERNANDEZ, IVAN BLANCO, VICTORIA JOHNSON, JULIE LUSSIER, SUZANNE DAGESSE, ROBIN CURLESS, JULIE STOCKER, MARY MCLEROY, ROBERT RIDDELL, DANIELLE ARNO, VICKI SIVERLING, HARRY MALAKOFF, MICHAEL SMITH, and TRACY HALL, *individually and on behalf of all others similarly situated*, | CASE NO. 3:19-cv-02454-MMA-MSB <br><br> **CLASS ACTION** <br><br> **FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** <br><br><br> **DEMAND FOR JURY TRIAL** |
| Plaintiffs, | |
| v. | |
| KODIAK CAKES, LLC, a Delaware limited liability company, | |
| Defendant. | |

Plaintiffs Ty Stewart, Jocelyn Fielding, Laureene Buck, Anna Altomare, Eliza Reid, Jennifer Jenkins, Chad Humphrey, Alyson Martin, Mary Hillary Pfeiffer, Evelyn Hernandez, Ivan Blanco, Victoria Johnson, Julie Lussier, Suzanne Dagesse, Robin Curless, Julie Stocker, Mary Mcleroy, Robert Riddell, Danielle Arno, Vicki Siverling, Harry Malakoff, Michael Smith and Tracy Hall, (collectively, "Plaintiffs") bring this class action against Kodiak Cakes, LLC ("Defendant" or "Kodiak Cakes"), individually and on behalf of all others similarly situated, and allege the following upon personal knowledge as to Plaintiffs' acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiffs' attorneys.

# I

# **INTRODUCTION**

1.      Kodiak Cakes manufactures, markets, advertises, and sells a line of packaged breakfast and snack products.  The company is most recognized for its pancake and waffle products, that come in two forms: "just add water" mixes[1] or pre-made frozen flapjacks and waffles.  Today, Kodiak Cakes is self-proclaimed as the "the best-selling pancake brand in its industry."[2]

2.      Since its inception, Kodiak Cakes' product line has expanded to include other products such as baking mixes for cookies, muffins, brownies, breads, and an all-purpose baking mix.  The Kodiak Cakes product line also includes other breakfast and snack products such as syrups, oatmeal, and graham crackers, among others.

3.      Plaintiffs here bring six counts against Kodiak Cakes based on two overarching issues with Kodiak Cakes' products: (1) non-functional slack fill and (2) deceptive marketing practices.

---

[1] The "just add water" mixes are available in traditional multi-serving boxes, or also in single serving Kodiak Cups.
[2] *https://kodiakcakes.com/bear-together/it-all-started-with-a-little-red-wagon/* (last visited, August 26, 2020.)

**NON-FUNCTIONAL SLACK FILL**

4.     For over 50 years, Congress has recognized that packaging has the capacity to deceive consumers or complicate value comparisons for consumer commodities.  *See* 15 U.S.C. § 1454(c).  Charged by Congress with preventing this practice, the Food and Drug Administration (FDA) prohibits non-functional slack fill in food products.

5.     Nonfunctional slack-fill is the empty space in a package that is filled to less than its capacity . . . ."  that serves no lawful purpose.  21 C.F.R. § 100.100. Taking direction from federal law, forty-nine states (and the District of Columbia) have also enacted similar laws establishing that packages cannot be made, formed or filled in a misleading way.  Thus, both federal and state lawmakers have taken efforts to prohibit the slack fill practices relevant here precisely because of their inherently deceptive nature.

6.     Kodiak Cakes engages in a uniform packaging scheme for its waffle, flapjack and baking mixes (collectively "Slack Fill Products") that conceals the amount of the product actually contained in the package and misleads consumers into believing there is more product inside the packaging than there actually is. **Exhibit A, Per-Product Misrepresentation Chart,** identifies each of the 27 Slack Fill Products at issue in this case that are misleading/misbranded because of non-functional slack fill.

7.     At all relevant times, Kodiak Cakes has sold the Slack Fill Products in an entirely non-transparent box that resembles cardboard.  The box is filled substantially less than the capacity of the box by more than half.  This packaging entirely conceals the amount of product actually contained therein and prevents consumers from directly seeing or handling the product inside the packaging to facilitate value comparisons.  This deceptive packaging leads the reasonable consumer to believe that the package contains substantially more product than it actually does.  (*See,* **Figure 1** – Slack Fill Demonstration.)

*Figure 1 - Slack fill Demonstration*



8.      Kodiak Cakes' deceptive and misleading practice of filling the Slack Fill Products with less than half of the opaque box misrepresents the products as containing quantities that they do not have.

9.      The empty space inside the package is for no functional purpose and therefore consists of non-functional slack fill in violation of state and federal labeling and packaging laws and the related consumer fraud statutes alleged herein.

**DECEPTIVE MARKETING CLAIMS**

10.      Kodiak Cakes' deceptive sales practices extend even further to Kodiak Cakes' statements in its labeling, marketing and advertising.   Kodiak Cakes' advertising and marketing scheme focuses on the following misleading statements that are materially the same for all its products.   These central and uniform statements fall into three main categories (collectively referred to hereinafter as the

-3-

"Claims"): Natural Claims, Health Claims, and Nutrient Claims.

| **"Natural Claims"** | **"Health Claims"** | **"Nutrient Claims"** |
|---|---|---|
| *No Preservatives* | *Healthy* | *Protein-Packed* |
| *Free of Artificial Additives* | | |
| *Non-GMO* | | |

11. The Claims are the primary features that supposedly differentiate these products from other pancake, waffle, baking, breakfast and snack products that have dominated the market in the past such as Aunt Jemima, Bisquick, Krusteaz, and Betty Crocker, to name a few.

12. At all relevant times, each of these Claims have been prominently featured on Kodiak Cakes' packaging and/or are uniform across Kodiak Cakes' advertising and marketing platform for the entire product line. Thus, these Claims are material and every consumer, including Plaintiffs, are exposed to these Claims and rely upon them when deciding to purchase Kodiak Cakes products and/or pay a higher price for them. **Exhibit A, Per-Product Misrepresentation Chart,** identifies the 64 products at issue in this case along with the material misrepresentation(s) that Kodiak Cakes has made about each of these products (collectively, "Kodiak Cakes products" or the "Products").

13. A reasonable consumer would expect that a product branded and marketed with any of these Claims did, in fact, contain the characteristics and qualities as packaged, labeled, marketed and advertised. Consequently, Kodiak Cakes' uniform advertising and marketing scheme is designed to cause consumers to purchase Kodiak Cakes products *because of* these deceptive messages. Defendant has succeeded.

/ / /

/ / /

-4-

***Figure 2 - Examples of Kodiak Cakes' Packaging of Top Selling Buttermilk Flapjack and Waffle Mix***



14.     Plaintiffs and other consumers have reasonably relied upon the deceptive advertising and packaging in purchasing Kodiak Cakes' products. If Plaintiffs and other consumers had known the Claims were false and known the actual amount of the product contained inside the box of the Slack Fill Products, they would not have purchased the Kodiak Cakes products or, alternatively, would have paid less for the Products. Therefore, Plaintiffs and other consumers similarly situated have suffered injury-in-fact as a result of Kodiak Cakes' deceptive, false and misleading practices.

15.     As a result, Plaintiffs bring this action on behalf of themselves and other similarly situated consumers to halt these wrongful practices, to halt the dissemination of Kodiak Cakes' false and misleading advertising message, to correct the false and misleading perception Kodiak Cakes has created in the minds of

consumers, and to obtain redress for those who have purchased Kodiak Cakes' products.  Plaintiffs allege violations of consumer protection laws of the fifty states, and the District of Columbia, breach of express warranty, restitution based upon quasi contract and unjust enrichment created by Defendant's false, deceptive and misleading advertising, labeling and packaging.

## II

## THE PARTIES

### *Plaintiff Ty Stewart (California)*

16.    Plaintiff Ty Stewart is, and at all relevant times alleged herein was, a resident of San Diego County, California, and over the age of eighteen (18) years. Mr. Stewart is an athlete and an avid gym-goer.  Consistent with his interests, Mr. Stewart strives to find food products that are healthy, free of artificial and synthetic ingredients, contain no preservatives, are high in protein, and are non-GMO.  Mr. Stewart was exposed to each of the Claims that were prominently displayed on the package of the products he purchased and in Kodiak Cakes' marketing and advertising.  Based upon Kodiak Cakes' representations about the Products, Mr. Stewart reasonably expected that the products he purchased would not contain non-functional slack fill and that the Claims about the products were true.  Mr. Stewart reasonably relied on each of Kodiak Cakes representations when making the decision to purchase the Kodiak Cakes' products he did, and was actually deceived. As a result of Kodiak Cakes' actions, Mr. Stewart lost money and suffered injury in fact.

17.    Mr. Stewart purchased Kodiak Cakes' products on several occasions over the past few years at various stores in San Diego County, most frequently the Target store located at 3245 Sports Arena Blvd, San Diego, CA 92110, and online through Kodiak Cakes' online store.  He purchased various products including Kodiak Cakes' Buttermilk Flapjack and Waffle Mix and, in more recent years, the

/ / /

following baking mixes: Chocolate Chip Blondie Brownie Mix, Oatmeal Dark Chocolate Cookie Mix and Double Dark Chocolate Muffin Mix.

### *Plaintiff Jocelyn Fielding (California)*

18.     Plaintiff Jocelyn Fielding is, and at all relevant times alleged herein was, a resident of San Diego County, California and over the age of eighteen (18) years.  Health and fitness are important to Ms. Fielding and she enjoys staying active in the outdoors.  Consistent with this interest, Ms. Fielding strives to find food products that are healthy, free of artificial and synthetic ingredients, contain no preservatives, are high in protein, and are non-GMO.  Ms. Fielding was exposed to each of the Claims that were prominently displayed on the package of the products she purchased and in Kodiak Cakes' marketing and advertising.  Based upon Kodiak Cakes' representations about the Products, Ms. Fielding reasonably expected that the products she purchased would not contain non-functional slack fill and that the Claims about the products were true.  Ms. Fielding reasonably relied on each of Kodiak Cakes' representations when making the decision to purchase the Kodiak Cakes' products she did, and was actually deceived. As a result of Kodiak Cakes' actions, Ms. Fielding lost money and suffered injury in fact.

19.     Ms. Fielding purchased Kodiak Cakes' products on several occasions over the past few years at various stores in San Diego County, including Target stores.  Ms. Fielding most recently purchased Kodiak Cakes' products in or around August 2019 at Target.  These purchases included Kodiak Cakes' Dark Chocolate Frozen Power Waffles and Buttermilk Flapjack and Waffle Mix.

### *Plaintiff Laureene Buck (California)*

20.     Plaintiff Laureene Buck is, and at all relevant times alleged herein was, a resident of San Diego County, California and over the age of eighteen (18) years. Ms. Buck is a vegetarian and a mother of a young boy.  Her son loves pancakes and enjoys baking with her.  It is important to Ms. Buck to find breakfast items and baked goods for her son that are healthy, free of artificial and synthetic ingredients, contain

-7-

no preservatives and are non-GMO. Given Ms. Buck's vegetarian diet, it can be difficult to get enough protein in her diet and find filling snacks. Thus, Ms. Buck strives to purchase vegetarian foods that are high in protein and/or constitute an essential source of protein. Ms. Buck was exposed to each of the Claims that were prominently displayed on the package of the products she purchased and in Kodiak Cakes' marketing and advertising. Based upon Kodiak Cakes' representations about the Products, Ms. Buck reasonably expected that the products she purchased would not contain non-functional slack fill and that the Claims about the products were true. Ms. Buck reasonably relied on each of Kodiak Cakes' representations when making the decision to purchase the Kodiak Cakes' products she did, and was actually deceived. As a result of Kodiak Cakes' actions, Ms. Buck lost money and suffered injury in fact.

21.   Ms. Buck purchased Kodiak Cakes' Buttermilk Flapjack and Waffle Mix on several occasions over the past few years at stores across San Diego County. Most recently, Ms. Buck purchased the Buttermilk Flapjack and Waffle Mix in August 2019 at the Costco located at 2345 Fenton Parkway, San Diego, CA 92108.

### Plaintiff Anna Altomare (California)

22.   Plaintiff Anna Altomare is, and at all relevant times alleged herein was, a resident of Los Angeles County, and over the age of eighteen (18) years. Health and fitness are important to Ms. Altomare and Cross-Fit is one of her passions. Consistent with her interests, Ms. Altomare strives to find food products that are healthy, free of artificial and synthetic ingredients, are without preservatives, are high in protein, and are non-GMO. Ms. Altomare was exposed to each of the Claims that were prominently displayed on the package of the products she purchased and in Kodiak Cakes' marketing and advertising. Based upon Kodiak Cakes' representations about the Products, Ms. Altomare reasonably expected that the products she purchased would not contain non-functional slack fill and that the Claims about the products were true. Ms. Altomare reasonably relied on each of

-8-

Kodiak Cakes' representations when making the decision to purchase the Kodiak Cakes' products she did, and was actually deceived. As a result of Kodiak Cakes' actions, Ms. Altomare lost money and suffered injury in fact.

23.    Ms. Altomare purchased Kodiak Cakes' products on several occasions over the past few years at stores across Los Angeles County. Most recently, in April 2019, Ms. Altomare purchased Kodiak Cakes' Double Chocolate Chunk Brownie Mix and Triple Chocolate Brownie Mix from Kodiak Cakes' online store. She also purchased Kodiak Cakes' Chocolate Fudge Brownie Mix through Target's online store.

### *Plaintiff Eliza Reid (California)*

24.    Plaintiff Eliza Reid is, and at all relevant times alleged herein was, a resident of California and over the age of eighteen (18) years. Ms. Reid takes her health seriously and exercises a lot. Consistent with her interests, Ms. Reid strives to find food products that are healthy, free of artificial and synthetic ingredients, are without preservatives, are high in protein, and are non-GMO. Ms. Reid was exposed to each of the Claims that were prominently displayed on the package of the products she purchased and in Kodiak Cakes' marketing and advertising. Based upon Kodiak Cakes' representations about the Products, Ms. Reid reasonably expected that the products she purchased would not contain non-functional slack fill and that the Claims about the products were true. Ms. Reid reasonably relied on each of Kodiak Cakes' representations when making the decision to purchase the Kodiak Cakes' products she did, and was actually deceived. As a result of Kodiak Cakes' actions, Ms. Reid lost money and suffered injury in fact.

25.    Ms. Reid purchased the following Kodiak Cakes' products over the past several years: Buttermilk Flapjack and Waffle Mix, Carb Conscious Flapjack and Waffle Mix, Plant-Based Classic Flapjack and Waffle Mix, Chocolate Chip Blondie Brownie Mix, Bear Bites Graham Crackers, and the Maple and Brown Sugar Kodiak Cup.

***Plaintiff Jennifer Jenkins (California)***

26.     Plaintiff Jennifer Jenkins is, and at all relevant times alleged herein was, a resident of California and over the age of eighteen (18) years.  Ms. Jenkins has a medical condition that makes healthy eating habits important.  Consistent with her needs, Ms. Jenkins strives to find food products that are healthy, free of artificial and synthetic ingredients, are without preservatives, are high in protein, and are non-GMO.  Ms. Jenkins was exposed to each of the Claims that were prominently displayed on the package of the products she purchased and in Kodiak Cakes' marketing and advertising.  Based upon Kodiak Cakes' representations about the Products, Ms. Jenkins reasonably expected that the products she purchased would not contain non-functional slack fill and that the Claims about the products were true.  Ms. Jenkins reasonably relied on each of Kodiak Cakes' representations when making the decision to purchase the Kodiak Cakes' products she did, and was actually deceived.  As a result of Kodiak Cakes' actions, Ms. Jenkins lost money and suffered injury in fact.

27.     Ms. Jenkins purchased the following Kodiak Cakes' products over the past several years at various stores and at Costco:  Buttermilk Flapjack and Waffle Mix, Frontier Cakes Whole Wheat Oat & Honey, Kodiak Cup Buttermilk & Maple Flapjack, Kodiak Cup Maple & Brown Sugar Oatmeal.

***Plaintiff Chad Humphrey (Colorado)***

28.     Plaintiff Chad Humphrey is, and at all relevant times alleged herein was, a resident of Colorado and over the age of eighteen (18) years.  Mr. Humphrey strives to find food products that are healthy, free of artificial and synthetic ingredients, are without preservatives, are high in protein, and are non-GMO.  Mr. Humphrey was exposed to each of the Claims that were prominently displayed on the package of the products he purchased and in Kodiak Cakes' marketing and advertising.  Based upon Kodiak Cakes' representations about the Products, Mr. Humphrey reasonably expected that the products he purchased would not contain

-10-

non-functional slack fill and that the Claims about the products were true.  Mr. Humphrey reasonably relied on each of Kodiak Cakes' representations when making the decision to purchase the Kodiak Cakes' products he did, and was actually deceived.  As a result of Kodiak Cakes' actions, Mr. Humphrey lost money and suffered injury in fact.

29.    Most often, Mr. Humphrey purchased Kodiak Cakes' Buttermilk Flapjack and Waffle Mix at Costco and has so for the past several years.  He also purchased the following Kodiak Cakes' products over the past several years: Blueberry Muffin Mix and Power Waffles Homestead Style.

### ***Plaintiff Alyson Martin (Connecticut)***

30.    Plaintiff Alyson Martin is, and at all relevant times alleged herein was, a resident of Connecticut and over the age of eighteen (18) years.  Ms. Martin strives to find food products that are healthy, free of artificial and synthetic ingredients, are without preservatives, are high in protein, and are non-GMO.  Ms. Martin was exposed to each of the Claims that were prominently displayed on the package of the products she purchased and in Kodiak Cakes' marketing and advertising.  Based upon Kodiak Cakes' representations about the Products, Ms. Martin reasonably expected that the products she purchased would not contain non-functional slack fill and that the Claims about the products were true.  Ms. Martin reasonably relied on each of Kodiak Cakes' representations when making the decision to purchase the Kodiak Cakes' products she did, and was actually deceived.  As a result of Kodiak Cakes' actions, Ms. Martin lost money and suffered injury in fact.

31.    Ms. Martin purchased Kodiak Cakes' Buttermilk Flapjack and Waffle Mix at various stores in Connecticut, including Stop and Shop.

### ***Plaintiff Mary Hillary Pfeiffer (Florida)***

32.    Plaintiff Mary Hillary Pfeiffer is, and at all relevant times alleged herein was, a resident of Florida and over the age of eighteen (18) years.  Ms. Pfeiffer is in the health and medical field.  She takes her health seriously and has a health

-11-

condition that creates a protein-deficiency, so it is important that she consume foods that have high levels of protein or are an essential source of protein.  Consistent with her interests and needs, Ms. Pfeiffer strives to find food products that are healthy, free of artificial and synthetic ingredients, are without preservatives, are high in protein, and are non-GMO.  Ms. Pfeiffer was exposed to each of the Claims that were prominently displayed on the package of the products she purchased and in Kodiak Cakes' marketing and advertising.  Based upon Kodiak Cakes' representations about the Products, Ms. Pfeiffer reasonably expected that the products she purchased would not contain non-functional slack fill and that the Claims about the products were true.  Ms. Pfeiffer reasonably relied on each of Kodiak Cakes' representations when making the decision to purchase the Kodiak Cakes' products she did, and was actually deceived.  As a result of Kodiak Cakes' actions, Ms. Pfeiffer lost money and suffered injury in fact.

33.    Ms. Pfeiffer purchased the following Kodiak Cakes' products over the past several years on Amazon.com and at Publix: Power Cakes Buttermilk Flapjack and Waffle Mix, Kodiak Cup Cinnamon Maple, Kodiak Cup Blueberry Muffin, Kodiak Cup Apple Cinnamon Muffin, Kodiak Cup Chocolate Chip Muffin, Kodiak Cup Strawberry Chocolate Flapjack, Kodiak Cup Cornbread, Kodiak Cup Peanut Butter Chocolate.

### ***Plaintiff Evelyn Hernandez (Florida)***

34.    Plaintiff Evelyn Hernandez is, and at all relevant times alleged herein was, a resident of Florida and over the age of eighteen (18) years.  Ms. Hernandez strives to find food products that are healthy, free of artificial and synthetic ingredients, are without preservatives, are high in protein, and are non-GMO.  Ms. Hernandez was exposed to each of the Claims that were prominently displayed on the package of the products she purchased and in Kodiak Cakes' marketing and advertising.  Based upon Kodiak Cakes' representations about the Products, Ms. Hernandez reasonably expected that the products she purchased would not contain

-12-

non-functional slack fill and that the Claims about the products were true.  Ms. Hernandez reasonably relied on each of Kodiak Cakes' representations when making the decision to purchase the Kodiak Cakes' products she did, and was actually deceived.  As a result of Kodiak Cakes' actions, Ms. Hernandez lost money and suffered injury in fact.

35.    Ms. Hernandez purchased Kodiak Cakes' Buttermilk Flapjack and Waffle mix from Costco often for the past several years.

### *Plaintiff Ivan Blanco (Illinois)*

36.    Plaintiff Ivan Blanco is, and at all relevant times alleged herein was, a resident of Illinois and over the age of eighteen (18) years.  Mr. Blanco strives to find food products that are healthy, free of artificial and synthetic ingredients, are without preservatives, are high in protein, and are non-GMO.  He also has a special needs daughter and tries to make the same healthy choices for his family.  Mr. Blanco was exposed to each of the Claims that were prominently displayed on the package of the products he purchased and in Kodiak Cakes' marketing and advertising.  Based upon Kodiak Cakes' representations about the Products, Mr. Blanco reasonably expected that the products he purchased would not contain non-functional slack fill and that the Claims about the products were true.  Mr. Blanco reasonably relied on each of Kodiak Cakes' representations when making the decision to purchase the Kodiak Cakes' products he did, and was actually deceived. As a result of Kodiak Cakes' actions, Mr. Blanco lost money and suffered injury in fact.

37.    Mr. Blanco purchased the following Kodiak Cakes' products over the past several years in stores and online: Buttermilk Flapjack and Waffle Mix, Chocolate Chip Flapjack and Waffle Mix, Peanut Butter Flapjack and Waffle Mix, Frontier Gluten Free Oat Flapjack and Waffle Mix, Frontier Cakes Buttermilk and Honey Flapjack and Waffle Mix, Frozen Power Waffles Chocolate Chip, Frozen Power Flapjacks Maple & Brown Sugar, Kodiak Cup – Peanut Butter Chocolate

-13-

Chip Oatmeal, Kodiak Cup Buttermilk & Maple Flapjack.

### *Plaintiff Victoria Johnson (Illinois)*

38.     Plaintiff Victoria Johnson is, and at all relevant times alleged herein was, a resident of Illinois and over the age of eighteen (18) years.  Ms. Johnson is a nurse and some of her main interests are health, fitness and nutrition.  She strives to find food products that are healthy, free of artificial and synthetic ingredients, are without preservatives, are high in protein, and are non-GMO.  Ms. Johnson was exposed to each of the Claims that were prominently displayed on the package of the products she purchased and in Kodiak Cakes' marketing and advertising.  Based upon Kodiak Cakes' representations about the Products, Ms. Johnson reasonably expected that the products she purchased would not contain non-functional slack fill and that the Claims about the products were true.  Ms. Johnson reasonably relied on each of Kodiak Cakes' representations when making the decision to purchase the Kodiak Cakes' products she did, and was actually deceived.  As a result of Kodiak Cakes' actions, Ms. Johnson lost money and suffered injury in fact.

39.     Ms. Johnson purchased the following Kodiak Cakes' products over the past several years in stores and online: Buttermilk Flapjack and Waffle Mix, Brownie Mix, Cornbread Mix, All-Purpose Mix, Chocolate Chip Flapjack and Waffle Mix, Dark Chocolate Flapjack and Waffle Mix, Pumpkin Flax Flapjack and Waffle Mix, and several flavors of the Frozen Power Waffles and Kodiak Cups.

### *Plaintiff Julie Lussier (Massachusetts)*

40.     Plaintiff Julie Lussier is, and at all relevant times alleged herein was, a resident of Massachusetts and over the age of eighteen (18) years.  Ms. Lussier has young children and strives to find food products that are healthy, free of artificial and synthetic ingredients, are without preservatives, are high in protein, and are non-GMO for herself and her family.  Ms. Lussier was exposed to each of the Claims that were prominently displayed on the package of the products she purchased and in Kodiak Cakes' marketing and advertising.    Based  upon  Kodiak  Cakes'

representations about the Products, Ms. Lussier reasonably expected that the products she purchased would not contain non-functional slack fill and that the Claims about the products were true.  Ms. Lussier reasonably relied on each of Kodiak Cakes' representations when making the decision to purchase the Kodiak Cakes' products she did, and was actually deceived.  As a result of Kodiak Cakes' actions, Ms. Lussier lost money and suffered injury in fact.

41.    Ms. Lussier purchased the following Kodiak Cakes' products over the past several years: Power Cakes Buttermilk Flapjack and Waffle Mix, Power Cakes Chocolate Chip Flapjack and Waffle Mix, Power Cakes Strawberry Chocolate Chip Flapjack and Waffle Mix, Power Cakes Peanut Butter Flapjack and Waffle Mix, Carb Conscious Buttermilk Flapjack and Waffle Mix, Chocolate Chip Muffin Mix, Blueberry Muffin Mix, Chocolate Fudge Brownie Mix, Triple Chocolate Brownie Mix, Chocolate Chip Oatmeal Cookie Mix, Chocolate Chip Blondie Brownie Mix, Chocolate Chip Frozen Power Waffles, Homestead Style Frozen Power Waffles, Chocolate Chip Frozen Power Flapjacks, Maple & Brown Sugar Frozen Power Flapjacks, Bear Bites (Chocolate, Graham and Cinnamon flavors), and the following Kodiak Cups: Chocolate Chip Muffin, Cinnamon Roll Muffin, Peanut Butter Chocolate Chip Oatmeal, Buttermilk & Maple Flapjack, Chocolate Fudge Brownie, Rocky Road Brownie, Mint Chocolate Brownie, S'mores Flapjack, Chocolate Chip & Maple Flapjack, Blueberry Muffin, Maple & Brown Sugar Oatmeal, Cinnamon & Maple Flapjack, Chocolate Peanut Butter Brownie, Apple Cinnamon Muffin, Cinnamon Oatmeal, Caramel Oatmeal, Chocolate Chip Oatmeal.

### *Plaintiff Suzanne Dagesse (Massachusetts)*

42.    Plaintiff Suzanne Dagesse is, and at all relevant times alleged herein was, a resident of Middleboro, Massachusetts and over the age of eighteen (18) years.  Ms. Dagesse practices healthy eating habits and it is important to her to limit foods that contain artificial additives and preservatives.  Consistent with these interests, she strives to find food products that are healthy, free of artificial and

-15-

synthetic ingredients, are without preservatives, are high in protein, and are non-GMO for herself and her family.  Ms. Dagesse was exposed to each of the Claims that were prominently displayed on the package of the products she purchased and in Kodiak Cakes' marketing and advertising.   Based upon Kodiak Cakes' representations about the Products, Ms. Dagesse reasonably expected that the products she purchased would not contain non-functional slack fill and that the Claims about the products were true.  Ms. Dagesse reasonably relied on each of Kodiak Cakes' representations when making the decision to purchase the Kodiak Cakes' products she did, and was actually deceived.  As a result of Kodiak Cakes' actions, Ms. Dagesse lost money and suffered injury in fact.

43.    Ms. Dagesse purchased the following Kodiak Cakes' products over the past several years: Buttermilk Flapjack and Waffle Mix, Chocolate Chip Flapjack and Waffle Mix, Peanut Butter Flapjack and Waffle Mix, Frontier Cakes Whole Wheat Oat & Honey Flapjack and Waffle Mix, Blueberry Muffin Mix, Blueberry Lemon Muffin Mix, Chocolate Fudge Brownie Mix, Chocolate Chip Oatmeal Cookie Mix, Cornbread Mix, Blueberry Frozen Power Waffles, Buttermilk and Vanilla Frozen Power Waffles, Homestead Style Power Waffles, Kodiak Cup Chocolate Chip & Maple Flapjack, Kodiak Cup Blueberry Muffin, Kodiak Cup Chocolate Chip Oatmeal.

### *Plaintiff Julie Stocker (Michigan)*

44.    Plaintiff Julie Stocker is, and at all relevant times alleged herein was, a resident of Huntington Woods, Michigan and over the age of eighteen (18) years.  Ms. Stocker strives to find food products that are healthy, free of artificial and synthetic ingredients, are without preservatives, are high in protein, and are non-GMO for herself and her family.  Ms. Stocker was exposed to each of the Claims that were prominently displayed on the package of the products she purchased and in Kodiak Cakes' marketing and advertising.   Based upon Kodiak Cakes' representations about the Products, Ms. Stocker reasonably expected that the

-16-

products she purchased would not contain non-functional slack fill and that the Claims about the products were true.  Ms. Stocker reasonably relied on each of Kodiak Cakes' representations when making the decision to purchase the Kodiak Cakes' products she did, and was actually deceived.  As a result of Kodiak Cakes' actions, Ms. Stocker lost money and suffered injury in fact.

45.    Ms. Stocker purchased the following Kodiak Cakes' products over the past several years: Buttermilk Flapjack and Waffle Mix, Almond Poppy Seed Flapjack and Waffle Mix, Blueberry Muffin Mix, Blueberry Lemon Muffin Mix, Chocolate Fudge Brownie Mix, Cornbread Mix, All-Purpose Mix, Cinnamon Frozen Power Waffles, Homestead Style Frozen Power Waffles, Buttermilk Frozen Power Flapjacks, Bear Bites (Chocolate and Graham flavors).

### *Plaintiff Mary Mcleroy (Michigan)*

46.    Plaintiff Mary Mcleroy is, and at all relevant times alleged herein was, a resident of Constantine, Michigan and over the age of eighteen (18) years.  Ms. Mcleroy has a large family.  She strives to find food products that are healthy, free of artificial and synthetic ingredients, are without preservatives, are high in protein, and are non-GMO for herself and her family.  Ms. Mcleroy was exposed to each of the Claims that were prominently displayed on the package of the products she purchased and in Kodiak Cakes' marketing and advertising.  Based upon Kodiak Cakes' representations about the Products, Ms. Mcleroy reasonably expected that the products she purchased would not contain non-functional slack fill and that the Claims about the products were true.  Ms. Mcleroy reasonably relied on each of Kodiak Cakes' representations when making the decision to purchase the Kodiak Cakes' products she did, and was actually deceived.  As a result of Kodiak Cakes' actions, Ms. Mcleroy lost money and suffered injury in fact.

47.    Ms. Mcleroy purchased the following Kodiak Cakes' products over the past several years: Buttermilk Flapjack and Waffle Mix, Blueberry Muffin Mix, Cornbread Mix, Frozen Blueberry Power Waffles, Frozen Power Waffles

-17-

Homestead Style, the following Kodiak Cups: Chocolate Chip Muffin, Cornbread, Blueberry Muffin.

### *Plaintiff Robert Riddell (Michigan)*

48.     Plaintiff Robert Riddell is, and at all relevant times alleged herein was, a resident of Honor, Michigan and over the age of eighteen (18) years.  Mr. Riddell strives to find food products that are healthy, free of artificial and synthetic ingredients, are without preservatives, are high in protein, and are non-GMO.  Mr. Riddell was exposed to each of the Claims that were prominently displayed on the package of the products he purchased and in Kodiak Cakes' marketing and advertising.  Based upon Kodiak Cakes' representations about the Products, Mr. Riddell reasonably expected that the products he purchased would not contain non-functional slack fill and that the Claims about the products were true.  Mr. Riddell reasonably relied on each of Kodiak Cakes representations when making the decision to purchase the Kodiak Cakes products he did, and was actually deceived. As a result of Kodiak Cakes' actions, Mr. Riddell lost money and suffered injury in fact.

49.     Mr. Riddell purchased several of the flapjack and waffle mixes of different flavors as well as Kodiak Cakes' frozen waffles and flapjacks over the past several years in various stores in Michigan.

### *Plaintiff Robin Curless (Missouri)*

50.     Plaintiff Robin Curless is, and at all relevant times alleged herein was, a resident of Missouri and over the age of eighteen (18) years.  Ms. Curless strives to find food products that are healthy, free of artificial and synthetic ingredients, are without preservatives, are high in protein, and are non-GMO.  Ms. Curless was exposed to each of the Claims that were prominently displayed on the package of the products she purchased and in Kodiak Cakes' marketing and advertising.  Based upon Kodiak Cakes' representations about the Products, Ms. Curless reasonably expected that the products she purchased would not contain non-functional slack fill

-18-

and that the Claims about the products were true. Ms. Curless reasonably relied on each of Kodiak Cakes representations when making the decision to purchase the Kodiak Cakes products she did, and was actually deceived. As a result of Kodiak Cakes' actions, Ms. Curless lost money and suffered injury in fact.

51.    Ms. Curless purchased the following Kodiak Cakes products over the past several years: Buttermilk Flapjack and Waffle Mix, Chocolate Chip Flapjack and Waffle Mix, Peanut Butter Flapjack and Waffle Mix, Chocolate Chip Muffin Mix, Blueberry Muffin Mix, Blueberry Lemon Muffin Mix, Double Dark Chocolate Muffin Mix, Chocolate Fudge Brownie Mix, Triple Chocolate Brownie Mix, Double Dark Chocolate Brownie Mix, Frozen Power Waffles in the following flavors: Buttermilk & Vanilla, Chocolate Chip, Homestead Style, Dark Chocolate, Frozen Buttermilk Power Flapjacks, the following flavors of Kodiak Cups: Chocolate Chip Muffin, Peanut Butter Chocolate Chip Oatmeal, Buttermilk & Maple Flapjack, Chocolate Fudge Brownie, Rocky Road Brownie, Double Dark Chocolate Muffin, Blueberry Muffin.

### *Plaintiff Danielle Arno (New Jersey)*

52.    Plaintiff Danielle Arno is, and at all relevant times alleged herein was, a resident of New Jersey and over the age of eighteen (18) years. Ms. Arno strives to find food products that are healthy, free of artificial and synthetic ingredients, are without preservatives, are high in protein, and are non-GMO. Ms. Arno was exposed to each of the Claims that were prominently displayed on the package of the products she purchased and in Kodiak Cakes' marketing and advertising. Based upon Kodiak Cakes' representations about the Products, Ms. Arno reasonably expected that the products she purchased would not contain non-functional slack fill and that the Claims about the products were true. Ms. Arno reasonably relied on each of Kodiak Cakes representations when making the decision to purchase the Kodiak Cakes products she did, and was actually deceived. As a result of Kodiak Cakes' actions, Ms. Arno lost money and suffered injury in fact.

53.     Ms. Arno purchased the following Kodiak Cakes products over the past several years: Buttermilk Flapjack and Waffle Mix, Chocolate Chip Flapjack and Waffle Mix, Dark Chocolate Flapjack and Waffle Mix, Chocolate Chip Muffin Mix, Blueberry Muffin Mix, Chocolate Fudge Brownie Mix, Chocolate Chip Blondie Brownie Mix, Frozen Blueberry Power Waffles, Frozen Buttermilk & Vanilla Power Waffles, Frozen Chocolate Chip Power Waffles, Frozen Homestead Style Power Waffles, Frozen Dark Chocolate Power Waffles, Bear Bites (Chocolate, Graham, and Cinnamon flavors).

### ***Plaintiff Vicki Siverling (New York)***

54.     Plaintiff Vicki Siverling is, and at all relevant times alleged herein was, a resident of New York and over the age of eighteen (18) years.  Ms. Siverling is an athlete and she practices eating a "clean" diet and tries to achieve a diet high in protein.  Consistent with her interests and needs, she strives to find food products that are healthy, free of artificial and synthetic ingredients, are without preservatives, are high in or constitute an essential source of protein, and are non-GMO.  Ms. Siverling was exposed to each of the Claims that were prominently displayed on the package of the products she purchased and in Kodiak Cakes' marketing and advertising.  Based upon Kodiak Cakes' representations about the Products, Ms. Siverling reasonably expected that the products she purchased would not contain non-functional slack fill and that the Claims about the products were true.  Ms. Siverling reasonably relied on each of Kodiak Cakes representations when making the decision to purchase the Kodiak Cakes products she did, and was actually deceived.  As a result of Kodiak Cakes' actions, Ms. Siverling lost money and suffered injury in fact.

55.     Ms. Siverling purchased the following Kodiak Cakes products over the past several years: Buttermilk Flapjack and Waffle Mix, Almond Poppyseed Flapjack and Waffle Mix, Chocolate Chip Flapjack and Waffle Mix, Dark Chocolate Flapjack and Waffle Mix, Frontier Cakes Whole Wheat & Honey Flapjack and

Waffle Mix, Chocolate Chip Muffin Mix, Blueberry Muffin Mix, Double Dark Chocolate Muffin Mix, Chocolate Chip Oatmeal Cookie Mix, Frozen Buttermilk & Vanilla Power Waffles, Frozen Cinnamon Power Waffles, Frozen Chocolate Chip Power Waffles, Frozen Homestead Style Power Waffles, Frozen Dark Chocolate Power Waffles, Frozen Buttermilk Power Flapjacks, the following Kodiak Cups: Chocolate Chip Muffin, Buttermilk & Maple Flapjack, Chocolate Fudge Brownie, Almond Poppy Seed Muffin, Apple Cinnamon Muffin, Chocolate Chip Oatmeal.

### *Plaintiff Harry Malakoff (New York)*

56.     Plaintiff Harry Malakoff is, and at all relevant times alleged herein was, a resident of New York and over the age of eighteen (18) years.  Mr. Malakoff strives to find food products that are healthy, free of artificial and synthetic ingredients, are without preservatives, are high in or constitute an essential source of protein, and are non-GMO.   Mr. Malakoff was exposed to each of the Claims that were prominently displayed on the package of the products he purchased and in Kodiak Cakes' marketing and advertising.  Based upon Kodiak Cakes' representations about the Products, Mr. Malakoff reasonably expected that the products he purchased would not contain non-functional slack fill and that the Claims about the products were true.  Mr. Malakoff reasonably relied on each of Kodiak Cakes representations when making the decision to purchase the Kodiak Cakes products he did, and was actually deceived.  As a result of Kodiak Cakes' actions, Mr. Malakoff lost money and suffered injury in fact.

57.     Mr. Malakoff purchased the following Kodiak Cakes products over the past several years: Buttermilk Flapjack and Waffle Mix and Frozen Buttermilk Flapjacks.

### *Plaintiff Michael Smith (Washington)*

58.     Plaintiff Michael Smith is, and at all relevant times alleged herein was, a resident of Washington and over the age of eighteen (18) years.   Mr. Smith is active, enjoys the outdoors, and likes to mountain bike to stay fit.  Consistent with

-21-

his interests, Mr. Smith strives to find food products that are healthy, free of artificial and synthetic ingredients, are without preservatives, are high in or constitute an essential source of protein, and are non-GMO.  Mr. Smith was exposed to each of the Claims that were prominently displayed on the package of the products he purchased and in Kodiak Cakes' marketing and advertising.  Based upon Kodiak Cakes' representations about the Products, Mr. Smith reasonably expected that the products he purchased would not contain non-functional slack fill and that the Claims about the products were true.  Mr. Smith reasonably relied on each of Kodiak Cakes representations when making the decision to purchase the Kodiak Cakes products he did, and was actually deceived.  As a result of Kodiak Cakes' actions, Mr. Smith lost money and suffered injury in fact.

59.     Mr. Smith purchased the following Kodiak Cakes products over the past several years: Buttermilk Flapjack and Waffle Mix, All-Purpose Mix, Kodiak Cup Blueberry Muffin, Kodiak Cup Caramel Oatmeal.

### ***Plaintiff Tracy Hall (Washington)***

60.     Plaintiff Tracy Hall is, and at all relevant times alleged herein was, a resident of Blaine, Washington and over the age of eighteen (18) years.  Ms. Hall is a cancer survivor.  Because of her health history, it is important that Ms. Hall find food products that are healthy, free of artificial and synthetic ingredients, are without preservatives, are high in or constitute an essential source of protein, and are non-GMO.  Ms. Hall was exposed to each of the Claims that were prominently displayed on the package of the products she purchased and in Kodiak Cakes' marketing and advertising.  Based upon Kodiak Cakes' representations about the Products, Ms. Hall reasonably expected that the products she purchased would not contain non-functional slack fill and that the Claims about the products were true.  Ms. Hall reasonably relied on each of Kodiak Cakes representations when making the decision to purchase the Kodiak Cakes products she did, and was actually deceived.

/ / /

-22-

As a result of Kodiak Cakes' actions, Ms. Hall lost money and suffered injury in fact.

61.     Ms. Hall purchased the following Kodiak Cakes products over the past several years at various stores including Grocery Outlet, Safeway, and Trader Joe's: Buttermilk Flapjack and Waffle Mix, Blueberry Muffin Mix, Brownie Mix, Dark Chocolate Power Cakes, Peanut Butter Power Cakes, the following Kodiak Cups: Blueberry Muffin, Chocolate Muffin, Maple & Brown Sugar.

62.     Each time Plaintiffs purchased the Slack Fill Products they were unable to view the amount of product inside the opaque box.  Thus, each of the Plaintiffs believed that the package contained substantially more mix inside than it actually did.  Upon opening the box, each of the Plaintiffs reasonably believed that the empty space they observed served a functional or lawful purpose.  But there is no functional purpose for the slack fill and, therefore, each of the Plaintiffs were actually deceived. If Plaintiffs would have known that the package was filled less than capacity and/or that there was no functional or lawful purpose for the empty space inside the box, none of the Plaintiffs would have purchased the Slack Fill Products or, alternatively, each of the Plaintiffs would have paid less for the Slack Fill Products.  Accordingly, each of the Plaintiffs were overcharged, did not receive the benefit of the bargain and/or suffered out-of-pocket loss.  Thus, each of the Plaintiffs were injured in fact and lost money as a result of Kodiak Cakes' improper conduct.

63.     When purchasing Kodiak Cakes Products, each of the Plaintiffs were exposed to, read and relied upon each of the following claims that were prominently displayed on the outer label of the packaging of the  Kodiak Cakes' products they purchased:  (i)that these products were  "protein-packed,"(ii)  contained  "no preservatives," (iii) were "free of artificial additives," (iv) were "non-GMO" and (v) were "nourishing."

64.     Each of the Plaintiffs were also exposed to, read, and relied upon the Claims  made  about  these  Products  through  Kodiak  Cakes'  advertising  and

marketing.  This advertising and marketing included statements made on Kodiak Cakes' online store, on Kodiak Cakes' social media profiles on Instagram and Facebook, on the Kodiak Cakes website and blog, on Amazon and/or on the *Shark Tank* episode that aired on ABC.  (*See, e.g.,* **Figures 3 and 4**.)

***Figure 3 – Example of Online Marketing re "Healthy" and "Protein-Packed" on Kodiak Cakes' Online Store***

**Description:**
Kodiak Cakes Double Dark Chocolate Muffin Mix balances nutrition with the rich flavor of cocoa and semisweet chocolate chips. This easy-to-prepare muffin mix creates a moist, delicious, and healthy muffin you'll be glad you baked after you finish a tough workout or busy morning at the office. Crafted from all-natural ingredients and 100% whole grains, each protein-packed muffin is a nourishing treat you can feel good about indulging in.

***Figure 4 – Example of Online Marketing re "Healthy," "Non-GMO" and "No-Preservatives" on Kodiak Cakes' Online Store***

**Features:**
- Made with 100% whole grains for a healthy end to your day
- Three types of chocolate for a deep, rich flavor
- Non-GMO ingredients
- Made with freshly ground grains and no preservatives
- 12 servings per box

65.   Because of Plaintiffs' exposure to the Claims, each time Plaintiffs purchased the Kodiak Cakes' products they did, each of the Plaintiffs reasonably

believed that Kodiak Cakes' products did in fact have the claimed characteristics as labeled and advertised.

66.     Each of the Plaintiffs relied on each of these misrepresentations alleged herein in making their decision to purchase the products and they would not have purchased Kodiak Cakes' products if they had known the Products did not in fact have the claimed characteristics.  Plaintiffs were injured in fact and lost money as a result of Kodiak Cakes' improper conduct.

67.     Alternatively, each of the Plaintiffs would not have paid as much as they did for Kodiak Cakes' products if they had known they did not in fact have the claimed characteristics.  Plaintiffs were injured in fact and lost money as a result of Kodiak Cakes' improper conduct.

68.     Therefore, each of the Plaintiffs have suffered injury in fact and have standing to represent consumers that purchased sufficiently similar products that suffer from the same misrepresentations as the Kodiak Cakes' products Plaintiffs purchased.

### ***Defendant Kodiak Cakes***

69.     Plaintiffs are informed and, on that basis, believe that Defendant Kodiak Cakes is a privately held limited liability company established under the laws of Delaware, with its principal place of business located in Park City, Utah. Kodiak Cakes manufactures, markets and sells Kodiak Cakes products throughout the United States, including the States of California, Colorado, Connecticut, Florida, Illinois, Massachusetts, Michigan, Missouri, New Jersey, New York, and Washington.

70.     Kodiak Cakes' first product to be marketed was the Frontier Flapjack and Waffle Mix.  In 1995, the product was first sold to local gift shops and stores in ski towns like Park City, Utah and Sun Valley, Idaho.  Over nearly the next two decades, Kodiak Cakes slowly increased its product line, its brand exposure and sales of its products.  In November 2011, Kodiak Cakes landed a sales deal with the

store Target.  Initially, Target was merely testing Kodiak Cakes flapjack and waffle mixes in about 40 stores across the nation.  However, by the following year, Kodiak Cakes could be found in all Target stores.

71.    Still, it was not until April 2014 when Kodiak Cakes was featured on ABC's hit television show *Shark Tank* that Kodiak Cakes sales really began to excel. After *Shark Tank* aired, Kodiak Cakes products sold out at Target and Target introduced additional products from the Kodiak Cakes product line into its stores.  Sales rose from $3.6 million in 2013 to $6.7 million in 2014.[3]  In 2014, Kodiak Cakes Buttermilk Power Cakes became "the #1 selling pancake mix in the nation by September of that year."[4]

72.    Thereafter, Kodiak Cakes continued to see rapid revenue growth.  Sales rose from $6.7 million in 2015, to $16.5 million in 2016, to over $50 million in 2017 and a projection of $100 million in 2018.[5]

73.    In 2018, co-founder Joel Clark declared that Kodiak Cakes is "now the no. 1 best-selling pancake mix brand with a 54 percent category share, beating out big names like Aunt Jemima, and Bisquick."[6]

74.    Today, Kodiak Cakes is self-proclaimed as the "the best-selling pancake brand in its industry."[7]  It is an official food of Weight Watchers, Diabetic

---

3 Emily Canal, *This Startup Didn't Get a Deal on 'Shark Tank,' and That Helped Save It From Bankruptcy*, Inc.com (Apr. 3, 2018) *available at* https://www.inc.com/emily-canal/kodiak-cakes-shark-tank.html; *see also* https://www.cnbc.com/2018/08/08/how-kodiak-cakes-pancake-mix-became-a-bestseller-at-target.html (Kodiak Cakes did $3.5 million in sales in 2013).
4 https://kodiakcakes.com/bear-together/no-noise-pancakes-til-now/ (lasted visited, October 2, 2019.)
5 *Id.; see also* Stephen Bronner, *This Entrepreneur Almost Quit Multiple Times, But After Appearing on 'Shark Tank' He Now Has a $100 Million Business* (May 7, 2018) *available at* https://www.entrepreneur.com/article/312400
6 Sarah Berger, *This family business was a 'Shark Tank' reject — now it's bringing in $100 million a year with the best-selling pancake mix at Target*, *available at* https://www.cnbc.com/2018/08/08/how-kodiak-cakes-pancake-mix-became-a-bestseller-at-target.html
7 https://kodiakcakes.com/bear-together/it-all-started-with-a-little-red-wagon/ (last visited, October 2, 2019.)

Living, and Shape Magazine.[8]  On Amazon, Kodiak Cakes boasts a no. 2 ranking in the fresh bakery breads category, and a no. 8 ranking in the pancakes and waffles mixes category.[9]

75.    Despite its success, this is not the first time Kodiak Cakes has been in violation of labeling laws.  Kodiak Cakes has misled and deceived its consumers before.  In March 2018, Kodiak Cakes recalled its Blueberry Chia Energy Waffles because it had failed to disclose that the product contained milk, which posed the risk of serious or life-threatening allergic reactions to consumers of this product that had an allergy or sensitivity to milk.[10]  The improper labeling was discovered when a consumer notified Kodiak Cakes that a family member had a reaction to the product and that "milk" was not included in the allergen statement.[11]  The product was recalled in March 2018.

76.    At all times relevant herein, Kodiak Cakes and its subsidiaries, parents, affiliates, and other related entities, as well as their respective employees, were the agents, servants and employees of Kodiak Cakes, and at all times relevant herein, each were acting within the course and scope of that agency and employment.

77.    Whenever reference in this First Amended Class Action Complaint is made to any act by Kodiak Cakes or its subsidiaries, affiliates, distributors, retailers, and other related entities, such allegation shall be deemed to mean that the principals, officers, directors, employees, agents, and/or representatives of Kodiak Cakes committed, knew of, performed, authorized, ratified, and/or directed that act or transaction on behalf of Kodiak Cakes while actively engaged in the scope of their duties.

---

8 Steven Khan, *Kodiak Cakes Update: What Happened After Shark Tank*, Gazette Review (Dec. 5, 2016) *available at https://gazettereview.com/2016/06/kodiak-cakes-update-shark-tank/*
9 *Supra,* note 6.
10 *https://www.fda.gov/safety/recalls-market-withdrawals-safety-alerts/kodiak-cakes-issues-allergy-alert-undeclared-milk-kodiak-cakes-blueberry-chia-energy-waffles-1072-oz*
11 *Id.*

-27-

### III

### <u>JURISDICTION AND VENUE</u>

78.   This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because this is a class action in which: (1) there are over 100 members in the proposed class; (2) members of the proposed class have a different citizenship from Kodiak Cakes; and (3) the claims of the proposed class members exceed $5,000,000 in the aggregate, exclusive of interests and costs.

79.   Alternatively, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the action is between citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

80.   This Court has personal jurisdiction because Kodiak Cakes' contacts with the forum are continuous and substantial, and Defendant intentionally availed itself of the markets within California through its sales of its Kodiak Cakes' products to consumers, including Plaintiffs.  Moreover, Kodiak Cakes directed its advertising and marketing efforts to California, including having its directors and officers fly to California to be featured on the television show *Shark Tank*.  Additionally, Kodiak Cakes has consented to personal jurisdiction in this Court.

81.   Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Kodiak Cakes engages in continuous and systematic business activities within the State of California.  Moreover, because a substantial portion of the underlying transactions and events complained of herein occurred and affected persons and entities are located in this judicial district, and Kodiak Cakes has received substantial compensation from such transactions and business activity in this judicial district, including as the result of purchases of Kodiak Cakes products.  Further, Kodiak Cakes products inhabit and/or may be found in this judicial district, and the interstate trade and commerce described herein is and has been carried out in part within this judicial district.

## IV

## **GENERAL ALLEGATIONS – NON-FUNCTIONAL SLACK FILL**

82.    Under federal law and various state laws, a container that does not allow the consumer to fully view its contents is misleading if it contains non-functional slack fill.  Slack fill is the difference between the actual capacity of a container and the volume of product contained therein.

83.    Kodiak Cakes utilizes this false and misleading slack fill practice to deceive consumers into believing that its products have qualities and quantities that they do not have.  Kodiak Cakes utilizes this practice by concealing the Slack Fill Products in the form of powder within an entirely opaque cardboard-type box so that the consumer is unable to see any part of the actual amount of the contents within the package. Only when the consumer opens the package will they find a plastic pouch inside with the actual mix comprising less than half, and in many instances only 1/3, of the size of the box.

84.    The slack fill in Kodiak Cakes Slack Fill Products has no functional purpose.  None of the functional purposes identified in federal and state laws apply because:

      i.   The Slack Fill Products are in a powdered form that do not need slack fill to protect the contents;

      ii.   The slack fill is not required by the machines to enclose the contents of the product;

      iii.   The slack fill is not the unavoidable product settling during shipping and handling as it is much too large;

      iv.   The oversized package container is not required to provide adequate space for mandatory and necessary labeling by law;

      v.   The box is not needed to prevent theft or accommodate tampering resistant devices;

      vi.   Consumers do not mix, add, shake or dispense liquids into the

-29-

Slack Fill Products at issue such that slack fill is necessary; and

vii.  No other safe harbor provision or exception applies.

85.  Differences across Kodiak Cakes' own product line of Slack Fill Products demonstrates that there can be no functional purpose for the empty space within the packages.  In the same size box, Kodiak sells as much as 24 ounces and as little as 12.7 ounces, with no plausible explanation for the difference in the amounts while maintaining the same size box.  This is as much as a 50% difference in fill across Kodiak Cakes' very own products.

86.  Moreover, competitor pancake, waffle and baking mixes in similar size boxes (and sometimes even *slightly smaller* boxes) contain *significantly more product* inside the package that Kodiak Cakes' Slack Fill Products.  Side-by-side, Kodiak Cakes' Slack Fill Products can appear to be identical in size to the comparable packages made by other manufacturers, leading consumers to the reasonable assumption that the Slack Fill Products contain the same amount of mix. But in fact, the Kodiak Cakes Slack Fill Products contain less product than the comparable boxes (and sometimes even slightly *smaller* competitor packages) made by other manufacturers.  (*See* **Figure 5** - Kodiak (12.7oz of product) v. Krusteaz (32oz of product).)

*Figure 5 - Kodiak (12.7oz of product) v. Krusteaz (32oz of product)*



87.    Kodiak Cakes knows, or should reasonably know, that consumers like Plaintiffs and the putative class, reasonably rely on the size of the packaging in purchasing its Slack Fill Products and would reasonably believe that the packaging contains much more mix than it actually does.

88.    In reasonable reliance on the size of the packaging, Plaintiffs and the putative class members purchased the Slack Fill Products.

89.    Plaintiffs and all consumers do not know, did not know and had/have no reason to know that the Kodiak Cakes' box contains a significant amount of empty, non-functional space, because the box is entirely opaque with no view of the contents inside at the time of purchase.  A reasonable consumer cannot accurately determine the fill of the Slack Fill Products before purchase.

90.    Even upon opening the package, Plaintiffs and the reasonable consumer do not know, did not know and had/have no reason to know that any empty space inside the package failed to serve a functional purpose.  That is – Plaintiffs and the reasonable consumer were misled into believing that Kodiak Cakes' packaging was lawful and there was a *functional reason* for any empty space inside the box that they observed.  But there was not, and Plaintiffs and the reasonable consumer continued to be misled by Kodiak Cakes' unlawful packaging practices upon each purchase of the Slack Fill Products, whether successive purchase of the same Slack Fill Product or different Slack Fill Product.

91.    To this day, Kodiak Cakes continues to sell its Slack Fill Products in this deceptive slack fill box.  Each consumer that purchases the Slack Fill Products is exposed to Kodiak Cakes' uniform practice of filling and packaging its Slack Fill Products in this deceptive manner and Kodiak Cakes continues mislead and cheat its consumers.

92.    If Plaintiffs and the putative class knew the misleading fill inside the Slack Fill Products and/or that there was no functional purpose for any empty space they observed upon opening, they would not have purchased the products or would

have only purchased them for less than they paid.  Therefore, Plaintiffs and other consumers purchasing the Slack Fill Products suffered injury in fact and lost money as a result of Kodiak Cakes' false, unfair, and fraudulent practices, as described herein.

**IV**

**GENERAL ALLEGATIONS – DECEPTIVE MARKETING CLAIMS**

93.    The consumer market is increasingly demanding greater transparency into the products they purchase.  Consumers want to know exactly what their products are made from and consist of.  This trend has been attributed to a multitude of factors including environmental awareness, Millennial trends, and an improving health and wellness education.[12]

94.    Research has shown that several health and nutrition claims relating to food products contribute to consumers' purchase decisions.  According to FMI's 2015 US Grocery Shopper Trends, consumers look at many data points related to health, nutrition and wellness.  This report found that the average consumer seeks 5.4 nutritional claims on the front of the package when purchasing a food product.[13]

95.    A 2018 survey of nearly 1,600 consumers found that consumers (1) look for nuanced claims that communicate specific attributes related to health and wellness, ethics, and the environment, (2) want their food to have an increasingly wide range of benefits, and (3) will pay more for food that delivers the benefits it claims.[14]

96.    Kodiak Cakes has capitalized on this marketing concept.  Kodiak Cakes focuses on three (3) main categories of claims when targeting consumers: Natural

---

[12] Shovanna Delventhal, *Study Shows Surge in Demand for 'Natural' Products* (Updated Feb. 23, 2017) *available at https://www.investopedia.com/articles/investing/022217/study-shows-surge-demand-natural-products.asp*
[13] *https://www2.deloitte.com/us/en/pages/consumer-business/articles/us-food-industry-consumer-trends-report.html* (citing FMI US Grocery Shopper Trends, 2015).
[14] *https://www.lek.com/insights/ei/next-generation-mindful-food-consumption*

-32-

Claims, Health Claims and Nutrient Claims.

## NATURAL CLAIMS

97.    Kodiak Cakes makes three primary "Natural Claims" with respect to their products: "Free of Artificial Additives," "No Preservatives" and "Non-GMO."

98.    There is a strong consumer demand for products that do not contain any artificial or synthetic ingredients and have no preservatives.   Recent consumer reports show that consumers are now looking beyond general claims of "all natural" to more specifically looking for products that are free of added chemicals and preservatives.[15]   For example, L.E.K.'s 2018 survey indicated that "no artificial ingredients or preservatives" are the "two most sought-after claims."[16]

99.    Plaintiffs   and   the   reasonable   consumer   understand   that   the representation that a product is "free of artificial additives" and contains "no preservatives" means that none of its ingredients are non-natural, synthetic, artificial, or chemical preservatives.

100.    This understanding comports with the FDA's policy of defining natural to mean "that nothing artificial or synthetic ... has been included in, or has been added to, a food that would not normally be expected to be in the food."  *See* 58 Fed. Reg. 2302, 2407 (Jan. 6, 1993).

101.    In a November 16, 2011 Warning Letter to Alexia Foods, Inc., the FDA concluded that use of the term "All Natural" on a product label that contains a synthetic chemical preservative is false and misleading, and therefore misbranded.[17]

102.    In a December 2014 letter to Consumers Union, the FDA's Acting Director reaffirmed this policy as to the term "all-natural" and stated that "FDA agrees that the use of the word 'natural' on products that contain any artificial

---

15 *See id.*
16 *Id.*
17 FDA Warning Ltr from Michael W. Roosevelt to Alexia Foods, Inc. (Dept. of Health and Human Serv. Nov. 16, 2011)

ingredients is inappropriate." (emphasis added).[18]

103.   The plain meaning of the term "all natural" is also consistent with this common understanding of "being or composed of ingredients that are from nature and not artificial."[19]

104.   Furthermore, use of the words "all" and "free of" and "no" denotes to Plaintiffs and the reasonable consumer that the whole amount of the product is with or without the claimed quality.[20]   Thus, the combined use of the terms "Free of Artificial Additives" and "No Preservatives" indicates to Plaintiffs and to the reasonable consumer that the whole extent or quantity of the ingredients contained in Kodiak Cakes products do not contain any substances that are artificial or synthetic or are preservatives.  Thus, by making these claims, Kodiak Cakes has warranted and represented to consumers that its Kodiak Cakes' products do not simply contain non-artificial ingredients but that the product contains *only* natural ingredients, and that none of the components of these products are artificial, synthetic or chemical preservatives.

105.   The claims "Free of Artificial Additives" and "No Preservatives" affected the purchasing decision of Plaintiffs and affect the purchasing decisions of the reasonable consumer.  For the past several years, sales of natural food products have been seen to greatly outpace sales of conventional products on a national scale.[21]   Reports have shown that for the year ending May 20, 2018, overall sales growth for food and beverages increased by 0.6 percent, but sales growth for natural food and beverages alone was 9 percent.[22] This same result was seen in the Mid-

---

18 Ltr. From Philip C. Spiller to Consumers Union/ Consumer Reports (Dept. of Health & Human Serv., dated Dec. 11, 2014)
19 *https://www.merriam-webster.com/dictionary/all-natural*
20 *See, e.g., https://www.merriam-webster.com/dictionary/all* (defining "all" as "the whole amount, quantity, or extent of;" "every member or individual component of;" "every member or individual component of."
21 *https://www.newhope.com/market-data-and-analysis/every-us-region-seeing-serious-growth-natural-food-and-beverage-sales*
22 *Id.*

South region of the country with overall product growth at 1.7 percent with sales growth for natural food and beverages alone at 9.3 percent.[23]

106.   A 2016 study by Kline Research suggested a growing number of consumers are choosing to pay a premium for products that are natural or that they "perceive to be natural."[24]  Kline found that products in the "truly natural category" saw tripled in growth rates in recent years.[25]

107.   Similarly, in 2017, Roman et al. published the results from a systematic review of the literature on consumers' perceived importance of food naturalness. Based on their scientific review of 72 studies conducted in 32 countries involving 85,348 consumers, the authors found that "independent of the country and the year of the study, naturalness was considerably important for consumers," and "for the majority of consumers in developed countries, naturalness in food products is important." According to the authors, "[i]t is important to realize that consumers' perceptions of a food product not only influence the willingness to buy it, but also the sensory experience of that product as well [as] other properties related to it" and therefore, "the food industry needs to develop foods that are perceived as natural and as a result evoke positive thoughts consumers associate with natural foods."[26]

108.   The same consumer trend exists as it relates to foods that are non-GMO. Consumer research firm Nielsen reported that sales of food labeled "non-GMO" grew by more than $8 billion from 2012 to 2016, reaching nearly $21.1 billion in total sales.[27]

109.   In 2016, a Nielsen research report concluded that preservatives (62%) and genetically modified organisms (GMOs, 54%) were among the top list of

---

23 *Id.*
24 *Supra*, note 12.
25 *Id.*
26 *Supra*, note 24.
27 *http://foodsafety.merieuxnutrisciences.com/2017/03/07/insight-non-gmo-claim-market-trends/*

-35-

ingredients that consumers around the world try to avoid.[28]  Other findings from this report conclude that 75% of consumers around the globe say they are worried about the long-term impact of artificial ingredients and will seek to avoid products that contain them.[29]

110.   A non-GMO market insight report released by Mintel in February 2017 states 34% of Baby Boomers and 29% of Millennials surveyed actively avoid genetically modified foods in their diet, demonstrating that consumer preference for non-GMO foods spans generations.

111.   Kodiak Cakes knows that consumer demand for "natural" products that do not contain artificial or synthetic substances or chemical preservatives is great and growing.  Kodiak Cakes has intentionally utilized the claims "free of artificial additives," "no preservatives" and "non-GMO" claims on each product label and in its marketing and advertising materials to take advantage of this trend.  These claims are material and central to each of the Kodiak Cakes products in this action.  (*See* **Ex. A, Per-Product Misrepresentation Chart**.)

112.   Kodiak Cakes has misrepresented its products through the "Natural Claims" since its inception.  The marketing platform for Kodiak Cakes' products rests upon nature and compares the company's products to the pioneer days where "lumberjacks and pioneers relied on food packed with protein and essential nutrients to get them through the long days on the frontier."[30]  Kodiak Cakes, the company proclaims, is "Nourishment for Today's Frontier."  This has become the company's main slogan.

113.   Early packaging of Kodiak Cakes products displayed the "All-Natural" claim prominently displayed on the front of the package.

/ / /

---

28 *https://www.nielsen.com/us/en/insights/article/2016/reaching-for-real-ingredients-avoiding-the-artificial/*
29 *See id.*
30 Kodiak Cakes Package Claim.

-36-

114.   When Kodiak Cakes aired on ABC's television show, *Shark Tank* – which was the marketing turning point for the company – Kodiak Cakes brought this misrepresentation to the forefront of its marketing on the show.   The company described itself as creating "***all natural*** products that taste amazing" and warranted that "You and your kids will love our whole grain and ***all natural*** products." (Emphasis added.)   The *Shark Tank* episode, which marked a milestone in Kodiak Cakes' success, and aired across the nation, rested upon this material misrepresentation concerning Kodiak Cakes' products. (*See* **Figure** 6 – Description from *Shark Tank* Episode.)

*Figure 6 -Description from Shark Tank Episode*



115.   Kodiak Cakes has stayed abreast of consumer market trends and has more recently transformed its more general "All-Natural" claim to specific claims that its products are "Free of Artificial Additives," have "No Preservatives" and are "Non-GMO."   For example, the package of each of Kodiak Cakes' baking mixings in **bold** letters, Kodiak Cakes represents "***In our [baking] mix, we use only 100% whole grains that are non-GMO and free of preservatives and artificial additives because to us, simple food is better.***"   (Emphasis in original). / / /

-37-

116. In addition, Kodiak Cakes has focused on its claim of "No Preservatives" to drive consumer sales of its products.  For example, Kodiak Cakes sets itself apart from other manufacturers of frozen food products claiming that its frozen Power Waffles "**are made with only non-GMO ingredients and zero preservatives**."  (Emphasis added.) (*See* **Figure 7** – Example of Marketing Frozen Waffles.)

*Figure 7 – Example of Kodiak Cakes' Marketing of Frozen Waffles*

## WHOLESOME

There are a lot of misconceptions surrounding frozen foods. One of them being that any frozen food item must be loaded with cheap fillers and preservatives. While that certainly is true of many food items you'll find in the frozen aisle, that isn't the case with Kodiak Cakes Power Waffles. In fact, our toaster waffles – like all of our products – are made with only non-GMO ingredients and zero preservatives. So, not only are you getting all the benefits of protein and whole grains, but you can also feel better about what you're eating because they're made with the same simple ingredients you'll find in our flapjack and waffle mixes and baking mixes.

117. Many of Kodiak Cakes' products also state directly on the side label of the package that the products are "Made with freshly-ground whole grains ***and no preservatives***."  The back panel of many of the baking mixes also claims that the products "are ***non-GMO*** and ***free of preservatives and artificial additives*** because, to us, simple food is better."

118. Every Kodiak Cakes product prominently displays "**non-GMO**" on the package in multiple locations and it has become one of the key claims that appear as

-38-

a descriptor of the product in nearly every advertisement for the products.  (*See, e.g.*

**Figure 8** – Example of "Non-GMO" Claim on Packaging.)

*Figure 8 – Example of Prominence of "Non-GMO" Claim on Packaging*



119.   Despite Kodiak Cakes' Natural Claims—which are the bedrock of its marketing and advertising—each one of Kodiak Cakes' products contain one or more of the following non-natural, synthetic and/or artificial substances:

- monocalcium phosphate,
- sodium bicarbonate,
- sodium acid pyrophosphate ("SAPP")[31],
- citric acid,
- xanthan gum and potentially others.

120.   In addition, several of Kodiak Cakes' products that claim to be non-GMO contain ingredients that are genetically modified including but not limited to soy lecithin, soy protein, and corn starch.

121.   Plaintiffs are informed, and on that basis, allege/believe that when used in Kodiak Cakes' products, these ingredients are synthesized, and Kodiak Cakes

---

31 SAPP is also commonly referred to as disodium dihydrogen pyrophosphate.

utilizes the synthesized form of these substances.

122.   In addition, federal regulations recognize SAPP, citric acid and xanthan gum as synthetic substances.[32]

123.   The FDA has also confirmed that SAPP is a "chemical preservative" and further explained its reasoning as to why calling a food "All Natural" when it contained SAPP was false and misleading:

> "FDA considers use of the term 'natural' on a food label to be truthful and nonmisleading when "nothing artificial or synthetic…has been included in, or has been added to, a food that would not normally be expected to be in the food.' [58 FR 2302, 2407, January 6, 1993]. . . Your product contains disodium dihydrogen pyrophosphate [SAPP], which is a synthetic chemical preservative. Because your products contain this synthetic ingredient, the use of the claim 'All Natural' on this product label is false and misleading, and therefore your product is misbranded under section 403(a)(1) of the Act."

(*See* **Exhibit C**.)

124.   Citric acid is also synthetic substance.  Plaintiffs are informed and, on that basis, believe that citric acid is not extracted from citrus fruits, but industrially manufactured.  Plaintiffs are informed and, on that basis, believe that Kodiak Cakes utilizes industrially manufactured citric acid in its Kodiak Cakes products.

125.   As a result of the presence of these preservatives and artificial and synthetic ingredients in Kodiak Cakes' products, Kodiak Cakes' Natural Claims are false, deceptive, and misleading.

126.   Plaintiffs and reasonable consumers have been misled by Kodiak Cakes' false and misleading representations.

## **PROTEIN-PACKED**

127.   Another seminal slogan for Kodiak Cakes' products is that the products are "Protein-Packed."  Kodiak Cakes' prominently displays this claim on the outside of all of its Kodiak Cakes' product packaging and "Protein-Packed" is widespread

---

32 *See* 7 C.F.R. § 205.605(b).

through all of its marketing and advertising.  Given this widespread use, Plaintiffs and all consumers that purchase Kodiak Cakes' products are exposed to this claim and necessarily rely upon it in deciding to purchase the products.  (*See, e.g.* **Figure 9** – Example of "Protein-Packed" Claim on Packaging.)

*Figure 9 - Example of "Protein-Packed" Claim on Brownie Mix*



128.   Reasonable consumers, including Plaintiffs, believe that the term "Protein-Packed" means that the products are "high" in protein or constitute an "excellent source" of protein.

129.   This consumer belief is consistent with FDA regulations that provide a benchmark for the ability to claim that a food product is "high," "rich in," or "excellent source of" a particular nutrient – 10 grams or more per serving for protein.

*See* 21 C.F.R. § 101.54; 21 C.F.R. § 101.9(c)(7)(iii).[33]

130.   Kodiak Cakes targets the weightlifting and cross-fit community in marketing its "Protein-Packed" products.  Consumers looking to build muscle rely on getting about 1 gram of protein per pound of lean mass.[34]

131.   Many of Kodiak Cakes products contain only 2-8 grams of protein per serving.  Despite containing only these small amounts of protein, consumers are misled by Kodiak Cakes' marketing and advertising into believing that these products are high in protein or contain an excellent source of protein, when they do not.  (*See* **Exhibit A, Per-Product Misrepresentation Chart**.)

### *Figure 10 - Photo from "A Stronger You" Advertising Platform*



---

33 To make a claim that a food is "high" in protein, the foods must meet a certain level of Reference Daily Intake (RDI) or Daily Reference Value (DRV).  For example, 21 C.F.R. § 101.54 requires that the "food contains 20 percent or more of the RDI or the DRV per reference amount customarily consumed."  For protein, the FDA has established that the RDI or DRV for adults and children over 4 years old is 50 grams. 21 C.F.R. § 101.9(c)(7)(iii).  Twenty percent of 50 grams is 10 grams per serving.
34 *https://www.healthline.com/nutrition/how-much-protein-per-day#muscles-and-strength; https://www.builtlean.com/2012/12/24/protein-build-muscle/*

-42-

## **"HEALTHY" CLAIM**

132.   Defendant also claims that its products are "healthy."  This claim has created a brand awareness among consumers that misleads them into thinking that Kodiak Cakes' products are healthy, when the Kodiak Cakes products are not. Given Defendant's widespread use of this Claim in advertising and marketing its products, Plaintiffs and all consumers that purchase Kodiak Cakes products are exposed to this claim and necessarily rely upon it in deciding to purchase the products.

133.   Defendant's main slogan is "Nourishment for Today's Frontier."  This claim appears on every single package for all Kodiak Cakes products and forms the basis of Kodiak Cakes' marketing platform.   Nourishment means "(of food) containing substances necessary for growth, health, and good condition."  Healthy foods have become one of the most salient food characteristics that are important to consumers in this nation.

134.   Nielsen's 2015 Global Health & Wellness Survey polled over 30,000 individuals online and confirmed that the "consumer mindset about healthy foods has shifted and they are ready to pay more for products that claim to boost health and weight loss."[35]  Specifically, the results showed that approximately 88% of the 30,000 individuals across all demographics polled were willing to pay more for healthier foods, including those that are GMO-free, have no artificial coloring/flavors and are deemed all natural.[36]

135.   L.E.K. Consulting's 2018 food and beverage survey of almost 1,600 consumers found that 93% of consumers want to eat healthy at least some of the time, with 63% trying to eat healthy most or all of the time.[37]

---

35 Nancy Gagliardi, *Consumers Want Healthy Foods – And Will Pay More for Them* (Feb. 18, 2015) *available at https://www.forbes.com/sites/nancygagliardi/2015/02/18/consumers-want-healthy-foods-and-will-pay-more-for-them/#4770ce5075c5*
36 *Id.*
37 *Supra*, note 14.

-43-

136.   There are various reasons that are attributed as to why health product concerns continue to increase in importance.  These reasons include societal, demographic, technological, and governmental reasons and, perhaps most importantly, a shift in consumer focus on the role diet plays in health and the idea that food can be used to manage health risks.[38]

137.   Defendant has targeted the consumer market and has deceived Plaintiffs and consumers causing them to purchase several Kodiak Cakes products believing they are healthy and nourishing when they are not.  Indeed, Kodiak Cakes deceives consumers into believing that several of its baking mixes create a "healthy" dessert, which is misleading.  For example, Kodiak Cakes disseminated the following message about its Double Dark Chocolate Muffin Mix:

> "The easy-to-prepare muffin mix creates a moist, delicious, and ***healthy muffin*** you'll be glad you baked after you finish a tough workout or busy morning at the office . . . each protein-packed muffin is a ***nourishing treat*** you can feel good about indulging in."

(Emphasis added).

138.   Moreover, Kodiak Cakes targets consumers looking for healthy breakfast and snack items for them and their children.  For example, Kodiak Cakes disseminated the following message as one of its blog posts, deceiving consumers into purchasing its products for a "healthy breakfast."[39]  (*See, e.g.* **Figure** 11 – Example of Kodiak Cakes' Marketing Product Line as "Healthy".)

/ / /

/ / /

/ / /

---

38 *Id.*
39 *https://kodiakcakes.com/feed-the-bear/food-thoughtfour-brain-boosting-breakfasts-students/*

-44-

*Figure 11 - Example of Kodiak Cakes Marketing of Its Products as Healthy*



**HEALTHY LIVING ON A BUDGET**

*Nourishment for Today's Frontier*

Coming up with back to school breakfast ideas isn't always easy. We've all heard how breakfast is the most important meal of the day, but it's pretty easy to fall back on sugary cereals and grab-and-go breakfast bars when you're in a rush to get the kids – and yourself – ready for the day. But now that the kids are back in school, it's even more important to have a healthy breakfast every morning.

139.   Plaintiffs and members of the Classes interpret "healthy" as those foods that have qualities such as low levels of fat, cholesterol and sugar and contain a certain level of vitamins and nutrients.

140.   This consumer expectation is consistent with the FDA regulation and its benchmark for the ability to label a food as "healthy."  For example, 21 C.F.R. § 101.65 (d)(2) provides that a product can be labeled as "healthy" if the product meets the following: (1) At least 10% of the DV of Vitamin A, Vitamin C, calcium, iron, protein or fiber (2) Less than 60mg of cholesterol, (3) Less than 3 grams of fat; and (4) Less than 1 gram of saturated fat.

141.   The Health Claim Products do not meet these standards, which provide a benchmark to show that these products are not in fact healthy as they claim to be. (*See* **Exhibit A, Per-Product Misrepresentation Chart**.)   The Health Claim Products are unhealthy because they actually contain unhealthy levels of (1) fat and saturated fat, the consumption of which has been shown to cause heart disease and other serious health problems, (2) cholesterol, which has been shown to increase the risk of heart attack, stroke, and narrowed arteries (atherosclerosis), among other serious health problems; (3) contains high levels of sugar that can lead to heart disease, type 2 diabetes, and cancer, among other serious health conditions and (4) fails to meet at least 10% of the DV of Vitamin A, Vitamin C, calcium, iron, protein

-45-

or fiber.

142.   Defendant's Claims are material representations because consumers attach importance the claim that the products are "healthy" when making purchase decisions. Defendant markets and advertises Kodiak Cakes products with these Claims in order to differentiate the products, increase sales and induce consumers to purchase its products. Plaintiffs and members of the Class were among the intended recipients of Defendant's deceptive Claims.  Plaintiffs and members of the Class reasonably relied to their detriment on Defendant's misleading representations.

143.   Defendant's false, misleading, and deceptive misrepresentations are likely to continue to deceive and mislead reasonable consumers and the general public, as they have already deceived and misled Plaintiffs and members of the Class.

144.   As a result of Defendant's false, misleading, and deceptive representations Defendant injured Plaintiffs and members of the putative class ("Class"), in that Plaintiff and members of the Class:

a.   Paid a sum of money for the Kodiak Cakes products that did not have the characteristics, qualities or quantities they were represented and promised to have;

b.   Were deprived of the benefit of the bargain because the Kodiak Cakes' products they purchased were different from what Defendant warranted;

c.   Were deprived the benefit of the bargain because the Kodiak Cakes products they purchased had less value than what Defendant represented;

d.   Were denied the benefit of truthful food labels.

145.   Plaintiffs and members of the Class would not have purchased the Kodiak Cakes products if they had known that the products did not contain the characteristics, quality and quantities Defendant represented them to have.

-46-

146.   Alternatively, Plaintiffs and members of the Class would not have purchased the Kodiak Cakes' products at the price paid had they known the products did not contain the characteristics, quality and quantities Defendant represented them to have.

147.   Had Defendant not made the false, misleading, and deceptive representations about the products, Plaintiffs and members of the Class would not have been economically injured.

148.   Accordingly, Plaintiffs and members of the Class have suffered injury in fact, lost money or property, and suffered economic damages as a result of Defendant's wrongful conduct.

**V**

**CLASS ALLEGATIONS**

149.   Plaintiffs bring this action as a class action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of the following Nationwide Class, or, in the alternative a Multi-State Class or Single-State Classes which including the following states that all have similar laws across the causes of actions alleged herein.

**Nationwide Class**

All citizens of the United States who purchased Kodiak Cakes' products[40] for personal use from January 1, 2015 until the date the notice is disseminated.

**Multi-State Class (*In the Alternative*)**

All persons that reside in the states of California, Colorado, Connecticut, Florida, Illinois, Massachusetts, Michigan, Missouri, New Jersey, New York and Washington who purchased Kodiak Cakes' products for personal use from January 1, 2015 until the date notice is disseminated.

/ / /

---

[40] *See* Exhibit A, Per-Product Misrepresentation Chart for Kodiak Cakes products at issue in this case.

-47-

**Single-State Classes (*In the Alternative*)**

***California.***   All persons that reside in California who purchased Kodiak Cakes' products for personal use from January 1, 2015 until the date notice is disseminated.

***Colorado.*** All persons that reside in Colorado who purchased Kodiak Cakes' products for personal use from January 1, 2015 until the date notice is disseminated.

***Connecticut.*** All persons that reside in Connecticut who purchased Kodiak Cakes' products for personal use from January 1, 2015 until the date notice is disseminated.

***Florida.***   All persons that reside in Florida who purchased Kodiak Cakes' products for personal use from January 1, 2015 until the date notice is disseminated.

***Illinois.***   All persons that reside in Illinois who purchased Kodiak Cakes' products for personal use from January 1, 2015 until the date notice is disseminated.

***Massachusetts.***   All persons that reside in Massachusetts who purchased Kodiak Cakes' products for personal use from January 1, 2015 until the date notice is disseminated.

***Michigan.***   All persons that reside in Michigan who purchased Kodiak Cakes' products for personal use from January 1, 2015 until the date notice is disseminated.

***Missouri.***   All persons that reside in Missouri who purchased Kodiak Cakes' products for personal use from January 1, 2015 until the date notice is disseminated.

***New Jersey.***   All persons that reside in New Jersey who purchased Kodiak Cakes' products for personal use from January 1, 2015 until the date notice is disseminated.

-48-

***New York.*** All persons that reside in New York who purchased Kodiak Cakes' products for personal use from January 1, 2015 until the date notice is disseminated.

***Washington.*** All persons that reside in Washington who purchased Kodiak Cakes' products for personal use from January 1, 2015 until the date notice is disseminated.

150.   Excluded from the Class are: (i) Defendant and its officers, directors, and employees; (ii) any person who files a valid and timely request for exclusion; and (iii) judicial officers and their immediate family members and associated court staff assigned to the case.

151.   Plaintiffs reserve the right to amend or otherwise alter the class definition presented to the Court at the appropriate time, or to propose or eliminate sub-classes, in response to facts learned through discovery, legal arguments advanced by Defendant, or otherwise.

152.   This action is properly maintainable as a class action pursuant to Federal Rule of Civil Procedure 23 for the reasons set forth below.

153.   **Numerosity—Federal Rule of Civil Procedure 23(a)(1).** Plaintiffs are informed and believe, and on that basis allege, that members of the class are so numerous that joinder of all members is impracticable. Upon information and belief, the Class consists of hundreds of thousands of purchasers dispersed throughout the United States, and the classes of each State likewise consists of thousands or tens of thousands of purchasers throughout each respective State. Accordingly, it would be impracticable to join all individual members of the Class before the Court.

154.   **Commonality and Predominance—Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).** There are numerous and substantial questions of law or fact common to all members of the Class that predominate over any individual issues.   Included within the common questions of law or fact are:

/ / /

-49-

a.     Whether Defendant misleadingly underfills the product boxes sold to consumers for no functional purpose;

b.     Whether Defendant made material representations and omissions in the packaging, marketing and sale of Kodiak Cakes products;

c.     Whether Defendant engaged in unlawful, unfair or deceptive business practices by advertising and selling its Kodiak Cakes products;

d.     Whether Defendant violated the applicable consumer protection state statutes;

e.     Whether Defendant committed a breach of express warranty;

f.     Whether Plaintiffs and the Class members are entitled to equitable and/or injunctive relief;

g.     Whether Defendant has been unjustly enriched;

h.     Whether Plaintiffs and the Class members have sustained damage as a result of Defendant's unlawful conduct; and

i.     The proper measure of damages sustained by Plaintiffs and Class members.

155.   **Typicality—Federal Rule of Civil Procedure 23(a)(3).** Plaintiffs' claims are typical of the claims of the members of the Class they seek to represent because Plaintiffs, like the Class members, purchased Defendant's falsely packaged, labeled and advertised Kodiak Cakes products and Plaintiffs and the class members were exposed to the same misrepresentations.  Thus, Plaintiffs' claims arise from the same events, practices, and/or course of conduct that gives rise to the claims of the other class members.  Defendant's unlawful, unfair and/or fraudulent actions concern the same business practices described herein irrespective of where they occurred or were experienced.  Plaintiffs and the Class members sustained similar injuries arising out of Defendant's conduct.  Plaintiffs' and Class members' claims

/ / /

arise from the same practices and course of conduct and are based on the same legal theories.

156. **Adequacy of Representation—Federal Rule of Civil Procedure 23(a)(4).** Plaintiffs are adequate representatives of the Class they seek to represent because their interests do not conflict with the interests of the members of the Class Plaintiffs seek to represent. Plaintiffs will fairly and adequately protect the interests of members of the Class and have retained counsel experienced and competent in the prosecution of complex cases including complex class action questions that arise in consumer protection litigation.

157. **Predominance and Superiority—Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3).** A class action is superior to other available methods for the fair and efficient adjudication of the present controversy because it will permit a large number of claims to be resolved in a single forum simultaneously, efficiently, and without the unnecessary hardship that would result from the prosecution of numerous individual actions and the duplication of discovery, effort, expense and burden on the courts that individual actions would engender. The benefits of proceeding as a class action, including providing a method for obtaining redress for claims that would not be practical to pursue individually, are far superior than any difficulties that might be argued with regard to the management of this class action. This superiority makes class litigation superior to any other method available for the fair and efficient adjudication of these claims. Absent a class action, it would be highly unlikely that the representative Plaintiffs or any other members of the Class would be able to protect their own interests because the cost of litigation through individual lawsuits might exceed expected recovery.

158. Because Plaintiffs seek relief for all members of the Class, the prosecution of separate actions by individual members would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for Defendant.

159.   The prerequisites to maintaining a class action for injunctive or equitable relief pursuant to Fed. R. Civ. P. 23(b)(2) are met as Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive or equitable relief with respect to the Class as a whole. In addition, Plaintiffs have an intention to purchase the products in the future if the products are truthfully labeled and not misleadingly filled.

160.   The prerequisites to maintaining a class action pursuant to Fed. R. Civ. P. 23(b)(3) are also met as questions of law or fact common to Class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

## CAUSES OF ACTION

## COUNT I

### Violation of the Consumer Protection Acts of all 50 States (and the District of Columbia) on Behalf of the Nationwide Class

161.   Plaintiffs re-allege and incorporate by reference each and every allegation contained in the preceding paragraphs as if fully set forth verbatim herein.

162.   Defendant had a statutory duty to refrain from unfair or deceptive acts or practices in the marketing and sale of the Kodiak Cakes' Products.

163.   Defendant violated this statutory duty by marketing and selling the Slack Fill Products in non-transparent containers containing nonfunctional slack-fill that were misleadingly filled.  This practice violates 21 C.F.R. § 100.100, as well as state laws[41] that prohibit non-functional slack fill and misleading fill levels of

---

[41] Kodiak Cakes' deceptive slack fill practices violate the following state slack fill laws:  Alaska Stat. Ann. § 17.20.040; Alaska Stat. Ann. § 45.75.220; Ark. Code Ann. § 20-56-209; West's Ann. Cal. Bus. & Prof. Code § 12606.2; Colo. Rev. Stat. Ann. § 25-5-411; Colo. Rev. Stat. Ann.§ 25-5-409; Colo. Rev. Stat. Ann. § 25-5-419; Colo. Rev. Stat. Ann. § 35-14-119; Conn. Gen. Stat. Ann. § 21a-102; Conn. Gen. Stat. Ann. § 42-115m; D.C. Mun. Regs. tit. 25-B, § 3602; D.C. Mun. Regs. tit. 25-B, § 3600; Fla. Stat. Ann.§ 500.11; Fla. Stat. Ann. § 500.04; Haw. Rev. Stat. Ann. § 328-10; Haw. Rev. Stat. Ann. § 486-113; Haw. Rev. Stat. Ann. § 328-19.1;

-52-

packaged products.

164. Defendant also violated this statutory duty by making material misrepresentations that the Kodiak Cakes' Products are "free of artificial additives," contain "no preservatives," are "non-GMO," are "healthy" and are "Protein-Packed." These claims are false. (*See* **Exhibit A – Per Product Misrepresentation Chart.**)

165. Defendant's deceptive representations and material omissions to Plaintiffs and the proposed Class members were, and are, unfair and deceptive acts and practices. Defendant's actions, as complained of herein, constitute unfair competition or unfair, unconscionable, deceptive, or fraudulent acts or practices in violation of various state consumer protection statutes listed below.

166. Individually, Plaintiffs seek to recover under the laws of their respective home states of California, Colorado, Connecticut, Florida, Illinois, Massachusetts, Michigan, Missouri, New Jersey, New York, and Washington, specified below. Plaintiffs also seek redress on behalf of a nationwide class of

---

Idaho Code Ann. § 37-123; 410 Ill. Comp. Stat. 620/11; Iowa Admin. Code r. 481-31.2(137F); Kan. Stat. Ann. § 65-665; Kan. Stat. Ann. § 83-219; Ky. Rev. Stat. Ann. § 217.035; Ky. Rev. Stat. Ann. § 363.740; Ky. Rev. Stat. Ann. § 217.037; Me. Rev. Stat. tit. 22, § 2157; Mass. Gen. Laws Ann. ch. 94, § 187; Mich. Comp. Laws Ann. § 289.1109; Mich. Comp. Laws Ann. § 289.5101; Mich. Comp. Laws Ann. § 290.626; Minn. Stat. Ann. § 31.102; Minn. Stat. Ann. § 31.123; Minn. Stat. Ann. § 34A.03; Minn. Stat. Ann. § 31A.07 (West); Minn. Stat. Ann. § 31.103; Mo. Ann. Stat. § 196.075; Mo. Ann. Stat. § 196.015; Nev. Rev. Stat. Ann. § 585.350; N.H. Rev. Stat. § 146:5; N.H. Rev. Stat. § 438:23; N.H. Rev. Stat. Ann 146:1; N. M. S. A. 1978, § 25-2-11; N. M. S. A. 1978 § 57-17-13; N.M. Stat. Ann. § 25-2-3; N.Y. Agric. & Mkts. Law § 201; N.Y. Agric. & Mkts. Law § 199-a; N.D. Cent. Code Ann. § 19-02.1-10; N.D. Cent. Code Ann. § 19-02.1-02; Okla. Stat. Ann. tit. 63, § 1-1110; Okla. Stat. Ann. tit. 63, § 1-1102; 3 Pa. Stat. and Cons. Stat. Ann. § 5729; 3 Pa. Stat. and Cons. Stat. Ann. § 4130; 21 R.I. Gen. Laws Ann. § 21-31-11; 47 R.I. Gen. Laws Ann. § 47-15-15; Code 1976 § 39-25-110; Code 1976 § 39-25-90; Code 1976 § 39-25-160; Tenn. Code Ann. § 53-1-105; Tenn. Code Ann. § 47-26-918; Tenn. Code Ann. § 53-1-103; U.C.A. 1953 § 4-5-8; U.C.A. 1953 § 4-5-15; U.C.A. 1953 § 4-5-6; 18 V.S.A. § 4060; 18 V.S.A. § 2674; West's RCWA § 69.04.250; West's RCWA § 69.04.300; West's RCWA § 19.94.370; West's RCWA § 19.94.010; W. Va. Code Ann. § 19-2-7; W. Va. Code Ann § 19-2-1; Wis. Stat. Ann. § 97.03; Wis. Stat. Ann. § 97.09; Wis. Stat. Ann. § 97.10; Del. Code Ann. tit. 16, § 3309; Del. Code Ann. tit. 16 § 3307; Md. Code Ann., Health-Gen.; Application of section (a) and (b); Md. Code Ann., Agric. § 11-306; N.J. Stat. Ann. § 51:1-29; S.D. Codified Laws § 39-4-7; S.D. Codified Laws § 39-4-11.

-53-

claims pursuant to the substantially similar "Consumer Protection Acts" identified below, all of which were enacted and designed to protect consumers against unlawful, fraudulent, and/or unfair business acts and practices.   The following consumer protection acts are collectively referred to herein as the "Consumer Protection Acts":

a. ALA. CODE § 8-19-1 et seq. (Alabama);

b. ALASKA STAT. ANN. § 45.50.471 et seq. (Alaska);

c. ARIZ. REV. STAT. ANN. § 44-1521 et seq. (Arizona);

d. ARK. CODE ANN. § 4-88-101 et seq. (Arkansas);

e. CAL. BUS. & PROF. CODE §§ 17200, 17500 et seq. and CAL. CIV. CODE §1750 et seq.(California);

f. COLO. REV. STAT. ANN. § 6-1-101 et seq. (Colorado);

g. CONN. GEN. STAT. ANN. § 42-110a et seq. (Connecticut);

h. DEL. CODE ANN. tit. 6, § 2511 et seq. (Delaware);

i. D.C. CODE ANN. § 28-3901 et seq. (District of Columbia);

j. FLA. STAT. ANN. § 501.201 et seq. (Florida);

k. GA. CODE ANN. § 10-1-370 et seq. and GA. CODE ANN. § 10-1-390 et seq. (Georgia);

l. HAW. REV. STAT. ANN. § 480-1 et seq. and HAW. REV. STAT. ANN. § 481A-1 et seq. (Hawai'i);

m. IDAHO CODE ANN. § 48-601 et seq. (Idaho);

n. 815 ILCS 505/1 et seq. (Illinois);

o. IND. CODE ANN. § 24-5-0.5-0.1 et seq. (Indiana);

p. IOWA CODE § 714.16 et seq.

q. KAN. STAT. ANN. § 50-623 et seq. (Kansas);

r. KY. REV. STAT. ANN. § 367.110 et seq. (Kentucky);

s. LA. STAT. ANN. § 51:1401 et seq. (Louisiana);

t. ME. REV. STAT. tit. 5, § 205-A et seq. (Maine);

-54-

| | | |
|---|---|---|
| 1 | u. | MD. CODE ANN., COM. LAW § 13-101 et seq. (Maryland); |
| 2 | v. | MASS. GEN. LAWS ANN. ch. 93A, § 1 et seq. (Massachusetts); |
| 3 | w. | MICH. COMP. LAWS ANN. § 445.901 et seq. (Michigan); |
| 4 | x. | MINN. STAT. ANN. § 325F.68 et seq., MINN. STAT. ANN. § |
| 5 | | 325D.09 et seq., MINN. STAT. ANN. § 325D. 43 et seq., and |
| 6 | | MINN. STAT. ANN. § 325F.67 (Minnesota); |
| 7 | y. | MISS. CODE ANN. § 75-24-1 et seq. (Mississippi); |
| 8 | z. | MO. ANN. STAT. § 407.010 et seq. (Missouri); |
| 9 | aa. | MONT. CODE ANN. § 30-14-101 et seq. (Montana); |
| 10 | bb. | NEB. REV. STAT. ANN. § 59-1601 et seq. (Nebraska); |
| 11 | cc. | NEV. REV. STAT. ANN. § 41.600 and NEV. REV. STAT. |
| 12 | | ANN. §598.0903 et seq. (Nevada); |
| 13 | dd. | N.H. REV. STAT. ANN. § 358-A:1 et seq. (New Hampshire); |
| 14 | ee. | N.J. STAT. ANN. § 56:8-1 et seq. (New Jersey); |
| 15 | ff. | N.M. STAT. ANN. § 57-12-1 et seq. (New Mexico); |
| 16 | gg. | N.Y. GEN. BUS. LAW. § 349 et seq. (New York); |
| 17 | hh. | N.C. GEN. STAT. ANN. § 75-1 et seq. (North Carolina); |
| 18 | ii. | N.D. CENT. CODE ANN. § 51-15-01 et seq. (North Dakota); |
| 19 | jj. | OHIO REV. CODE ANN. § 1345.01 et seq. (Ohio); |
| 20 | kk. | OKLA. STAT. ANN. tit. 15, § 751 et seq. (Oklahoma); |
| 21 | ll. | OR. REV. STAT. ANN. § 646.605 et seq. (Oregon); |
| 22 | mm. | 73 PA. STAT. ANN. § 201-1 et seq. (Pennsylvania); |
| 23 | nn. | 6 R.I. GEN. LAWS ANN. § 6-13.1-1 et seq. (Rhode Island); |
| 24 | oo. | S.C. CODE ANN. § 39-5-10 et seq. (South Carolina); |
| 25 | pp. | S.D. CODIFIED LAWS § 37-24-1 et seq. (South Dakota); |
| 26 | qq. | TENN. CODE ANN. § 47-18-101 et seq. (Tennessee); |
| 27 | rr. | TEX. BUS. & COM. CODE ANN. § 17.41 et seq. (Texas); |
| 28 | ss. | UTAH CODE ANN. § 13-11-1 et seq. (Utah); |

tt.    VT. STAT. ANN. tit. 9, § 2451 et seq. (Vermont);

uu.    VA. CODE ANN. § 59.1-196 et seq. (Virginia);

vv.    WASH. REV. CODE ANN. § 19.86.010 et seq. (Washington);

ww.    W.VA. CODE ANN. § 46A-6-101 et seq. (West Virginia);

xx.    WIS. STAT. ANN. § 100.20 (Wisconsin); and

yy.    WYO. STAT. ANN. § 40-12-101 et seq. (Wyoming).

167.    Plaintiffs and the Class members have standing to assert claims under the Consumer Protection Acts because they are consumers within the meaning of the Consumer Protection Acts and Defendant's practices were addressed to the market generally and otherwise implicate consumer protection concerns.  Plaintiffs and the members of the Class are individuals that paid for the Kodiak Cakes' Products for personal, family, or household purposes, and lost money because of Defendant's deceptive and unfair practices alleged herein.

168.    Defendant intended that Plaintiffs and the Class members would rely on the unlawful, deceptive and/or unfair business acts and practices alleged herein. In the alternative, Defendant knew or should have known that the Kodiak Cakes' Products did not have the claimed characteristics because Defendant manufactured, marketed and sold the Kodiak Cakes' Products without those claimed characteristics.  Defendant knew or should have known that its representations about the Kodiak Cakes' products as described herein violated consumer protection laws, and that these statements or misleading packaging would be relied upon by Plaintiffs and the members of the Class.

169.    Plaintiffs and those similarly situated relied to their detriment on Defendant's unfair, deceptive and unlawful business practices. Had Plaintiffs and those similarly situated been adequately informed and not deceived by Defendant, they would have acted differently by not purchasing (or paying less for) Kodiak Cakes' Products.

/ / /

170.   Defendant's acts and omissions are likely to deceive the general public.

171.   Defendant's actions, which were willful and wanton, constitute intentional violations of the Consumer Protection Acts.

172.   The aforementioned practices, which Defendant has used to its significant financial gain, also constitute unlawful competition and provide an unlawful advantage over Defendant's competitors as well as injury to the general public.

173.   Plaintiffs seek, on behalf of those similarly situated, full damages, as necessary and according to proof, to restore any and all monies acquired by Defendant from Plaintiffs, the general public, or those similarly situated by means of the unfair and/or deceptive trade practices complained of herein, plus interest thereon. Plaintiffs also seek to recover attorneys' fees, costs, and expenses to be assessed against Defendant, within the limits set forth by applicable law.

174.   Plaintiffs seek, on behalf of those similarly situated, an injunction to prohibit Defendant from continuing to engage in the unfair trade practices complained of herein.

175.   Plaintiffs and those similarly situated are further entitled to and do seek both a declaration that the above-described trade practices are unfair, unlawful and/or fraudulent, and injunctive relief restraining Defendant from engaging in any of such deceptive, unfair and/or unlawful trade practices in the future.  Such misconduct by Defendant, unless and until enjoined and restrained by order of this Court, will continue to cause injury in fact to the general public and the loss of money and property in that Defendant will continue to violate the Consumer Protection Acts, unless specifically ordered to comply with the same.  This expectation of future violations will require current and future customers to repeatedly and continuously seek legal redress in order to recover monies paid to Defendant to which Defendant is not entitled.  Plaintiffs, those similarly situated and/or other consumers nationwide have no other adequate remedy at law to ensure

future compliance with the Consumer Protection Acts alleged to have been violated herein.

176.   As a direct and proximate result of such actions, Plaintiffs and the other members of the Classes have suffered and continue to suffer injury in fact and have lost money and/or property as a result of such deceptive, unfair and/or unlawful trade practices and unfair competition in an amount which will be proven at trial, but which is in excess of the jurisdictional minimum of this Court. Among other things, Plaintiffs and the class lost the amount they paid and/or the premium they paid for the Kodiak Cakes products that they would not have otherwise paid but-for the misrepresentations alleged herein.

177.   As a direct and proximate result of such actions, Defendant has enjoyed, and continues to enjoy, significant financial gain in an amount which will be proven at trial, but which is in excess of the jurisdictional minimum of this Court.

178.   Plaintiffs have provided notice to the Defendant where required by state statute and have sent pre-suit demand letters where appropriate.  (*See* **Exhibit B**, **Pre-Filing Notice Letters**.)

## COUNT II

**Violation of the California Consumers Legal Remedies Act ("CLRA")**

**Cal. Civ. Code §§ 1750, *et seq.* on Behalf of the Single-State California Class**

179.   Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding paragraphs as if fully set forth verbatim herein.

180.   Plaintiffs bring this claim under the Consumer Legal Rights Act, Civil Code section 1750, *et seq.*, (the "CLRA"), on behalf of themselves individually and the Class against Defendant.

181.   At all times relevant hereto, Plaintiffs and members of the Class were "consumer[s]," as defined in Civil Code section 1761(d).

182.   At all times relevant hereto, Defendant constituted a "person," as defined in Civil Code section 1761(c).

183.   At all times relevant hereto, the Kodiak Cakes' Products manufactured, marketed, advertised, and sold by Defendant constituted "goods," as defined in Civil Code section 1761(a).

184.   The purchases of the Kodiak Cakes' Products by Plaintiffs and members of the Class were and are "transactions" within the meaning of Civil Code section 1761(e).

185.   Defendant disseminated, or caused to be disseminated, through its packaging, labeling, marketing and advertising misrepresentations that the Kodiak Cakes' Products were and are:

- Free of Artificial Additives
- No Preservatives
- Non-GMO
- Healthy
- Protein-Packed
- And were misleadingly filled and have a greater quantity than the products actually have.

186.   Defendant's representations violate the CLRA in at least the following respects:

a.   In violation of Civil Code § 1770(a)(5), Defendant represented that the Kodiak Cakes' Products have characteristics, ingredients, uses, benefits, and quantities that they do not have;

b.   In violation of Civil Code § 1770(a)(7), Defendant represented that the Kodiak Cakes' Products are of a particular standard, quality, or grade, which they are not;

c.   In violation of Civil Code § 1770(a)(9), Defendant advertised the Kodiak Cakes' Products with an intent not to sell the products as advertised; and

d.   In violation of Civil Code § 1770(a)(16), Defendant represented that

-59-

the subject of the sale of Kodiak Cakes' Products has been supplied in accordance with a previous representation when it has not.

187.   Defendant knew or should have known that its Kodiak Cakes' Products did not contain the claimed characteristics because Defendant manufactured, marketed and sold its Kodiak Cakes' Products without those characteristics that it claimed.  Defendant knew or should have known that its representations about its Products as described herein violated consumer protection laws, and that these statements would be relied upon by Plaintiffs and the members of the Class.

188.   Defendant's actions as described herein were done with conscious disregard of Plaintiffs' and the Class's rights and were wanton and malicious.

189.   Defendant's wrongful business practices constituted, and constitute, a continuing course of conduct in violation of the CLRA since Defendant is still representing that its Kodiak Cakes' products have characteristics which they do not have.

190.   Pursuant to Civil Code section 1782(d), Plaintiffs and members of the Class seek an order enjoining Defendant from engaging in the methods, acts, and practices alleged herein, and for restitution and disgorgement.

191.   Pursuant to Civil Code section 1782, Plaintiffs notified Defendant in writing by certified mail of the alleged violations of the CLRA and demanded that Defendant rectify the problems associated with the actions detailed above and give notice to all affected consumers of its intent to so act.  A copy of the written notices provided to Defendant is attached hereto as **Exhibit B**.

192.   With respect to those violations of Civil Code § 1770 as to which notification was received and accepted by Defendant, Defendant failed to respond to Plaintiffs' timely demands within 30 days of Plaintiffs' notice.  Accordingly, Plaintiffs hereby request damages from Defendant as provided for in Civil Code § 1780 including:

/ / /

a. actual damages in excess of the jurisdictional limits of this Court;

b. statutory damages allowable under Civil Code § 1780;

c. punitive damages;

d. attorneys' fees;

e. court costs and interest; and

f. any other relied which the court deems proper.

193.   Pursuant to § 1780(d) of the CLRA, attached as **Exhibit D** is an affidavit showing that this action was commenced in a proper forum.

## COUNT III

### Violation of the California Unfair Competition Law ("UCL")

### Cal. Bus. & Prof. Code §§ 17200, *et seq.* on Behalf of the Single-State California Class

194.   Plaintiffs re-allege and incorporate by reference all allegations set forth in the proceeding paragraphs, as if fully set forth verbatim herein.

195.   Plaintiffs bring this claim under California's Unfair Competition Law, Business and Professions Code section 17200, *et seq.* ("UCL"), on behalf of themselves and the Class against Defendant.  The UCL prohibits any "unlawful," "fraudulent" or "unfair" business act or practice and any false or misleading advertising.

196.   Defendant committed unlawful business acts or practices by, among other things, making the representations (which also constitutes advertising within the meaning of § 17200), as set forth more fully herein, and violating Civil Code sections 1572, 1573, 1709, 1711, 1770(a)(5), (7), (9) and (16), Business & Professions Code section 17500, *et seq.*, 21 C.F.R. § 100.100, California's Fair Packaging and Labeling Act, Business and Professions Code section 12600, *et seq.*, and the common law.  Plaintiffs, individually and on behalf of the other Class members, reserve the right to allege other violations of law, which constitute other

/ / /

1   unlawful business acts or practices.  Such conduct is ongoing and continues to this

2   date.

3       197.   Defendant committed "unfair" business acts or practices by, among

4   other things: (1) engaging in conduct where the utility of such conduct, if any, is

5   outweighed by the gravity of the consequences to Plaintiffs and members of the

6   Class; (2) engaging in conduct that is immoral, unethical, oppressive, unscrupulous,

7   or substantially injurious to Plaintiffs and members of the Class; and (3) engaging

8   in conduct that undermines or violates the spirit or intent of the consumer protection

9   laws alleged in this Class Action Complaint. There is no

10  societal benefit from false advertising, only harm. Plaintiffs and the other Class

11  members paid for a product that is not as advertised by Defendant. While Plaintiffs

12  and the other Class members were harmed, Defendant was unjustly enriched by its

13  false misrepresentations. As a result, Defendant's conduct is "unfair," as it offended

14  an established public policy. There were reasonably available alternatives to further

15  Defendant's legitimate business interests, other than the conduct described herein.

16      198.   Defendant committed "fraudulent" business acts or practices by

17  making the representations of material fact regarding its Kodiak Cakes products

18  as set forth fully herein.  Defendant's business practices as alleged herein are

19  "fraudulent" under the UCL because they are likely to deceive customers into

20  believing the Kodiak Cakes products contain the characteristics, qualities and

21  quantities asserted in the Claims alleged herein even though they do not.

22      199.   Plaintiffs and the other members of the Class have in fact been deceived

23  as a result of their reliance on Defendant's material representations, which are

24  described above. This reliance has caused harm to Plaintiffs and the of the Class,

25  each of whom purchased Kodiak Cakes' products. Plaintiffs and the other Class

26  members have suffered injury in fact and lost money as a result of purchasing the

27  Kodiak Cakes products and Defendant's unlawful, unfair, and fraudulent practices.

28  / / /

200.   Defendant's wrongful business practices and violations of the UCL are ongoing.

201.   Pursuant to Business & Professions Code section 17203, Plaintiffs, individually and on behalf of the Class, seek an order of this Court enjoining Defendant from engaging in the unfair competition alleged herein in connection with the sale of its Kodiak Cakes products.   Additionally, Plaintiffs request an order awarding Plaintiffs and the Class restitution of the money wrongfully acquired by Defendant by means of the unfair competition alleged herein.

202.   Plaintiffs and the Class are further entitled to pre-judgment interest as a direct and proximate result of Defendant's unfair and fraudulent business conduct. The amount on which interest is to be calculated is a sum certain and capable of calculation, and Plaintiffs and the Class are entitled to interest in an amount according to proof.

203.   Plaintiffs request all applicable remedies, awards, damages, and relief allowable under the UCL.

### COUNT IV

### False Advertising in Violation of

### California Bus. & Prof. Code §§ l7500, *et seq.*  on Behalf of the Single-State California Class

204.   Plaintiffs re-allege and incorporate by reference all allegations set forth in the proceeding paragraphs, as if fully set forth verbatim herein.

205.   Defendant uses advertising to sell the Kodiak Cakes products. Defendant disseminates advertising concerning the Kodiak Cakes products which by its very nature is deceptive, untrue, or misleading within the meaning of California Business & Professions Code §§ 17500 *et seq.* because those advertising statements are misleading and likely to deceive, and continue to deceive, members of the class and the general public.

/ / /

206. In making and disseminating the statements alleged herein, Defendant knew or should have known that the statements were untrue or misleading, and acted in violation of California Business & Professions Code §§ 17500 *et seq.*

207. The misrepresentations and non-disclosures by Defendant of the material facts detailed above constitute false and misleading advertising and therefore constitute a violation of California Business & Professions Code §§ 17500 *et seq.*

208. Through their deceptive acts and practices, Defendant has improperly and illegally obtained money from Plaintiffs and the members of the Class. As such, Plaintiffs request that this Court cause Defendant to restore this money to Plaintiffs and the members of the Class, and to enjoin Defendant from continuing to violate California Business & Professions Code §§ 17500, *et seq.*, as discussed above. Otherwise, Plaintiffs and those similarly situated will continue to be harmed by Defendant's false and/or misleading advertising.

209. Pursuant to California Business & Professions Code § 17535, Plaintiffs seek an Order of this Court ordering Defendant to fully disclose the true nature of their misrepresentations. Plaintiffs additionally request an Order requiring Defendant to disgorge their ill-gotten gains and/or award full restitution of all monies wrongfully acquired by Defendant by means of such acts of false advertising, plus interest and attorneys' fees so as to restore any and all monies which were acquired and obtained by means of such untrue and misleading advertising, misrepresentations and omissions, and which ill-gotten gains are still retained by Defendant. Plaintiffs and those similarly situated may be irreparably harmed and/or denied an effective and complete remedy if such an Order is not granted.

210. Defendant's conduct is ongoing and continues to this date. Plaintiffs and the Classes are therefore entitled to the relief sought.

/ / /

**COUNT V**

**Breach of Express Warranty on Behalf of the Nationwide Class**

211.   Plaintiffs re-allege and incorporate by reference all allegations set forth in the proceeding paragraphs, as if fully set forth verbatim herein.

212.   Defendant promised and expressly warranted that its Kodiak Cakes products were Free of Artificial Additives, contain No Preservatives, are Non-GMO, Healthy, Nourishing, and Protein-Packed.

213.   These promises and affirmations of fact constitute express warranties that became part of the basis of the bargain between Plaintiff and the members of the Class on the one hand and Defendant on the other.

214.   All conditions precedent to Defendant's liability under the contract, including notice, have been performed by Plaintiffs and the Class.

215.   Defendant has breached the terms of its express warranties by failing to provide the Kodiak Cakes products as warranted.

216.   As a result of Defendant's breach of its warranties, Plaintiffs and others similarly situated have been damaged in the amount of the purchase price of the Kodiak Cakes products at issue.

**COUNT VI**

**Restitution Based on Quasi-Contract and Unjust Enrichment on Behalf of the Nationwide Class**

217.   Plaintiffs re-allege and incorporate by reference all allegations set forth in the proceeding paragraphs, as if fully set forth verbatim herein.

218.   Defendant's conduct in enticing Plaintiffs and the Class to purchase Kodiak Cakes products through the use of false and misleading packaging and advertising as described throughout this Complaint is unlawful because the statements contained on the product labels and marketing and advertising are untrue and the Slack Fill Products are misleadingly filled.

/ / /

219.   Defendant took monies from Plaintiffs and the Class members and have unjustly retained a benefit to the detriment of Plaintiffs and the Class for products promised to be of certain qualities, characteristics and quantities even though the products they sold were not as Defendant represented.

220.   Defendant has been unjustly enriched at the expense of Plaintiffs and the Class as result of their unlawful conduct alleged herein, thereby creating a quasi-contractual obligation on Defendant to restore these ill-gotten gains to Plaintiffs and the Class.

221.   Defendant did not disclose to Plaintiffs that the representations made about the Products were false or that the Slack Fill Products contained nonfunctional slack fill and were misleadingly filled.  Defendant's retention of the benefit violates the fundamental principles of justice, equity and good conscience.

222.   As a direct and proximate result of Defendant's practices and unjust enrichment, Plaintiffs and the Class have suffered damages and are entitled to restitution or restitutionary disgorgement in an amount to be proved at trial.

# VII

# **PRAYER**

**WHEREFORE,** Plaintiffs, individually, and on behalf of all others similarly situated, prays for relief pursuant to each cause of action set forth in this Class Action Complaint, as follows:

A.   Declaring that this action can be maintained as a class action, certifying the Class as requested herein, designating Plaintiffs as Class Representatives and appointing the undersigned counsel as Class Counsel;

B.   Ordering restitution in such amount that Plaintiffs and the Class members paid to purchase the Kodiak Cakes products or paid as a premium over other products;

C.   Ordering restitution and disgorgement of all profits and unjust enrichment that Defendant obtained from Plaintiffs and the Class members as a

result of Defendant's unlawful, unfair and fraudulent business practices;

D.     Ordering injunctive relief as permitted by law or equity, including enjoining Defendant from continuing the unlawful practices as set forth herein, and ordering Defendant to engage in a corrective advertising campaign;

E.     Ordering compensatory damages for Plaintiffs and the Class;

F.     Ordering statutory damages allowable under Civil Code § 1780 as applicable;

G.     Ordering statutory penalties for all Counts for which they are available;

H.     Ordering Defendant to pay attorneys' fees and litigation costs to Plaintiff and the other members of the Class;

I.     Ordering Defendant to pay both pre- and post-judgment interest on any amounts awarded; and

J.     Ordering such other and further relief as may be just and proper.

## VII

## <u>JURY TRIAL DEMANDED</u>

Plaintiffs demand a jury trial on all causes of action and issues so triable.


Dated:  August 28, 2020                          **FOX LAW, APC**



                                                 */s/ Courtney Vasquez*
                                                 COURTNEY VASQUEZ
                                                 courtney@foxlawapc.com
                                                 *Attorneys for Plaintiffs*

FIRST AMENDED CLASS ACTION COMPLAINT

# EXHIBIT A

## PER-PRODUCT MISREPRESENTATION CHART

| Product | Slack Fill | Free of Artificial Additives | No Preservatives | Non-GMO | Healthy | Protein-Packed |
|---|---|---|---|---|---|---|
| Power Cakes Buttermilk | x | x | | | x | |
| Power Cakes Cinnamon Oat | x | x | | | | |
| Power Cakes Almond Poppy Seed | x | x | | | x | |
| Power Cakes Chocolate Chip | x | x | | | x | |
| Power Cakes Dark Chocolate | x | x | | | x | |
| Power Cakes Strawberry Chocolate Chip | x | x | | | | |
| Power Cakes Peanut Butter | x | x | | x | x | |
| Energy Cakes Buttermilk & Chia | x | x | x | | | |
| Energy Cakes Pumpkin Flax | x | x | x | | | |
| Frontier Cakes Whole Wheat Oat & Honey | x | x | | | | x |
| Frontier Gluten Free Oat | x | x | | | x | |
| Frontier Cakes Buttermilk & Honey | x | x | | | | x |
| Carb-Conscious Buttermilk | x | x | | | x | |
| Plant-Based Classic | x | x | x | x | | |
| Muffin Mix Chocolate Chip | x | x | | | x | |
| Muffin Mix Blueberry | x | x | | | x | |
| Muffin Mix Blueberry Lemon | x | x | x | | x | |
| Muffin Mix Double Dark Chocolate | x | x | | x | x | |
| Brownie Mix Chocolate Fudge | x | x | x | x | x | x |

| Product | Slack Fill | Free of Artificial Additives | No Preservatives | Non-GMO | Healthy | Protein-Packed |
|---|---|---|---|---|---|---|
| Brownie Mix Triple Chocolate | x | x | x | x | x | x |
| Brownie Mix Double Dark Chocolate | x | x | x | x | x | x |
| Cookie Mix Chocolate Chip Oatmeal | x | x | | x | x | x |
| Blondie Mix Chocolate Chip | x | x | x | x | x | x |
| Cornbread Mix | x | x | x | x | x | |
| All-Purpose Mix | x | x | x | x | | |
| Protein Balls Oatmeal Chocolate Chip | x | x | | | x | |
| Protein Balls Oatmeal Dark Chocolate | x | x | | | x | |
| Power Waffles Blueberry | | x | | | x | |
| Power Waffles Buttermilk & Vanilla | | x | | | x | |
| Power Waffles Cinnamon | | x | | | x | |
| Power Waffles Chocolate Chip | | x | | x | x | |
| Power Waffles Homestead Style | | x | x | x | x | |
| Power Waffles Dark Chocolate | | x | | x | x | |
| Power Flapjacks Buttermilk | | x | | | | |
| Power Flapjacks Chocolate Chip | | x | | x | x | |
| Power Flapjacks Maple & Brown Sugar | | x | | | x | |
| Bear Bites Chocolate | | x | | | x | x |
| Bear Bites Graham Crackers | | x | | | x | x |
| Bear Bites Cinnamon | | x | | | x | x |
| Kodiak Cup - Chocolate Chip Muffin | | x | | | x | |
| Kodiak Cup – Cinnamon Roll Muffin | | x | | | x | |
| Kodiak Cup - Peanut Butter Chocolate Chip Oatmeal | | | | x | x | |
| Kodiak Cup – Buttermilk & Maple Flapjack | | x | | | x | |
| Kodiak Cup – Strawberry Chocolate Chip Flapjack | | x | | | x | |

| Product | Slack Fill | Free of Artificial Additives | No Preservatives | Non-GMO | Healthy | Protein-Packed |
|---|---|---|---|---|---|---|
| Kodiak Cup – Chocolate Fudge Brownie | | x | | | x | |
| Kodiak Cup – Rocky Road Brownie | | x | | x | x | |
| Kodiak Cup – Cornbread | | x | | x | x | |
| Kodiak Cup – Mint Chocolate Brownie | | x | | x | x | |
| Kodiak Cup - S'mores Flapjack | | x | | | x | |
| Kodiak Cup – Almond Poppy Seed Muffin | | x | | | x | |
| Kodiak Cup – Chocolate Chip & Maple Flapjack | | x | | | x | |
| Kodiak Cup – Double Dark Chocolate Muffin | | x | | | x | |
| Kodiak Cup – Blueberry Muffin | | x | | | x | |
| Kodiak Cup - Blueberry & Maple Flapjack | | x | | | x | |
| Kodiak Cup – Maple & Brown Sugar Oatmeal | | | | | x | |
| Kodiak Cup - Cinnamon & Maple Flapjack | | x | | | x | x |
| Kodiak Cup – Chocolate Peanut Butter Brownie | | x | | x | x | |
| Kodiak Cup – Apple Cinnamon Muffin | | x | | | x | |
| Kodiak Cup – Pumpkin Dark Chocolate Muffin | | x | | | x | |
| Kodiak Cup – Cinnamon Oatmeal | | | | | x | |
| Kodiak Cup – Strawberry Dark Chocolate Oatmeal | | | | | x | |
| Kodiak Cup – Blueberries & Cream Oatmeal | | x | | | x | |

| Product | Slack Fill | Free of Artificial Additives | No Preservatives | Non-GMO | Healthy | Protein-Packed |
|---------|-----------|------------------------------|------------------|---------|---------|----------------|
| Kodiak Cup – Caramel Oatmeal | | | | | x | |
| Kodiak Cup – Chocolate Chip Oatmeal | | | | | x | |

# EXHIBIT B



**FOX** LAW APC

May 21, 2019

<u>**Via Certified Mail Return Receipt Requested**</u>

Kodiak Cakes, LLC
3247 Santa Fe Road
Park City, UT 84098

Re:     <u>**NOTICE OF VIOLATION OF THE CONSUMER LEGAL REMEDIES ACT**</u>

Dear Kodiak Cakes, LLC,

PLEASE TAKE NOTICE pursuant to California Consumer Legal Remedies Act ("CLRA"), California Civil Code section 1750, *et seq.*, and specifically section 1782.1, I am hereby notifying Kodiak Cakes, LLC ("you" or "your") of violations of the CLRA. This letter will also constitute further notice that the actions set forth below also violate California Business and Professions Code 17200, et seq. (Unfair Business Practices) and 17500 (False Advertising).

On or about March 5, 2019 and May 8, 2019, our client, Anna Altomare, purchased three of your brownie baking mixes: Chocolate Fudge Brownie Mix, Triple Chocolate Brownie Mix and Double Chocolate Chunk Brownie Mix from your online store. (3/5/19 Order #19988; 5/8/19 Order #29108). Nutrition, health and fitness are important to Anna and she is an avid CrossFit athlete. Anna purchased Kodiak Cakes products based upon claims you made that your products are healthy, nutritious, all-natural, and give her body protein to build and maintain muscle strength for her CrossFit training. Anna is willing to pay more for products that she believes are all-natural, healthy and have high levels of protein and she would not have purchased Kodiak Cakes' products if she knew these claims were false.

*"All Natural."* Anna purchased these products based on the product labeling and statements on the website that these products were "All Natural." *See, e.g., https://shop.kodiakcakes.com/collections/baking-mixes/products/triple-chocolate-brownie-mix* ("Staying true to our frontier roots, we made this . . . mix from 100% whole grains and all-natural ingredients . . . ."); *https://shop.kodiakcakes.com/collections/baking-mixes/products/chocolate-fudge* ("[F]udge brownie mix is . . . crafted from 100% whole grains and all-natural ingredients."). Statements on the package further claimed that the brownie mix was "free of artificial additives." Anna is informed and believes that these claims are false and that these products actually contain artificial and synthesized substances such as monocalcium phosphate and sodium acid pyrophosphate ("SAPP"), among others.



*Photograph of "All Natural" Product Label - Double Chocolate Chunk Brownie Mix*

California courts have held that a reasonable consumer would not expect to find synthetic substances such as those found in your products when the products claim to be "All Natural" and that a reasonable consumer would be misled by this claim. *See, e.g., Ham v. Hain Celestial Grp., Inc.*, 70 F. Supp. 3d 1188, 1194 (N.D. Cal. 2014) (denying defendant's motion to dismiss claims for violations of the CLRA, FAL, fraud, negligent misrepresentation, and UCL based on "all natural" label on the defendant's waffles that contain SAPP); *Garrison v. Whole Foods Mkt. Grp., Inc.*, No. 13-CV-05222-VC, 2014 WL 2451290, at *2 (N.D. Cal. June 2, 2014) ("[I]t is plausible that a reasonable consumer—regardless of the precise definition of natural to which that consumer adheres—could interpret the words "all natural" to exclude synthetic compounds such as SAPP.").

*"Protein-Packed."* Anna also relied on your representations that the products she purchased were "Protein-Packed." This representation misled Anna into thinking that the products she purchased were "high" in protein or constituted an "excellent source" of protein. These representations are false and likely to mislead a reasonable consumer as it did to Anna. The FDA has set regulations that govern when a product label may state that a food product is "high," "rich in," or "excellent source of" a particular nutrient. 21 C.F.R. § 101.54 (requiring the "food contains 20 percent or more of the RDI or the DRV per reference amount customarily consumed"). In order to claim that a product is high in protein, that product must have 10 grams or more of protein per serving. *See id., see also* 21 C.F.R. § 101.9(c)(7)(iii) ("a value of 50 grams of protein shall be the DRV for adults and children 4 or more years of age"). The products Anna purchased have 8 grams and 2 grams of protein per serving. Thus, they are not "high" in protein and/or do not constitute an "essential source" of protein. Thus, claims that the products are "Protein-Packed" are likely to mislead a reasonable consumer into thinking these foods are high in protein when they are not.



*"Protein-Packed" Package Labeling*

**"Healthy."**  Anna also bought these products based upon the representations that they are healthy and therefore she could feel good about treating herself with a brownie that she would feel good about eating knowing that it was actually healthy.  When purchasing the products, she relied upon the statements on the website under "Features" that the products were "a healthy end to your meal" and "a healthy end to your day."  Furthermore, Kodiak Cakes' main slogan in its packaging and advertising is "Nourishment for Today's Frontier" which also misled Anna to believing that the products she purchased were healthy and nourishing.

These general health and wellness claims by Kodiak Cakes about its products are also false and misleading.  The products actually contain unhealthy levels of saturated fat and high sugar content, among other unhealthy qualities.  Indeed, cane sugar is the first ingredient listed on the baking mixes Anna purchased.  The FDA regulates the ability to claim that a product is "healthy" and the products Anna purchased do not meet these requirements.  For example, 21 C.F.R. § 101.65 (d)(2) provides that a product can be labeled as "healthy" if the product meets the following: (1) At least 10% of the DV of Vitamin A, Vitamin C, calcium, iron, protein or fiber (2) Less than 60mg of cholesterol, (3) Less than 3 grams of fat; and (4) Less than 1 gram of saturated fat.  The Chocolate Fudge and Triple Chocolate brownie products that Anna purchased exceed the 1 gram of saturated fat under this regulation.

**Slack Fill.**  California law also prohibits nonfunctional slack fill under California's Fair Packaging and Labeling Act ("FPLA").  *See* Cal. Bus & Prof. Code § 12606.  The baking mixes that Anna purchased are in an entirely non-transparent box that is filled substantially less than the capacity of the package by more than half.  This packaging misled Anna into believing that the package contained more baking mix than it actually did and she would not have bought these

products or paid as much as she did for them if she knew of this slack fill. Anna is informed and
believes that the empty space in the package is for no functional purpose and therefore violates
California's fair packaging laws.



*Slack Fill Demonstration*

Please be advised that the alleged unfair methods, acts and practices in violation of the
CLRA include, but are not limited to:

1. Using deceptive representations in connection with goods or services;
2. Representing that goods have characteristics, ingredients, uses, benefits or qualities
   that they do not have;
3. Representing that goods are of a particular standard, quality, or grade when they are
   another; and
4. Advertising goods with intent not to sell them as advertised.

Kodiak Cakes has failed to honor its consumer protection obligations and is in violation
of the CLRA and other consumer protection laws. This is a demand that within thirty (30) days,
Kodiak Cakes cure these violations by performing the following:

1. Identify all consumers similarly situated or make a reasonable effort to identify such
   other consumers;
2. Notify all consumers that upon their request Kodiak Cakes, LLC shall make the
   appropriate correction, repair, replacement, or other remedy of the goods and
   services;
3. Refund Ms. Altomare the full cost of the Kodiak Cakes products she purchased, plus
   reasonable compensation for her time in pursuing this action to date, and the costs
   and reasonable attorneys' fees incurred to date; and

4. Cease from engaging, or if immediate cessation is impossible or unreasonably expensive under the circumstances, Kodiak Cakes will within a reasonable time, cease to engage, in the methods, act, or practices described in this letter.

Please be advised that your failure to cure the violations detailed above for Ms. Altomare and all others similarly situated within thirty (30) calendar days may subject you to the remedies available for violations of the CLRA including, but not limited to, (1) the actual damages suffered; (2) an order enjoining you from such methods, acts or practices; (3) restitution of property; (4) punitive damages; (5) court costs and attorneys' fees; and (6) any other relief which the court deems proper, and will result in our office filing a civil lawsuit in a California state court on behalf of Ms. Altomare and all others similarly situated.

We look forward to working with you to resolve this matter. You may contact me at courtney@foxlawapc.com or 858-256-7616.

Regards,

**FOX LAW, APC**

Courtney Vasquez, Esq.



May 21, 2019

**Via Certified Mail Return Receipt Requested**

Kodiak Cakes, LLC
3247 Santa Fe Road
Park City, UT 84098

Re:   **NOTICE OF VIOLATION OF THE CONSUMER LEGAL REMEDIES ACT**

Dear Kodiak Cakes, LLC,

PLEASE TAKE NOTICE pursuant to California Consumer Legal Remedies Act ("CLRA"), California Civil Code section 1750, *et seq.*, and specifically section 1782.1, I am hereby notifying Kodiak Cakes, LLC ("you" or "your") of violations of the CLRA. This letter will also constitute further notice that the actions set forth below also violate California Business and Professions Code 17200, et seq. (Unfair Business Practices) and 17500 (False Advertising).

On or about May 6, 2019, our client, Ty Stewart, purchased three of your baking mixes: Chocolate Chip Blondie Brownie, Oatmeal Dark Chocolate Cookie Mix, and Double Dark Chocolate Muffin Mix from your online store. (5/6/19 Order #28911). Nutrition, health and fitness are important to Ty. Ty purchased Kodiak Cakes products based upon claims you made that your products are healthy, nutritious, all-natural, and give his body protein to build and maintain muscle strength for his strength training. Ty is willing to pay more for products that he believes are all-natural, healthy and have high levels of protein and he would not have purchased Kodiak Cakes' products if he knew these claims were false.

*"All Natural."* Ty purchased these products based on the product labeling and statements on the website that these products were "All Natural." *See, e.g., https://shop.kodiakcakes.com/collections/baking-mixes/products/kodiak-cakes-oatmeal-dark-chocolate-cookie-mix* ("we use *only* all-natural ingredients to make this wholesome mix . . . .) (emphasis added); *https://shop.kodiakcakes.com/collections/baking-mixes/products/kodiak-cakes-dark-chocolate-muffin-mix* ("Crafted from all-natural ingredients . . . each protein-packed muffin is a nourishing treat you can feel good about indulging in."). Statements on the package further claimed that the baking mixes were "free of . . . artificial additives." Ty is informed and believes that these claims are false and that these products actually contain artificial and synthesized substances such as monocalcium phosphate, sodium acid pyrophosphate ("SAPP"), and sodium bicarbonate, among others.

California courts have held that a reasonable consumer would not expect to find synthetic and highly processed substances such as those found in your products when the products claim to

be "All Natural" and that a reasonable consumer would be misled by this claim. *See, e.g., Bohac v. Gen. Mills, Inc.*, No. 12-CV-05280-WHO, 2014 WL 1266848, at *4 (N.D. Cal. Mar. 26, 2014) (denying defendants' motion to dismiss plaintiff's deceptive advertising claims because a reasonable consumer could be deceived by defendant's "All Natural" claims when the product actually contained highly processed ingredients such as sodium bicarbonate); *Ham v. Hain Celestial Grp., Inc.*, 70 F. Supp. 3d 1188, 1194 (N.D. Cal. 2014) (denying defendant's motion to dismiss claims for violations of the CLRA, FAL, fraud, negligent misrepresentation, and UCL based on "all natural" label on the defendant's waffles that contain SAPP); *Garrison v. Whole Foods Mkt. Grp., Inc.*, No. 13-CV-05222-VC, 2014 WL 2451290, at *2 (N.D. Cal. June 2, 2014) ("[I]t is plausible that a reasonable consumer—regardless of the precise definition of natural to which that consumer adheres—could interpret the words "all natural" to exclude synthetic compounds such as SAPP.").

*"Protein-Packed."* Ty also relied on your representations that the products he purchased were "Protein-Packed." This representation misled Ty into thinking that the products he purchased were "high" in protein or constituted an "excellent source" of protein. These representations are false and likely to mislead a reasonable consumer as it did to Ty. The FDA has set regulations that govern when a product label may state that a food product is "high," "rich in," or "excellent source of" a particular nutrient. 21 C.F.R. § 101.54 (requiring the "food contains 20 percent or more of the RDI or the DRV per reference amount customarily consumed"). In order to claim that a product is high in protein, that product must have 10 grams or more of protein per serving. *See id.*, *see also* 21 C.F.R. § 101.9(c)(7)(iii) ("a value of 50 grams of protein shall be the DRV for adults and children 4 or more years of age"). The products Ty purchased have 8 grams and 2 grams of protein per serving. Thus, they are not "high" in protein and/or do not constitute an "essential source" of protein. Thus, claims that the products are "Protein-Packed" are likely to mislead a reasonable consumer into thinking these foods are high in protein when they are not.



*"Protein-Packed" Package Labeling*

*"Healthy."*  Ty also bought these products based upon the representations that they are healthy and therefore he could feel good about eating these cookies, brownies and muffins knowing that they were actually healthy.  When purchasing the products, he relied upon the statements on the website that the products were "a healthy end to your day" and your claims about the muffin mix that it "creates a moist, delicious, and healthy muffin you'll be glad you baked after you finish a tough workout or busy morning at the office."  Furthermore, Kodiak Cakes' main slogan in its packaging and advertising is "Nourishment for Today's Frontier" which also misled Ty to believing that the products he purchased were healthy and nourishing.

These general health and wellness claims by Kodiak Cakes about its products are also false and misleading.  The products actually contain unhealthy levels of saturated fat and cholesterol and a high sugar content, among other unhealthy qualities.  Indeed, sugar is among the first ingredients listed on the baking mixes Ty purchased.  The FDA regulates the ability to claim that a product is "healthy" and the products Ty purchased do not meet these requirements.  For example, 21 C.F.R. § 101.65 (d)(2) provides that a product can be labeled as "healthy" if the product meets the following: (1) At least 10% of the DV of Vitamin A, Vitamin C, calcium, iron, protein or fiber (2) Less than 60mg of cholesterol, (3) Less than 3 grams of fat; and (4) Less than 1 gram of saturated fat.  The Double Dark Chocolate Muffin Mix exceeds these levels of fat and cholesterol and the Cookie and Blondie Brownie Mixes do not contain at least 10% of the requisite nutrients.

*Slack Fill.*  California law also prohibits nonfunctional slack fill under California's Fair Packaging and Labeling Act ("FPLA").  *See* Cal. Bus & Prof. Code § 12606.  The baking mixes that Ty purchased are in an entirely non-transparent box that is filled substantially less than the capacity of the package by more than half.  This packaging misled Ty into believing that the package contained more baking mix than it actually did and he would not have bought these products or paid as much as he did for them if he knew of this slack fill.  Ty is informed and believes that the empty space in the package is for no functional purpose and therefore violates California's fair packaging laws.



*Slack Fill Demonstration*

Please be advised that the alleged unfair methods, acts and practices in violation of the CLRA include, but are not limited to:

1. Using deceptive representations in connection with goods or services;
2. Representing that goods have characteristics, ingredients, uses, benefits or qualities that they do not have;
3. Representing that goods are of a particular standard, quality, or grade when they are another; and
4. Advertising goods with intent not to sell them as advertised.

Kodiak Cakes has failed to honor its consumer protection obligations and is in violation of the CLRA and other consumer protection laws. This is a demand that within thirty (30) days, Kodiak Cakes cure these violations by performing the following:

1. Identify all consumers similarly situated or make a reasonable effort to identify such other consumers;
2. Notify all consumers that upon their request Kodiak Cakes, LLC shall make the appropriate correction, repair, replacement, or other remedy of the goods and services;
3. Refund Mr. Stewart the full cost of the Kodiak Cakes products he purchased, plus reasonable compensation for his time in pursuing this action to date, and the costs and reasonable attorneys' fees incurred to date; and
4. Cease from engaging, or if immediate cessation is impossible or unreasonably expensive under the circumstances, Kodiak Cakes will within a reasonable time, cease to engage, in the methods, act, or practices described in this letter.

Please be advised that your failure to cure the violations detailed above for Mr. Stewart and all others similarly situated within thirty (30) calendar days may subject you to the remedies available for violations of the CLRA including, but not limited to, (1) the actual damages suffered; (2) an order enjoining you from such methods, acts or practices; (3) restitution of property; (4) punitive damages; (5) court costs and attorneys' fees; and (6) any other relief which the court deems proper, and will result in our office filing a civil lawsuit in a California state court on behalf of Mr. Stewart and all others similarly situated.

We look forward to working with you to resolve this matter. You may contact me at courtney@foxlawapc.com or 858-256-7616.

Regards,

**FOX LAW, APC**

Courtney Vasquez, Esq.



USPS TRACKING #

SALT LAKE CITY

9590 9402 3999 8079 3394 07

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box•

Fox Law, APC
The Plaza Building
225 West Plaza Street, Suite 102
Solana Beach. CA 92075

---

USPS TRACKING #

SALT LAKE CITY

9590 9402 3999 8079 3394 14

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box•

Fox Law, APC
The Plaza Building
225 West Plaza Street, Suite 102
Solana Beach. CA 92075

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Kodiak Cakes, LLC
3247 Santa Fe Road
Park City, UT 84098

9590 9402 3999 8079 3394 07

2. Article Number (Transfer from service label)

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Blair M. Carlin_      ☑ Agent
                          ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
                                5/24

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

---

Stewart

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Kodiak Cakes, LLC
3247 Santa Fe Road
Park City, UT 84098

9590 9402 3999 8079 3394 14

2. Article Number (Transfer from service label)

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Blair M. Carlin_      ☑ Agent
                          ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
                                5/24

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt



August 30, 2019


**_Via Certified Mail – Return Receipt Requested_**

Jason Boren
Ballard Spahr, LLP
One Utah Center, Suite 800
201 S. Main Street
Salt Lake City, UT 84111


Kodiak Cakes, LLC
3247 Santa Fe Road
Park City, UT 84098

**Re:**      **NOTICE OF VIOLATION OF THE CONSUMER LEGAL REMEDIES ACT**

To Kodiak Cakes, LLC, and its attorney Jason Boren,

   We are in receipt of your August 14, 2019, correspondence in response to our letter dated May 21, 2019, notifying Kodiak Cakes, LLC, of violations of the California Consumer Legal Remedies Act ("CLRA") and related consumer fraud and false advertising statutes based upon Kodiak Cakes' false and misleading advertising and marketing of its products.

   We disagree with your contentions relating to the merit of our clients' claims and class-wide maintenance of this action.  In addition, your letter incorrectly assumes that our clients' purchases were limited to the single purchase identified in our letter.  Rather, the purpose of that showing was to provide proof of standing and show one of the many purchases our clients made of your products.  Your letter also wrongly assumes that this action is limited to a smaller subset of your products that only our clients have purchased.  Not so.  California courts do not limit a class representative to only representing a class of purchasers of the exact same products they purchased.  Rather, named plaintiffs can represent the interests of consumers that purchase similar products with common misrepresentations.  *See, e.g., Astiana v. Kashi Co.*, 291 F.R.D. 493, 502 (S.D. Cal. 2013).  The false and misleading misrepresentations we have identified permeate throughout Kodiak Cakes' entire product line and form the basis of its overall marketing and advertising platform.  Indeed, statements Kodiak Cakes has made in its marketing and advertising admit that each of your products rest upon these pillars.

Jason Boren
Ballard Sphar, LLP
Kodiak Cakes, LLC
August 30, 2019
Page 2

Nevertheless, in an abundance of caution to ensure you have received requisite and adequate notice of all the goods and services that are subject to this demand for correction, we are hereby notifying you of the following:

**PLEASE TAKE NOTICE** that pursuant to California Consumer Legal Remedies Act ("CLRA"), California Civil Code section 1750, *et seq.*, and specifically section 1782.1, Kodiak Cakes, LLC ("you" or "your") is in violation of the CLRA. This letter will also constitute further notice that the actions set forth below also violate California Business and Professions Code 17200, et seq. (Unfair Business Practices) and 17500 (False Advertising).

Our clients Anna Altomare, Ty Stewart, Jocelyn Fielding and Laureene Buck purchased your products for years in grocery and retail stores throughout California, including Target and Costco, as well as through various online stores. Our clients were also exposed to your advertising and the claims made about your products in the media, including on your website and through social media. Our clients purchased your products based upon central and material claims you make about your products that they are healthy and nourishing, all-natural, contain no artificial ingredients or additives, have no preservatives, contain non-GMO ingredients, and are "packed" with high levels of protein. Our clients were willing to pay more for products that they believed are healthy, nutritious, all-natural, contain no artificial ingredients or additives, have no preservatives, contain non-GMO ingredients, and are "packed" with high levels of protein, and they would not have purchased Kodiak Cakes' products if they knew these claims were false.

*"All Natural" and "Free of Artificial Additives."* Our clients read and relied upon your widespread claims, both on packaging and in marketing materials, that your products are "All Natural" and contain no "Artificial Additives" when deciding to purchase your products. *See, e.g.* Package Claim ("[W]e use only 100% whole grains that are non-GMO and free of preservatives and artificial additives."). They believed these claims to mean that your products contain no artificial or synthetic ingredients. As made clear in our previous letter, our clients are informed and believe that these claims are false and that these products actually contain artificial and synthesized substances such as monocalcium phosphate, sodium bicarbonate, and sodium acid pyrophosphate ("SAPP"), among others. Your overall product packaging and marketing platform is false and misleading to every single product that contains synthetic and artificial ingredients, including your most sold Buttermilk Flapjack and Waffle Mix.

Jason Boren
Ballard Sphar, LLP
Kodiak Cakes, LLC
August 30, 2019
Page 3

**About the Company:**

Kodiak Cakes creates 100% whole grain and all natural products that taste amazing. Based on an old Utah family recipe, Kodiak Cakes Flapjack and Waffle Mix went from being sold in paper lunch sacks to neighbors out of a red wagon in 1982, to being sold in ski-town gift shops in 1995, to now being sold in over 7000 grocery stores nationwide including Target, Safeway, Meijer, and many more. Our whole grain flapjack and waffle mixes are incredibly light and fluffy and you only add water to make them. People write to us every day to tell us Kodiak Cakes is the best pancake mix they've ever tried. Then they tell us they can't believe they are so healthy. You and your kids will love our whole grain and all natural products.

*Company Description on Shark Tank About Kodiak Cakes "All Natural" Products*

Kodiak Cakes All Natural Frontier Pancake, Flapjack and Waffle Mix, Original, 24 Ounce (Pack of 6) by Kodiak Cakes

★★★★☆ ∨   697 customer reviews  |  11 answered questions

**Amazon's Choice**  for "kodiak cakes pancake mix"

*Kodiak Cakes' Marketing Title for "All Natural" Flapjack and Waffle Mix on Amazon*



*Sample Previous Product Packing During the Class Period Showing "All Natural" Front and Center on Package*

Jason Boren
Ballard Sphar, LLP
Kodiak Cakes, LLC
August 30, 2019
Page 4

*"Free of Preservatives"* and *"No Preservatives."*  Our clients also read and relied upon your product claims that your products were "free of preservatives" and contained "no preservatives."  This claim is false as to all products that contain sodium acid pyrophosphate ("SAPP"), which has been defined by the FDA as "a synthetic chemical preservative," and other preservatives, such as maltodextrin.  Your products that are false and misleading on this ground include, but may not be limited to:

- *Double Chocolate Chunk Brownie Mix*
- *Chocolate Fudge Brownie Mix*
- *Triple Chocolate Brownie Mix*
- *Chocolate Chip Brownie Mix*
- *Blueberry Lemon Muffin Mix*
- *All-Purpose Baking Mix*
- *Cornbread Mix*
- *Homestead Style Power Waffles*

*"Non-GMO."*  Similarly, our clients relied on your statements that your products contain non-GMO ingredients.  They would not have purchased your products if they knew your products contained GMO ingredients.  Our clients are informed and believe that this claim is false, particularly as to all products that contain soy lecithin, soy protein, corn starch, or other GMO-ingredients.  Your products that are false and misleading on this ground include, but may not be limited to:

- *Triple Chocolate Brownie Mix*
- *Chocolate Chip Power Waffles*
- *Dark Chocolate Power Waffles*
- *Chocolate Chip Power Flapjacks*
- *Peanut Butter Chocolate Chip Oatmeal*
- *Cinnamon & Maple Flapjack Cup*
- *S'mores Flapjack Cup*
- *All-Purpose Baking Mix*
- *Cornbread Mix*
- *Homestead Style Power Waffles*

*"Protein-Packed."*  Our clients also relied on your representations that the products they purchased were "Protein-Packed."  This representation misled our clients into thinking that the products he purchased were "high" in protein or constituted an "excellent source" of protein.

Jason Boren
Ballard Sphar, LLP
Kodiak Cakes, LLC
August 30, 2019
Page 5


These representations are false and likely to mislead a reasonable consumer as it did to our clients.  For example, the FDA regulations provide a benchmark for the ability to claim that a food product is "high," "rich in," or "excellent source of" a particular nutrient if meets a certain level of RDI or DRV.  21 C.F.R. § 101.54 (requiring the "food contains 20 percent or more of the RDI or the DRV per reference amount customarily consumed").  In order to claim that a product is high in protein, that product must have 10 grams or more of protein per serving.  *See id.*; *see also* 21 C.F.R. § 101.9(c)(7)(iii) ("a value of 50 grams of protein shall be the DRV for adults and children 4 or more years of age").  Several of your products do not contain levels of protein above 10 grams per serving and thus claims that the products are "Protein-Packed" are likely to mislead a reasonable consumer into thinking these foods are "high in" or constitute an "essential source of" protein when they do not.  Your products that are false and misleading in this regard include, but may not be limited to the following:

- *Chocolate Fudge Brownie Mix*
- *Triple Chocolate Brownie Mix*
- *Chocolate Chip Blondie Mix*
- *Blueberry & Maple Flapjack Cup*
- *Cinnamon & Maple Flapjack Cup*
- *Cinnamon Bear Bites*
- *Chocolate Bear Bites*
- *Honey Bear Bites*

*"Healthy."*  Our clients also bought these products based upon the representations that they are healthy and therefore they could feel good about eating your products and feeding them to their family.  When purchasing the products, they relied upon Kodiak Cakes' advertising and marketing that the products were "healthy."  Furthermore, Kodiak Cakes' main slogan in its packaging and advertising is "Nourishment for Today's Frontier" which also misled our clients to believing that the products he purchased were healthy and nourishing.

These general health and nourishment claims by Kodiak Cakes about the entirety of their product line are also false and misleading.  Several products actually contain unhealthy levels of saturated fat and cholesterol and a high sugar content, among other unhealthy qualities.  Indeed, sugar is among the first ingredients listed on some of the baking mixes.  The FDA regulates the ability to claim that a product is "healthy" and several of your products do not meet these requirements.  For example, 21 C.F.R. § 101.65 (d)(2) provides that a product can be labeled as "healthy" if the product meets the following: (1) At least 10% of the DV of Vitamin A, Vitamin C, calcium, iron, protein or fiber (2) Less than 60mg of cholesterol, (3) Less than 3 grams of fat; and (4) Less than 1 gram of saturated fat.  The following products, among potentially others, do

Jason Boren
Ballard Sphar, LLP
Kodiak Cakes, LLC
August 30, 2019
Page 6

not meet these standards, which provide a benchmark to show that these products are not in fact healthy as they claim to be:

- *Chocolate Fudge Brownie Mix*
- *Triple Chocolate Brownie Mix*
- *Double Dark Chocolate Muffin Mix*
- *Frontier Cookie Mix*
- *Chocolate Chip Blondie Mix*
- *Buttermilk and Vanilla Power Waffles*
- *Chocolate Chip Power Waffles*
- *Cinnamon Power Waffles*
- *Dark Chocolate Power Waffles*
- *Blueberry Power Waffles*
- *Chocolate Chip Power Flapjacks*
- *Maple Brown Sugar Flapjacks*
- *Chocolate Chip Flapjack Mix*
- *Dark Chocolate Flapjack Mix*
- *Almond Poppyseed Flapjack Mix*
- *Cinnamon Bear Bites*
- *Chocolate Bear Bites*
- *Honey Bear Bites*
- *Chocolate Chip Muffin Mix*
- *Cornbread Mix*
- *Kodiak Cups*

***Slack Fill.*** California law also prohibits nonfunctional slack fill under California's Fair Packaging and Labeling Act ("FPLA"). *See* Cal. Bus & Prof. Code § 12606. Your products are in an entirely non-transparent box that is filled substantially less than the capacity of the package by more than half. This packaging misled our clients, and is reasonably likely to mislead other consumers, into believing that the package contained more mix than it actually did. Our clients would not have bought these products or paid as much as they did for them if they knew of this slack fill. Our clients are informed and believe that the empty space in the package is for no functional purpose and therefore violates California's fair packaging laws. Below is but a few examples of the slack fill your products contain, which extend to several others including, but not limited to:

Jason Boren
Ballard Sphar, LLP
Kodiak Cakes, LLC
August 30, 2019
Page 7

- *Double Chocolate Chunk Brownie Mix*
- *Chocolate Fudge Brownie Mix*
- *Triple Chocolate Brownie Mix*
- *Double Dark Chocolate Muffin Mix*
- *Frontier Cookie Mix*
- *Chocolate Chip Blondie Mix*
- *Buttermilk Flapjack Mix*
- *Cinnamon Oat Flapjack Mix*
- *Chocolate Chip Flapjack Mix*
- *Dark Chocolate Flapjack Mix*
- *Almond Poppyseed Flapjack Mix*
- *Blueberry Lemon Muffin Mix*
- *Blueberry Muffin Mix*
- *Chocolate Chip Muffin Mix*
- *All-Purpose Baking Mix*
- *Cornbread Mix*



*Example of Slack Fill Demonstration*

Please be advised that the alleged unfair methods, acts and practices in violation of the CLRA include, but are not limited to:

1. Using deceptive representations in connection with goods or services;

Jason Boren
Ballard Sphar, LLP
Kodiak Cakes, LLC
August 30, 2019
Page 8

2.  Representing that goods have characteristics, ingredients, uses, benefits or qualities that they do not have;
3.  Representing that goods are of a particular standard, quality, or grade when they are another; and
4.  Advertising goods with intent not to sell them as advertised.

Kodiak Cakes has failed to honor its consumer protection obligations and is in violation of the CLRA and other consumer protection laws.  This is a demand that within thirty (30) days, Kodiak Cakes cure these violations by performing the following:

1.  Identify all consumers similarly situated or make a reasonable effort to identify such other consumers;
2.  Notify all consumers that upon their request Kodiak Cakes, LLC shall make the appropriate correction, repair, replacement, or other remedy of the goods and services;
3.  Refund our clients the full cost of the Kodiak Cakes products they purchased, plus reasonable compensation for their time in pursuing this action to date, and the costs and reasonable attorneys' fees incurred to date; and
4.  Cease from engaging, or if immediate cessation is impossible or unreasonably expensive under the circumstances, Kodiak Cakes will within a reasonable time, cease to engage, in the methods, act, or practices described in this letter.

Please be advised that your failure to cure the violations detailed above for our clients and all others similarly situated within thirty (30) calendar days may subject you to the remedies available for violations of the CLRA including, but not limited to, (1) the actual damages suffered; (2) an order enjoining you from such methods, acts or practices; (3) restitution of property; (4) punitive damages; (5) court costs and attorneys' fees; and (6) any other relief which the court deems proper, and will result in our office filing a civil lawsuit in a California state court on behalf of our clients and all others similarly situated.

Regards,

FOX LAW, APC

Courtney Vasquez, Esq.

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Jason Boren
Ballard Spahr, LLP
One Utah Center, Suite 800
201 S. Main Street
Salt Lake City, UT 84111

9590 9402 3999 8079 3363 14

2. Article Number (Transfer from service label)

7018 3090 0001 0429 0590

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

---

**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)      $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required         $
☐ Adult Signature Restricted Delivery  $

Postmark
Here
8/30/2019

Postage
$

Total Postage and Fees

Sent To    Jason Boren
Street and Apt. No., or PO Box No.    Ballard Spahr LLP

City, State, ZIP+4®

7018 3090 0001 0429 0590

PS Form 3800, April 2015 PSN 7530-02-000-9047          See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Kodiak Cakes, LLC
3247 Santa Fe Road
Park City, UT 84098

9590 9402 3999 8079 3363 07

2. Article Number (Transfer from service label)

7018 3090 0001 0429 0583

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)      $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required         $
☐ Adult Signature Restricted Delivery  $

Postmark
Here
8/30/2019

Postage
$

Total Postage and Fees

Sent To    Kodiak Cakes LLC
Street and Apt. No., or PO Box No.

City, State, ZIP+4®

7018 3090 0001 0429 0583

PS Form 3800, April 2015 PSN 7530-02-000-9047          See Reverse for Instructions



August 26, 2020

<u>**Via Certified Mail and Email**</u>

Eric Kizirian, Esq.
Mike Grimaldi, Esq.
Lewis Brisbois Bisgaard & Smith LLP
Eric.Kizirian@lewisbrisbois.com
Michael.Grimaldi@lewisbrisbois.com

Kodiak Cakes, LLC
3247 Santa Fe Road
Park City, UT 84098

Re:    <u>**NOTICE OF VIOLATION OF THE CONSUMER LEGAL REMEDIES ACT**</u>

To Kodiak Cakes, LLC, and its attorneys of record,

      **PLEASE TAKE NOTICE** that pursuant to California Consumer Legal Remedies Act ("CLRA"), California Civil Code section 1750, et seq., and specifically section 1782, Kodiak Cakes, LLC ("you" or "your") is in violation of the CLRA.  This letter will also constitute further notice that the actions set forth below also violate California Business and Professions Code 17200, et seq. (Unfair Business Practices) and 17500 (False Advertising).

      Our client Jennifer Jenkins is a resident of California.  She purchased various flavors of Kodiak Cakes flapjack and waffle mixes over the years at various stores in California, including the Buttermilk Flapjack and Waffle Mix from Costco.  Ms. Jenkins was exposed to the claims made on the packaging as well as in advertising materials, including on your website and through social media, among other advertising platforms.  Ms. Jenkins purchased your products based upon central and material claims that they are healthy and nourishing, contain no artificial ingredients or additives, have no preservatives, contain non-GMO ingredients, and are "packed" with high levels of protein.  Ms. Jenkins was willing to pay more for these products based on these claims and/or would not have purchased Kodiak' products if she knew these claims were false.

      ***"Free of Artificial Additives."***  Ms. Jenkins read and relied upon your widespread claims, both on packaging and in marketing materials, that your products have no "Artificial Additives" when deciding to purchase your products.  *See, e.g.* Package Claim ("[W]e use only 100% whole



grains that are non-GMO and free of preservatives and artificial additives.").  She believed these claims to mean that your products contain no artificial or synthetic ingredients.  Ms. Jenkins is informed and believes that these claims are false and that these products actually contain artificial and synthesized substances such as monocalcium phosphate, sodium bicarbonate, and sodium acid pyrophosphate ("SAPP"), among others.  Your overall product packaging and marketing platform is false and misleading to every single product that contains synthetic and artificial ingredient.

*"Free of Preservatives" and "No Preservatives."*  Ms. Jenkins also read and relied upon your product claims that your products were "free of preservatives" and contained "no preservatives."  This claim is false as to all products that contain sodium acid pyrophosphate ("SAPP"), which has been defined by the FDA as "a synthetic chemical preservative," and other preservatives, such as maltodextrin.

*"Non-GMO."*  Similarly, Ms. Jenkins relied on your statements that your products contain non-GMO ingredients.  She would not have purchased your products if she knew your products contained GMO ingredients.  Ms. Jenkins is informed and believes that this claim is false, particularly as to all products that contain soy lecithin, soy protein, corn starch, or other GMO-ingredients.

*"Protein-Packed."*  Ms. Jenkins also relied on your representations that the products she purchased were "Protein-Packed."  This representation misled Ms. Jenkins into thinking that the products she purchased were "high" in protein or constituted an "excellent source" of protein.  These representations are false and likely to mislead a reasonable consumer as it did to Ms. Jenkins.  For example, the FDA regulations provide a benchmark for the ability to claim that a food product is "high," "rich in," or "excellent source" of a particular nutrient if meets a certain level of RDI or DRV.  21 C.F.R. § 101.54 (requiring the "food contains 20 percent or more of the RDI or the DRV per reference amount customarily consumed").  In order to claim that a product is high in protein, that product must have 10 grams or more of protein per serving.  *See id.*; *see also* 21 C.F.R. § 101.9(c)(7)(iii) ("a value of 50 grams of protein shall be the DRV for adults and children 4 or more years of age").  Several of your products do not contain levels of protein above 10 grams per serving and thus claims that the products are "Protein-Packed" are likely to mislead a reasonable consumer into thinking these foods are "high in" or constitute an "essential source of" protein when they do not.

*"Healthy."*  Ms. Jenkins also bought these products based upon the representations that they are healthy and therefore she could feel good about eating your products.  When purchasing the products, she relied upon Kodiak Cakes' advertising and marketing that the products were "healthy."  Furthermore, Kodiak Cakes' main slogan in its packaging and advertising is



"Nourishment for Today's Frontier" which also misled our clients to believing that the products she purchased were healthy and nourishing.

These general health and nourishment claims by Kodiak Cakes about the entirety of their product line are also false and misleading. Several products actually contain unhealthy levels of saturated fat and cholesterol and a high sugar content, among other unhealthy qualities. Indeed, sugar is among the first ingredients listed on some of the baking mixes. The FDA regulates the ability to claim that a product is "healthy" and several of your products do not meet these requirements. For example, 21 C.F.R. § 101.65 (d)(2) provides that a product can be labeled as "healthy" if the product meets the following: (1) At least 10% of the DV of Vitamin A, Vitamin C, calcium, iron, protein or fiber (2) Less than 60mg of cholesterol, (3) Less than 3 grams of fat; and (4) Less than 1 gram of saturated fat. Several products do not meet these standards, which provide a benchmark to show that these products are not in fact healthy as they claim to be.

***Slack Fill.*** Kodiak's cooking mixes also violate slack fill laws. Your products are in an entirely non-transparent box that is filled substantially less than the capacity of the package by more than half. This packaging misled Ms. Jenkins, and is reasonably likely to mislead other consumers, into believing that the package contained more mix than it actually did. Ms. Jenkins would not have bought these products or paid as much as they did for them if they knew of this slack fill. Ms. Jenkins is informed and believes that the empty space in the package is for no functional purpose and therefore violates fair packaging laws.



*Example of Slack Fill Demonstration*

Please be advised that the alleged unfair methods, acts and practices in violation of the CLRA include, but are not limited to:



1. Using deceptive representations in connection with goods or services;
2. Representing that goods have characteristics, ingredients, uses, benefits or qualities that they do not have;
3. Representing that goods are of a particular standard, quality, or grade when they are another; and
4. Advertising goods with intent not to sell them as advertised.

The products and deceptive practices at issue is described in **Appendix 1**.

Kodiak Cakes has failed to honor its consumer protection obligations and is in violation of the CLRA and other consumer protection laws.  This is a demand that within thirty (30) days, Kodiak Cakes cure these violations by performing the following:

1. Identify all consumers similarly situated or make a reasonable effort to identify such other consumers;
2. Notify all consumers that upon their request Kodiak shall make the appropriate correction, repair, replacement, or other remedy of the goods and services;
3. Refund Ms. Jenkins the full cost of the Kodiak products she purchased, plus reasonable compensation for her time in pursuing this action to date, and the costs and reasonable attorneys' fees incurred to date; and
4. Cease from engaging, or if immediate cessation is impossible or unreasonably expensive under the circumstances, Kodiak will within a reasonable time, cease to engage, in the methods, act, or practices described in this letter.

Please be advised that your failure to cure the violations detailed above for our clients and all others similarly situated within thirty (30) calendar days may subject you to the remedies available for violations of the CLRA including, but not limited to, (1) the actual damages suffered; (2) an order enjoining you from such methods, acts or practices; (3) restitution of property; (4) punitive damages; (5) court costs and attorneys' fees; and (6) any other relief which the court deems proper, and will result in our office filing a civil lawsuit in a California federal court on behalf of our client and all others similarly situated.

Regards,

**FOX LAW, APC**

Courtney Vasquez, Esq.

**Enclosures**
Appendix 1: Kodiak Cakes Per-Product Misrepresentation Chart

## APPENDIX 1:  PER-PRODUCT MISREPRESENTATION CHART

| Product | Slack Fill | Free of Artificial Additives | No Preservatives | Non-GMO | Healthy | Protein-Packed |
|---|---|---|---|---|---|---|
| Power Cakes Buttermilk | x | x | | | x | |
| Power Cakes Cinnamon Oat | x | x | | | | |
| Power Cakes Almond Poppy Seed | x | x | | | x | |
| Power Cakes Chocolate Chip | x | x | | | x | |
| Power Cakes Dark Chocolate | x | x | | | x | |
| Power Cakes Strawberry Chocolate Chip | x | x | | | | |
| Power Cakes Peanut Butter | x | x | | x | x | |
| Energy Cakes Buttermilk & Chia | x | x | x | | | |
| Energy Cakes Pumpkin Flax | x | x | x | | | |
| Frontier Cakes Whole Wheat Oat & Honey | x | x | | | | x |
| Frontier Gluten Free Oat | x | x | | | x | |
| Frontier Cakes Buttermilk & Honey | x | x | | | | x |
| Carb-Conscious Buttermilk | x | x | | | x | |
| Plant-Based Classic | x | x | x | x | | |
| Muffin Mix Chocolate Chip | x | x | | | x | |
| Muffin Mix Blueberry | x | x | | | x | |
| Muffin Mix Blueberry Lemon | x | x | x | | x | |
| Muffin Mix Double Dark Chocolate | x | x | | x | x | |
| Brownie Mix Chocolate Fudge | x | x | x | x | x | x |

| Product | Slack Fill | Free of Artificial Additives | No Preservatives | Non-GMO | Healthy | Protein-Packed |
|---|---|---|---|---|---|---|
| Brownie Mix Triple Chocolate | x | x | x | x | x | x |
| Brownie Mix Double Dark Chocolate | x | x | x | x | x | x |
| Cookie Mix Chocolate Chip Oatmeal | x | x | | x | x | x |
| Blondie Mix Chocolate Chip | x | x | x | x | x | x |
| Cornbread Mix | x | x | x | x | x | |
| All-Purpose Mix | x | x | x | x | | |
| Protein Balls Oatmeal Chocolate Chip | x | x | | | x | |
| Protein Balls Oatmeal Dark Chocolate | x | x | | | x | |
| Power Waffles Blueberry | | x | | | x | |
| Power Waffles Buttermilk & Vanilla | | x | | | x | |
| Power Waffles Cinnamon | | x | | | x | |
| Power Waffles Chocolate Chip | | x | | x | x | |
| Power Waffles Homestead Style | | x | x | x | x | |
| Power Waffles Dark Chocolate | | x | | x | x | |
| Power Flapjacks Buttermilk | | x | | | | |
| Power Flapjacks Chocolate Chip | | x | | x | x | |
| Power Flapjacks Maple & Brown Sugar | | x | | | x | |
| Bear Bites Chocolate | | x | | | x | x |
| Bear Bites Graham Crackers | | x | | | x | x |
| Bear Bites Cinnamon | | x | | | x | x |
| Kodiak Cup - Chocolate Chip Muffin | | x | | | x | |
| Kodiak Cup – Cinnamon Roll Muffin | | x | | | x | |
| Kodiak Cup - Peanut Butter Chocolate Chip Oatmeal | | | | x | x | |
| Kodiak Cup – Buttermilk & Maple Flapjack | | x | | | x | |
| Kodiak Cup – Strawberry Chocolate Chip Flapjack | | x | | | x | |

| Product | Slack Fill | Free of Artificial Additives | No Preservatives | Non-GMO | Healthy | Protein-Packed |
|---|---|---|---|---|---|---|
| Kodiak Cup – Chocolate Fudge Brownie | | | | | x | |
| Kodiak Cup – Rocky Road Brownie | | x | | x | x | |
| Kodiak Cup – Cornbread | | x | | x | x | |
| Kodiak Cup – Mint Chocolate Brownie | | x | | x | x | |
| Kodiak Cup - S'mores Flapjack | | x | | | x | |
| Kodiak Cup – Almond Poppy Seed Muffin | | x | | | x | |
| Kodiak Cup – Chocolate Chip & Maple Flapjack | | x | | | x | |
| Kodiak Cup – Double Dark Chocolate Muffin | | x | | | x | |
| Kodiak Cup – Blueberry Muffin | | x | | | x | |
| Kodiak Cup - Blueberry & Maple Flapjack | | x | | | x | |
| Kodiak Cup – Maple & Brown Sugar Oatmeal | | | | | x | |
| Kodiak Cup - Cinnamon & Maple Flapjack | | x | | | x | x |
| Kodiak Cup – Chocolate Peanut Butter Brownie | | x | | x | x | |
| Kodiak Cup – Apple Cinnamon Muffin | | x | | | x | |
| Kodiak Cup – Pumpkin Dark Chocolate Muffin | | x | | | x | |
| Kodiak Cup – Cinnamon Oatmeal | | | | | x | |
| Kodiak Cup – Strawberry Dark Chocolate Oatmeal | | | | | x | |
| Kodiak Cup – Blueberries & Cream Oatmeal | | x | | | x | |

| Product | Slack Fill | Free of Artificial Additives | No Preservatives | Non-GMO | Healthy | Protein-Packed |
|---|---|---|---|---|---|---|
| Kodiak Cup – Caramel Oatmeal | | | | | x | |
| Kodiak Cup – Chocolate Chip Oatmeal | | | | | x | |



August 26, 2020

<u>**Via Certified Mail and Email**</u>

Eric Kizirian, Esq.
Mike Grimaldi, Esq.
Lewis Brisbois Bisgaard & Smith LLP
Eric.Kizirian@lewisbrisbois.com
Michael.Grimaldi@lewisbrisbois.com

Kodiak Cakes, LLC
3247 Santa Fe Road
Park City, UT 84098

Re:     <u>**NOTICE OF VIOLATION OF THE CONSUMER LEGAL REMEDIES ACT**</u>

To Kodiak Cakes, LLC, and its attorneys of record,

  **PLEASE TAKE NOTICE** that pursuant to California Consumer Legal Remedies Act ("CLRA"), California Civil Code section 1750, et seq., and specifically section 1782, Kodiak Cakes, LLC ("you" or "your") is in violation of the CLRA.  This letter will also constitute further notice that the actions set forth below also violate California Business and Professions Code 17200, et seq. (Unfair Business Practices) and 17500 (False Advertising).

  Our client Eliza Reid is a resident of California.  She purchased the following Kodiak Cakes products: Buttermilk Flapjack and Waffle Mix, Carb Conscious Flapjack and Waffle Mix, Plant-Based Classic Flapjack and Waffle Mix, Chocolate Chip Blondie Brownie Mix, Bear Bites Graham Crackers, and the Maple and Brown Sugar Kodiak Cup.  Ms. Reid was exposed to the claims made on the packaging as well as in advertising materials, including on your website and through social media, among other advertising platforms.  Ms. Reid purchased your products based upon central and material claims that they are healthy and nourishing, contain no artificial ingredients or additives, have no preservatives, contain non-GMO ingredients, and are "packed" with high levels of protein.  Ms. Reid was willing to pay more for these products based on these claims and/or would not have purchased Kodiak' products if she knew these claims were false.

  ***"Free of Artificial Additives."***  Ms. Reid read and relied upon your widespread claims, both on packaging and in marketing materials, that your products have no "Artificial Additives" when deciding to purchase your products. *See, e.g.* Package Claim ("[W]e use only 100% whole



grains that are non-GMO and free of preservatives and artificial additives.").  She believed these claims to mean that your products contain no artificial or synthetic ingredients.  Ms. Reid is informed and believes that these claims are false and that these products actually contain artificial and synthesized substances such as monocalcium phosphate, sodium bicarbonate, and sodium acid pyrophosphate ("SAPP"), among others.  Your overall product packaging and marketing platform is false and misleading to every single product that contains synthetic and artificial ingredient.

      ***"Free of Preservatives" and "No Preservatives."***  Ms. Reid also read and relied upon your product claims that your products were "free of preservatives" and contained "no preservatives."  This claim is false as to all products that contain sodium acid pyrophosphate ("SAPP"), which has been defined by the FDA as "a synthetic chemical preservative," and other preservatives, such as maltodextrin.

      ***"Non-GMO."***  Similarly, Ms. Reid relied on your statements that your products contain non-GMO ingredients.  She would not have purchased your products if she knew your products contained GMO ingredients.  Ms. Reid is informed and believes that this claim is false, particularly as to all products that contain soy lecithin, soy protein, corn starch, or other GMO-ingredients.

      ***"Protein-Packed."***  Ms. Reid also relied on your representations that the products she purchased were "Protein-Packed."  This representation misled Ms. Reid into thinking that the products she purchased were "high" in protein or constituted an "excellent source" of protein.  These representations are false and likely to mislead a reasonable consumer as it did to Ms. Reid.  For example, the FDA regulations provide a benchmark for the ability to claim that a food product is "high," "rich in," or "excellent source of" a particular nutrient if meets a certain level of RDI or DRV.  21 C.F.R. § 101.54 (requiring the "food contains 20 percent or more of the RDI or the DRV per reference amount customarily consumed").  In order to claim that a product is high in protein, that product must have 10 grams or more of protein per serving.  *See id.*; *see also* 21 C.F.R. § 101.9(c)(7)(iii) ("a value of 50 grams of protein shall be the DRV for adults and children 4 or more years of age").  Several of your products do not contain levels of protein above 10 grams per serving and thus claims that the products are "Protein-Packed" are likely to mislead a reasonable consumer into thinking these foods are "high in" or constitute an "essential source of" protein when they do not.

      ***"Healthy."***  Ms. Reid also bought these products based upon the representations that they are healthy and therefore she could feel good about eating your products and feeding them to her family.  When purchasing the products, she relied upon Kodiak Cakes' advertising and marketing that the products were "healthy."  Furthermore, Kodiak Cakes' main slogan in its



packaging and advertising is "Nourishment for Today's Frontier" which also misled our clients to believing that the products he purchased were healthy and nourishing.

These general health and nourishment claims by Kodiak Cakes about the entirety of their product line are also false and misleading. Several products actually contain unhealthy levels of saturated fat and cholesterol and a high sugar content, among other unhealthy qualities. Indeed, sugar is among the first ingredients listed on some of the baking mixes. The FDA regulates the ability to claim that a product is "healthy" and several of your products do not meet these requirements. For example, 21 C.F.R. § 101.65 (d)(2) provides that a product can be labeled as "healthy" if the product meets the following: (1) At least 10% of the DV of Vitamin A, Vitamin C, calcium, iron, protein or fiber (2) Less than 60mg of cholesterol, (3) Less than 3 grams of fat; and (4) Less than 1 gram of saturated fat. Several products do not meet these standards, which provide a benchmark to show that these products are not in fact healthy as they claim to be.

***Slack Fill.*** Kodiak's cooking mixes also violate slack fill laws. Your products are in an entirely non-transparent box that is filled substantially less than the capacity of the package by more than half. This packaging misled Ms. Reid, and is reasonably likely to mislead other consumers, into believing that the package contained more mix than it actually did. Ms. Reid would not have bought these products or paid as much as they did for them if they knew of this slack fill. Ms. Reid is informed and believes that the empty space in the package is for no functional purpose and therefore violates fair packaging laws.



*Example of Slack Fill Demonstration*

Please be advised that the alleged unfair methods, acts and practices in violation of the CLRA include, but are not limited to:



1. Using deceptive representations in connection with goods or services;
2. Representing that goods have characteristics, ingredients, uses, benefits or qualities that they do not have;
3. Representing that goods are of a particular standard, quality, or grade when they are another; and
4. Advertising goods with intent not to sell them as advertised.

The products and deceptive practices at issue is described in **Appendix 1**.

Kodiak Cakes has failed to honor its consumer protection obligations and is in violation of the CLRA and other consumer protection laws.  This is a demand that within thirty (30) days, Kodiak Cakes cure these violations by performing the following:

1. Identify all consumers similarly situated or make a reasonable effort to identify such other consumers;
2. Notify all consumers that upon their request Kodiak shall make the appropriate correction, repair, replacement, or other remedy of the goods and services;
3. Refund Ms. Reid the full cost of the Kodiak products she purchased, plus reasonable compensation for her time in pursuing this action to date, and the costs and reasonable attorneys' fees incurred to date; and
4. Cease from engaging, or if immediate cessation is impossible or unreasonably expensive under the circumstances, Kodiak will within a reasonable time, cease to engage, in the methods, act, or practices described in this letter.

Please be advised that your failure to cure the violations detailed above for our clients and all others similarly situated within thirty (30) calendar days may subject you to the remedies available for violations of the CLRA including, but not limited to, (1) the actual damages suffered; (2) an order enjoining you from such methods, acts or practices; (3) restitution of property; (4) punitive damages; (5) court costs and attorneys' fees; and (6) any other relief which the court deems proper, and will result in our office filing a civil lawsuit in a California federal court on behalf of our clients and all others similarly situated.

Regards,

**FOX LAW, APC**

Courtney Vasquez, Esq.

**Enclosures**
Appendix 1: Kodiak Cakes Per-Product Misrepresentation Chart

## APPENDIX 1:  PER-PRODUCT MISREPRESENTATION CHART

| Product | Slack Fill | Free of Artificial Additives | No Preservatives | Non-GMO | Healthy | Protein-Packed |
|---|---|---|---|---|---|---|
| Power Cakes Buttermilk | x | x | | | x | |
| Power Cakes Cinnamon Oat | x | x | | | | |
| Power Cakes Almond Poppy Seed | x | x | | | x | |
| Power Cakes Chocolate Chip | x | x | | | x | |
| Power Cakes Dark Chocolate | x | x | | | x | |
| Power Cakes Strawberry Chocolate Chip | x | x | | | | |
| Power Cakes Peanut Butter | x | x | | x | x | |
| Energy Cakes Buttermilk & Chia | x | x | x | | | |
| Energy Cakes Pumpkin Flax | x | x | x | | | |
| Frontier Cakes Whole Wheat Oat & Honey | x | x | | | | x |
| Frontier Gluten Free Oat | x | x | | | x | |
| Frontier Cakes Buttermilk & Honey | x | x | | | | x |
| Carb-Conscious Buttermilk | x | x | | | x | |
| Plant-Based Classic | x | x | x | x | | |
| Muffin Mix Chocolate Chip | x | x | | | x | |
| Muffin Mix Blueberry | x | x | | | x | |
| Muffin Mix Blueberry Lemon | x | x | x | | x | |
| Muffin Mix Double Dark Chocolate | x | x | | x | x | |
| Brownie Mix Chocolate Fudge | x | x | x | x | x | x |

| Product | Slack Fill | Free of Artificial Additives | No Preservatives | Non-GMO | Healthy | Protein-Packed |
|---|---|---|---|---|---|---|
| Brownie Mix Triple Chocolate | x | x | x | x | x | x |
| Brownie Mix Double Dark Chocolate | x | x | x | x | x | x |
| Cookie Mix Chocolate Chip Oatmeal | x | x | | x | x | x |
| Blondie Mix Chocolate Chip | x | x | x | x | x | x |
| Cornbread Mix | x | x | x | x | x | |
| All-Purpose Mix | x | x | x | x | | |
| Protein Balls Oatmeal Chocolate Chip | x | x | | | x | |
| Protein Balls Oatmeal Dark Chocolate | x | x | | | x | |
| Power Waffles Blueberry | | x | | | x | |
| Power Waffles Buttermilk & Vanilla | | x | | | x | |
| Power Waffles Cinnamon | | x | | | x | |
| Power Waffles Chocolate Chip | | x | | x | x | |
| Power Waffles Homestead Style | | x | x | x | x | |
| Power Waffles Dark Chocolate | | x | | x | x | |
| Power Flapjacks Buttermilk | | x | | | | |
| Power Flapjacks Chocolate Chip | | x | | x | x | |
| Power Flapjacks Maple & Brown Sugar | | x | | | x | |
| Bear Bites Chocolate | | x | | | x | x |
| Bear Bites Graham Crackers | | x | | | x | x |
| Bear Bites Cinnamon | | x | | | x | x |
| Kodiak Cup - Chocolate Chip Muffin | | x | | | x | |
| Kodiak Cup – Cinnamon Roll Muffin | | x | | | x | |
| Kodiak Cup - Peanut Butter Chocolate Chip Oatmeal | | | | x | x | |
| Kodiak Cup – Buttermilk & Maple Flapjack | | x | | | x | |
| Kodiak Cup – Strawberry Chocolate Chip Flapjack | | x | | | x | |

| Product | Slack Fill | Free of Artificial Additives | No Preservatives | Non-GMO | Healthy | Protein-Packed |
|---|---|---|---|---|---|---|
| Kodiak Cup – Chocolate Fudge Brownie | | | | | x | |
| Kodiak Cup – Rocky Road Brownie | | x | | x | x | |
| Kodiak Cup – Cornbread | | x | | x | x | |
| Kodiak Cup – Mint Chocolate Brownie | | x | | x | x | |
| Kodiak Cup - S'mores Flapjack | | x | | | x | |
| Kodiak Cup – Almond Poppy Seed Muffin | | x | | | x | |
| Kodiak Cup – Chocolate Chip & Maple Flapjack | | x | | | x | |
| Kodiak Cup – Double Dark Chocolate Muffin | | x | | | x | |
| Kodiak Cup – Blueberry Muffin | | x | | | x | |
| Kodiak Cup - Blueberry & Maple Flapjack | | x | | | x | |
| Kodiak Cup – Maple & Brown Sugar Oatmeal | | | | | x | |
| Kodiak Cup - Cinnamon & Maple Flapjack | | x | | | x | x |
| Kodiak Cup – Chocolate Peanut Butter Brownie | | x | | x | x | |
| Kodiak Cup – Apple Cinnamon Muffin | | x | | | x | |
| Kodiak Cup – Pumpkin Dark Chocolate Muffin | | x | | | x | |
| Kodiak Cup – Cinnamon Oatmeal | | | | | x | |
| Kodiak Cup – Strawberry Dark Chocolate Oatmeal | | | | | x | |
| Kodiak Cup – Blueberries & Cream Oatmeal | | x | | | x | |

| Product | Slack Fill | Free of Artificial Additives | No Preservatives | Non-GMO | Healthy | Protein-Packed |
|---|---|---|---|---|---|---|
| Kodiak Cup – Caramel Oatmeal | | | | | x | |
| Kodiak Cup – Chocolate Chip Oatmeal | | | | | x | |



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®.*

OFFICIAL USE

Certified Mail Fee

$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)     $_____
☐ Return Receipt (electronic)   $_____
☐ Certified Mail Restricted Delivery  $_____
☐ Adult Signature Required      $_____
☐ Adult Signature Restricted Delivery $_____

8/26/20
$ 7.05
Postmark
Here
CM –
postig

Postage

$

Total Kodiak Cakes, LLC
Sent 3247 Santa Fe Road
Street Park City, UT 84098

City,

7019 2970 0002 1457 8043

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions



U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

7019 2970 0002 1451 3380

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)          $
☐ Return Receipt (electronic)        $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required            $
☐ Adult Signature Restricted Delivery $

Postage
$

Total Fee
$

Sent To   Kodiak Cakes, LLC
Street and  3247 Santa Fe Road
City, State  Park City, UT 84098

Postmark
Here

8/26/20
CCA-Kodiak
notice of
violation
of
CWA

PS Form 3800, April 2015 PSN 7530-02-000-9047          See Reverse for Instructions



August 21, 2020

<u>**Via Mail and E-mail**</u>

Eric Kizirian, Esq.
Mike Grimaldi, Esq.
Lewis Brisbois Bisgaard & Smith LLP
Eric.Kizirian@lewisbrisbois.com
Michael.Grimaldi@lewisbrisbois.com

Kodiak Cakes, LLC
3247 Santa Fe Road
Park City, UT 84098

Re:     <u>**PRE-FILING NOTICE PURSUANT TO MASS. ANN. LAWS CH. 93A, § 9**</u>

To Kodiak Cakes, LLC, and its attorneys of record,

**PLEASE TAKE NOTICE** that pursuant to Mass. Ann. Laws ch. 93A, § 9,  this letter will also constitute notice to Kodiak Cakes, LLC's ("Kodiak" or "you") of unfair and deceptive business practices relating to the packaging and marketing of Kodiak Cakes products.

Our client Julie Lussier is a resident of Massachusetts.  She purchased 36 different types of Kodiak products (see Appendix 2).  Ms. Lussier was exposed to the claims made on the packaging as well as in advertising materials, including on your website and through social media, among other advertising platforms.  Ms. Lussier purchased your products based upon central and material claims that they are healthy, contain no artificial ingredients or additives, have no preservatives, contain non-GMO ingredients, and are "packed" with high levels of protein.  Ms. Lussier was willing to pay more for these products based on these claims and/or would not have purchased Kodiak' products if she knew these claims were false.

*"Free of Artificial Additives."*  Ms. Lussier read and relied upon your widespread claims, both on packaging and in marketing materials, that your products "Artificial Additives" when deciding to purchase your products.  *See, e.g.* Package Claim ("[W]e use only 100% whole grains that are non-GMO and free of preservatives and artificial additives.").  She believed these claims to mean that your products contain no artificial or synthetic ingredients. Ms. Lussier is informed and believes that these claims are false and that these products actually contain artificial and synthesized substances such as monocalcium phosphate, sodium bicarbonate, and



sodium acid pyrophosphate ("SAPP"), among others.  Your overall product packaging and marketing platform is false and misleading to every single product that contains synthetic and artificial ingredient.

*"Free of Preservatives" and "No Preservatives."*  Ms. Lussier also read and relied upon your product claims that your products were "free of preservatives" and contained "no preservatives."  This claim is false as to all products that contain sodium acid pyrophosphate ("SAPP"), which has been defined by the FDA as "a synthetic chemical preservative," and other preservatives, such as maltodextrin.

*"Non-GMO."*  Similarly, Ms. Lussier relied on your statements that your products contain non-GMO ingredients.  She would not have purchased your products if she knew your products contained GMO ingredients.  Ms. Lussier is informed and believes that this claim is false, particularly as to all products that contain soy lecithin, soy protein, corn starch, or other GMO-ingredients.

*"Protein-Packed."*  Ms. Lussier also relied on your representations that the products she purchased were "Protein-Packed."  This representation misled Ms. Lussier into thinking that the products he purchased were "high" in protein or constituted an "excellent source" of protein.  These representations are false and likely to mislead a reasonable consumer as it did to our clients.  For example, the FDA regulations provide a benchmark for the ability to claim that a food product is "high," "rich in," or "excellent source of" a particular nutrient if meets a certain level of RDI or DRV.  21 C.F.R. § 101.54 (requiring the "food contains 20 percent or more of the RDI or the DRV per reference amount customarily consumed").  In order to claim that a product is high in protein, that product must have 10 grams or more of protein per serving.  *See id.*; *see also* 21 C.F.R. § 101.9(c)(7)(iii) ("a value of 50 grams of protein shall be the DRV for adults and children 4 or more years of age").  Several of your products do not contain levels of protein above 10 grams per serving and thus claims that the products are "Protein-Packed" are likely to mislead a reasonable consumer into thinking these foods are "high in" or constitute an "essential source of" protein when they do not.

*"Healthy."*  Ms. Lussier also bought these products based upon the representations that they are healthy and therefore she could feel good about eating your products and feeding them to their family.  When purchasing the products, she relied upon Kodiak Cakes' advertising and marketing that the products were "healthy."  Furthermore, Kodiak Cakes' main slogan in its packaging and advertising is "Nourishment for Today's Frontier" which also misled our clients to believing that the products he purchased were healthy and nourishing.

These general health and nourishment claims by Kodiak Cakes about the entirety of their product line are also false and misleading.  Several products actually contain unhealthy levels of



saturated fat and cholesterol and a high sugar content, among other unhealthy qualities.  Indeed, sugar is among the first ingredients listed on some of the baking mixes.  The FDA regulates the ability to claim that a product is "healthy" and several of your products do not meet these requirements.  For example, 21 C.F.R. § 101.65 (d)(2) provides that a product can be labeled as "healthy" if the product meets the following: (1) At least 10% of the DV of Vitamin A, Vitamin C, calcium, iron, protein or fiber (2) Less than 60mg of cholesterol, (3) Less than 3 grams of fat; and (4) Less than 1 gram of saturated fat.  Several products do not meet these standards, which provide a benchmark to show that these products are not in fact healthy as they claim to be.

***Slack Fill.***  Kodiak's cooking mixes also violate slack fill laws.  Your products are in an entirely non-transparent box that is filled substantially less than the capacity of the package by more than half.  This packaging misled Ms. Lussier, and is reasonably likely to mislead other consumers, into believing that the package contained more mix than it actually did.  Ms. Lussier would not have bought these products or paid as much as they did for them if they knew of this non-functional slack fill.  Ms. Lussier is informed and believes that the empty space in the package is for no functional purpose and therefore violates fair packaging laws.



*Example of Slack Fill Demonstration*

Please be advised that the alleged unfair and deceptive practices violate Mass. Gen. Laws Ann. ch.93A § 1 *et seq.* by the following deceptive and unfair practices, among others:

1. Using deceptive representations in connection with goods or services;
2. Representing that goods have characteristics, ingredients, uses, benefits or qualities that they do not have;
3. Representing that goods are of a particular standard, quality, or grade when they are another; and



4.  Advertising goods with intent not to sell them as advertised.

The products and deceptive practices at issue is described in **Appendix 1**.

Kodiak has failed to honor its consumer protection obligations and is in violation of the consumer protection laws of the State of Massachusetts.  This is a demand that within thirty (30) days, Kodiak cure these violations by tendering reasonable relief that includes the following:

1.  Identify all consumers similarly situated or make a reasonable effort to identify such other consumers;
2.  Notify all consumers that upon their request Kodiak shall make the appropriate correction, repair, replacement, or other remedy of the goods and services;
3.  Refund Ms. Lussier the full cost of the Kodiak products she purchased, plus reasonable compensation for her time in pursuing this action to date, and the costs and reasonable attorneys' fees incurred to date; and
4.  Cease from engaging, or if immediate cessation is impossible or unreasonably expensive under the circumstances, Kodiak will within a reasonable time, cease to engage, in the methods, act, or practices described in this letter.

Please be advised that your failure to cure the violations detailed above for our clients and all others similarly situated within thirty (30) calendar days may subject you to the remedies available for violations of Mass. Gen. Laws Ann. ch.93A § 1 *et seq.*  including, but not limited to, (1) the actual damages suffered; (2) an order enjoining you from such methods, acts or practices; (3) restitution of property; (4) double or treble damages; (5) court costs and attorneys' fees; and (6) any other relief which the court deems proper, and will result in our office filing a civil lawsuit in a California federal court, or other appropriate court, on behalf of our clients and all others similarly situated.

Regards,

**FOX LAW, APC**

Courtney Vasquez, Esq.

**Enclosures**
Appendix 1: Kodiak Cakes Per-Product Misrepresentation Chart
Appendix 2: List of Kodiak products purchased by Ms. Lussier

## APPENDIX 1:  PER-PRODUCT MISREPRESENTATION CHART

| Product | Slack Fill | Free of Artificial Additives | No Preservatives | Non-GMO | Healthy | Protein-Packed |
|---|---|---|---|---|---|---|
| Power Cakes Buttermilk | x | x | | | x | |
| Power Cakes Cinnamon Oat | x | x | | | | |
| Power Cakes Almond Poppy Seed | x | x | | | x | |
| Power Cakes Chocolate Chip | x | x | | | x | |
| Power Cakes Dark Chocolate | x | x | | | x | |
| Power Cakes Strawberry Chocolate Chip | x | x | | | | |
| Power Cakes Peanut Butter | x | x | | x | x | |
| Energy Cakes Buttermilk & Chia | x | x | x | | | |
| Energy Cakes Pumpkin Flax | x | x | x | | | |
| Frontier Cakes Whole Wheat Oat & Honey | x | x | | | | x |
| Frontier Gluten Free Oat | x | x | | | x | |
| Frontier Cakes Buttermilk & Honey | x | x | | | | x |
| Carb-Conscious Buttermilk | x | x | | | x | |
| Plant-Based Classic | x | x | x | x | | |
| Muffin Mix Chocolate Chip | x | x | | | x | |
| Muffin Mix Blueberry | x | x | | | x | |
| Muffin Mix Blueberry Lemon | x | x | x | | x | |
| Muffin Mix Double Dark Chocolate | x | x | | x | x | |
| Brownie Mix Chocolate Fudge | x | x | x | x | x | x |

| Product | Slack Fill | Free of Artificial Additives | No Preservatives | Non-GMO | Healthy | Protein-Packed |
|---|---|---|---|---|---|---|
| Brownie Mix Triple Chocolate | x | x | x | x | x | x |
| Brownie Mix Double Dark Chocolate | x | x | x | x | x | x |
| Cookie Mix Chocolate Chip Oatmeal | x | x | | x | x | x |
| Blondie Mix Chocolate Chip | x | x | x | x | x | x |
| Cornbread Mix | x | x | x | x | x | |
| All-Purpose Mix | x | x | x | x | | |
| Protein Balls Oatmeal Chocolate Chip | x | x | | | x | |
| Protein Balls Oatmeal Dark Chocolate | x | x | | | x | |
| Power Waffles Blueberry | | x | | | x | |
| Power Waffles Buttermilk & Vanilla | | x | | | x | |
| Power Waffles Cinnamon | | x | | | x | |
| Power Waffles Chocolate Chip | | x | | x | x | |
| Power Waffles Homestead Style | | x | x | x | x | |
| Power Waffles Dark Chocolate | | x | | x | x | |
| Power Flapjacks Buttermilk | | x | | | | |
| Power Flapjacks Chocolate Chip | | x | | x | x | |
| Power Flapjacks Maple & Brown Sugar | | x | | | x | |
| Bear Bites Chocolate | | x | | | x | x |
| Bear Bites Graham Crackers | | x | | | x | x |
| Bear Bites Cinnamon | | x | | | x | x |
| Kodiak Cup - Chocolate Chip Muffin | | x | | | x | |
| Kodiak Cup – Cinnamon Roll Muffin | | x | | | x | |
| Kodiak Cup - Peanut Butter Chocolate Chip Oatmeal | | | | x | x | |
| Kodiak Cup – Buttermilk & Maple Flapjack | | x | | | x | |
| Kodiak Cup – Strawberry Chocolate Chip Flapjack | | x | | | x | |

| Product | Slack Fill | Free of Artificial Additives | No Preservatives | Non-GMO | Healthy | Protein-Packed |
|---|---|---|---|---|---|---|
| Kodiak Cup – Chocolate Fudge Brownie | | | | | x | |
| Kodiak Cup – Rocky Road Brownie | | x | | x | x | |
| Kodiak Cup – Cornbread | | x | | x | x | |
| Kodiak Cup – Mint Chocolate Brownie | | x | | x | x | |
| Kodiak Cup - S'mores Flapjack | | x | | | x | |
| Kodiak Cup – Almond Poppy Seed Muffin | | x | | | x | |
| Kodiak Cup – Chocolate Chip & Maple Flapjack | | x | | | x | |
| Kodiak Cup – Double Dark Chocolate Muffin | | x | | | x | |
| Kodiak Cup – Blueberry Muffin | | x | | | x | |
| Kodiak Cup - Blueberry & Maple Flapjack | | x | | | x | |
| Kodiak Cup – Maple & Brown Sugar Oatmeal | | | | | x | |
| Kodiak Cup - Cinnamon & Maple Flapjack | | x | | | x | x |
| Kodiak Cup – Chocolate Peanut Butter Brownie | | x | | x | x | |
| Kodiak Cup – Apple Cinnamon Muffin | | x | | | x | |
| Kodiak Cup – Pumpkin Dark Chocolate Muffin | | x | | | x | |
| Kodiak Cup – Cinnamon Oatmeal | | | | | x | |
| Kodiak Cup – Strawberry Dark Chocolate Oatmeal | | | | | x | |
| Kodiak Cup – Blueberries & Cream Oatmeal | | x | | | x | |

| Product | Slack Fill | Free of Artificial Additives | No Preservatives | Non-GMO | Healthy | Protein-Packed |
|---|---|---|---|---|---|---|
| Kodiak Cup – Caramel Oatmeal | | | | | x | |
| Kodiak Cup – Chocolate Chip Oatmeal | | | | | x | |

**APPENDIX 2: List of Kodiak products purchased by Ms. Lussier**

|     | Product |
| --- | --- |
| 1. | Power Cakes Buttermilk |
| 2. | Power Cakes Chocolate Chip |
| 3. | Power Cakes Strawberry Chocolate Chip |
| 4. | Power Cakes Peanut Butter |
| 5. | Carb-Conscious Buttermilk |
| 6. | Muffin Mix Chocolate Chip |
| 7. | Muffin Mix Blueberry |
| 8. | Brownie Mix Chocolate Fudge |
| 9. | Brownie Mix Triple Chocolate |
| 10. | Cookie Mix Chocolate Chip Oatmeal |
| 11. | Blondie Mix Chocolate Chip |
| 12. | Power Waffles Buttermilk & Vanilla |
| 13. | Power Waffles Cinnamon |
| 14. | Power Waffles Chocolate Chip |
| 15. | Power Flapjacks Chocolate Chip |
| 16. | Power Flapjacks Maple & Brown Sugar |
| 17. | Bear Bites Chocolate |
| 18. | Bear Bites Graham Crackers |
| 19. | Bear Bites Cinnamon |
| 20. | Kodiak Cup - Chocolate Chip Muffin |
| 21. | Kodiak Cup – Cinnamon Roll Muffin |
| 22. | Kodiak Cup - Peanut Butter Chocolate Chip Oatmeal |
| 23. | Kodiak Cup – Buttermilk & Maple Flapjack |
| 24. | Kodiak Cup – Chocolate Fudge Brownie |
| 25. | Kodiak Cup – Rocky Road Brownie |
| 26. | Kodiak Cup – Mint Chocolate Brownie |
| 27. | Kodiak Cup - S'mores Flapjack |
| 28. | Kodiak Cup – Chocolate Chip & Maple Flapjack |
| 29. | Kodiak Cup – Blueberry Muffin |
| 30. | Kodiak Cup – Maple & Brown Sugar Oatmeal |
| 31. | Kodiak Cup - Cinnamon & Maple Flapjack |
| 32. | Kodiak Cup – Chocolate Peanut Butter Brownie |
| 33. | Kodiak Cup – Apple Cinnamon Muffin |
| 34. | Kodiak Cup – Cinnamon Oatmeal |
| 35. | Kodiak Cup – Caramel Oatmeal |
| 36. | Kodiak Cup – Chocolate Chip Oatmeal |



August 24, 2020

<u>**Via Mail and Email**</u>

Eric Kizirian, Esq.
Mike Grimaldi, Esq.
Lewis Brisbois Bisgaard & Smith LLP
Eric.Kizirian@lewisbrisbois.com
Michael.Grimaldi@lewisbrisbois.com

Kodiak Cakes, LLC
3247 Santa Fe Road
Park City, UT 84098

Re:    <u>**PRE-FILING NOTICE PURSUANT TO MASS. ANN. LAWS CH. 93A, § 9**</u>

To Kodiak Cakes, LLC, and its attorneys of record,

**PLEASE TAKE NOTICE** that pursuant to Mass. Ann. Laws ch. 93A, § 9, this letter will constitute notice of Kodiak Cakes, LLC's ("Kodiak" or "you") unfair and deceptive business practices relating to the packaging and marketing of Kodiak Cakes products.

Our client Suzanne Dagesse is a resident of Massachusetts.  She purchased 15 different types of Kodiak products (see Appendix 2).  Ms. Dagesse was exposed to the claims made on the packaging as well as in advertising materials, including on your website and through social media, among other advertising platforms.  Ms. Dagesse purchased your products based upon central and material claims that they are healthy and nourishing, contain no artificial ingredients or additives, have no preservatives, contain non-GMO ingredients, and are "packed" with high levels of protein.  Ms. Dagesse was willing to pay more for these products based on these claims and/or would not have purchased Kodiak' products if she knew these claims were false.

*"Free of Artificial Additives."*  Ms. Dagesse read and relied upon your widespread claims, both on packaging and in marketing materials, that your products "Artificial Additives" when deciding to purchase your products.  *See, e.g.* Package Claim ("[W]e use only 100% whole grains that are non-GMO and free of preservatives and artificial additives.").  She believed these claims to mean that your products contain no artificial or synthetic ingredients.  Ms. Dagesse is informed and believes that these claims are false and that these products actually contain artificial and synthesized substances such as monocalcium phosphate, sodium bicarbonate, and



sodium acid pyrophosphate ("SAPP"), among others.  Your overall product packaging and marketing platform is false and misleading to every single product that contains synthetic and artificial ingredient.

*"Free of Preservatives" and "No Preservatives."*  Ms. Dagesse also read and relied upon your product claims that your products were "free of preservatives" and contained "no preservatives."  This claim is false as to all products that contain sodium acid pyrophosphate ("SAPP"), which has been defined by the FDA as "a synthetic chemical preservative," and other preservatives, such as maltodextrin.

*"Non-GMO."*  Similarly, Ms. Dagesse relied on your statements that your products contain non-GMO ingredients.  She would not have purchased your products if she knew your products contained GMO ingredients.  Ms. Dagesse is informed and believes that this claim is false, particularly as to all products that contain soy lecithin, soy protein, corn starch, or other GMO-ingredients.

*"Protein-Packed."*  Ms. Dagesse also relied on your representations that the products she purchased were "Protein-Packed."  This representation misled Ms. Dagesse into thinking that the products she purchased were "high" in protein or constituted an "excellent source" of protein. These representations are false and likely to mislead a reasonable consumer as it did to Ms. Dagesse.  For example, the FDA regulations provide a benchmark for the ability to claim that a food product is "high," "rich in," or "excellent source of" a particular nutrient if meets a certain level of RDI or DRV.  21 C.F.R. § 101.54 (requiring the "food contains 20 percent or more of the RDI or the DRV per reference amount customarily consumed").  In order to claim that a product is high in protein, that product must have 10 grams or more of protein per serving.  *See id.*; *see also* 21 C.F.R. § 101.9(c)(7)(iii) ("a value of 50 grams of protein shall be the DRV for adults and children 4 or more years of age").  Several of your products do not contain levels of protein above 10 grams per serving and thus claims that the products are "Protein-Packed" are likely to mislead a reasonable consumer into thinking these foods are "high in" or constitute an "essential source of" protein when they do not.

*"Healthy."*  Ms. Dagesse also bought these products based upon the representations that they are healthy and therefore she could feel good about eating your products and feeding them to her family.  When purchasing the products, she relied upon Kodiak Cakes' advertising and marketing that the products were "healthy."  Furthermore, Kodiak Cakes' main slogan in its packaging and advertising is "Nourishment for Today's Frontier" which also misled our clients to believing that the products he purchased were healthy and nourishing.

These general health and nourishment claims by Kodiak Cakes about the entirety of their product line are also false and misleading.  Several products actually contain unhealthy levels of



saturated fat and cholesterol and a high sugar content, among other unhealthy qualities.  Indeed, sugar is among the first ingredients listed on some of the baking mixes.  The FDA regulates the ability to claim that a product is "healthy" and several of your products do not meet these requirements.  For example, 21 C.F.R. § 101.65 (d)(2) provides that a product can be labeled as "healthy" if the product meets the following: (1) At least 10% of the DV of Vitamin A, Vitamin C, calcium, iron, protein or fiber (2) Less than 60mg of cholesterol, (3) Less than 3 grams of fat; and (4) Less than 1 gram of saturated fat.  Several products do not meet these standards, which provide a benchmark to show that these products are not in fact healthy as they claim to be.

   ***Slack Fill.***  Kodiak's cooking mixes also violate slack fill laws.  Your products are in an entirely non-transparent box that is filled substantially less than the capacity of the package by more than half.  This packaging misled Ms. Dagesse, and is reasonably likely to mislead other consumers, into believing that the package contained more mix than it actually did.  Ms. Dagesse would not have bought these products or paid as much as they did for them if they knew of this slack fill.  Ms. Dagesse is informed and believes that the empty space in the package is for no functional purpose and therefore violates fair packaging laws.



*Example of Slack Fill Demonstration*

   Please be advised that the alleged unfair and deceptive practices violate Mass. Gen. Laws Ann. ch.93A § 1 *et seq.* by the following deceptive and unfair practices, among others:

1. Using deceptive representations in connection with goods or services;
2. Representing that goods have characteristics, ingredients, uses, benefits or qualities that they do not have;
3. Representing that goods are of a particular standard, quality, or grade when they are another; and



4.  Advertising goods with intent not to sell them as advertised.

The products and deceptive practices at issue is described in **Appendix 1**.

Kodiak has failed to honor its consumer protection obligations and is in violation of the consumer protection laws of the State of Massachusetts.  This is a demand that within thirty (30) days, Kodiak cure these violations by tendering reasonable relief that includes the following:

1.  Identify all consumers similarly situated or make a reasonable effort to identify such other consumers;
2.  Notify all consumers that upon their request Kodiak shall make the appropriate correction, repair, replacement, or other remedy of the goods and services;
3.  Refund Ms. Dagesse the full cost of the Kodiak products she purchased, plus reasonable compensation for her time in pursuing this action to date, and the costs and reasonable attorneys' fees incurred to date; and
4.  Cease from engaging, or if immediate cessation is impossible or unreasonably expensive under the circumstances, Kodiak will within a reasonable time, cease to engage, in the methods, act, or practices described in this letter.

Please be advised that your failure to cure the violations detailed above for our clients and all others similarly situated within thirty (30) calendar days may subject you to the remedies available for violations of Mass. Gen. Laws Ann. ch.93A § 1 *et seq.*  including, but not limited to, (1) the actual damages suffered; (2) an order enjoining you from such methods, acts or practices; (3) restitution of property; (4) double or treble damages; (5) court costs and attorneys' fees; and (6) any other relief which the court deems proper, and will result in our office filing a civil lawsuit in a California federal court, or other appropriate court, on behalf of our client and all others similarly situated.

Regards,

**FOX LAW, APC**

Courtney Vasquez, Esq.

**Enclosures**
Appendix 1: Kodiak Cakes Per-Product Misrepresentation Chart
Appendix 2: List of Kodiak products purchased by Ms. Dagesse

## APPENDIX 1:  PER-PRODUCT MISREPRESENTATION CHART

| Product | Slack Fill | Free of Artificial Additives | No Preservatives | Non-GMO | Healthy | Protein-Packed |
|---|---|---|---|---|---|---|
| Power Cakes Buttermilk | x | x | | | x | |
| Power Cakes Cinnamon Oat | x | x | | | | |
| Power Cakes Almond Poppy Seed | x | x | | | x | |
| Power Cakes Chocolate Chip | x | x | | | x | |
| Power Cakes Dark Chocolate | x | x | | | x | |
| Power Cakes Strawberry Chocolate Chip | x | x | | | | |
| Power Cakes Peanut Butter | x | x | | x | x | |
| Energy Cakes Buttermilk & Chia | x | x | x | | | |
| Energy Cakes Pumpkin Flax | x | x | x | | | |
| Frontier Cakes Whole Wheat Oat & Honey | x | x | | | | x |
| Frontier Gluten Free Oat | x | x | | | x | |
| Frontier Cakes Buttermilk & Honey | x | x | | | | x |
| Carb-Conscious Buttermilk | x | x | | | x | |
| Plant-Based Classic | x | x | x | x | | |
| Muffin Mix Chocolate Chip | x | x | | | x | |
| Muffin Mix Blueberry | x | x | | | x | |
| Muffin Mix Blueberry Lemon | x | x | x | | x | |
| Muffin Mix Double Dark Chocolate | x | x | | x | x | |
| Brownie Mix Chocolate Fudge | x | x | x | x | x | x |

| Product | Slack Fill | Free of Artificial Additives | No Preservatives | Non-GMO | Healthy | Protein-Packed |
|---|---|---|---|---|---|---|
| Brownie Mix Triple Chocolate | x | x | x | x | x | x |
| Brownie Mix Double Dark Chocolate | x | x | x | x | x | x |
| Cookie Mix Chocolate Chip Oatmeal | x | x | | x | x | x |
| Blondie Mix Chocolate Chip | x | x | x | x | x | x |
| Cornbread Mix | x | x | x | x | x | |
| All-Purpose Mix | x | x | x | x | | |
| Protein Balls Oatmeal Chocolate Chip | x | x | | | x | |
| Protein Balls Oatmeal Dark Chocolate | x | x | | | x | |
| Power Waffles Blueberry | | x | | | x | |
| Power Waffles Buttermilk & Vanilla | | x | | | x | |
| Power Waffles Cinnamon | | x | | | x | |
| Power Waffles Chocolate Chip | | x | | x | x | |
| Power Waffles Homestead Style | | x | x | x | x | |
| Power Waffles Dark Chocolate | | x | | x | x | |
| Power Flapjacks Buttermilk | | x | | | | |
| Power Flapjacks Chocolate Chip | | x | | x | x | |
| Power Flapjacks Maple & Brown Sugar | | x | | | x | |
| Bear Bites Chocolate | | x | | | x | x |
| Bear Bites Graham Crackers | | x | | | x | x |
| Bear Bites Cinnamon | | x | | | x | x |
| Kodiak Cup - Chocolate Chip Muffin | | x | | | x | |
| Kodiak Cup – Cinnamon Roll Muffin | | x | | | x | |
| Kodiak Cup - Peanut Butter Chocolate Chip Oatmeal | | | | x | x | |
| Kodiak Cup – Buttermilk & Maple Flapjack | | x | | | x | |
| Kodiak Cup – Strawberry Chocolate Chip Flapjack | | x | | | x | |

| Product | Slack Fill | Free of Artificial Additives | No Preservatives | Non-GMO | Healthy | Protein-Packed |
|---|---|---|---|---|---|---|
| Kodiak Cup – Chocolate Fudge Brownie | | | | | x | |
| Kodiak Cup – Rocky Road Brownie | | x | | x | x | |
| Kodiak Cup – Cornbread | | x | | x | x | |
| Kodiak Cup – Mint Chocolate Brownie | | x | | x | x | |
| Kodiak Cup - S'mores Flapjack | | x | | | x | |
| Kodiak Cup – Almond Poppy Seed Muffin | | x | | | x | |
| Kodiak Cup – Chocolate Chip & Maple Flapjack | | x | | | x | |
| Kodiak Cup – Double Dark Chocolate Muffin | | x | | | x | |
| Kodiak Cup – Blueberry Muffin | | x | | | x | |
| Kodiak Cup - Blueberry & Maple Flapjack | | x | | | x | |
| Kodiak Cup – Maple & Brown Sugar Oatmeal | | | | | x | |
| Kodiak Cup - Cinnamon & Maple Flapjack | | x | | | x | x |
| Kodiak Cup – Chocolate Peanut Butter Brownie | | x | | x | x | |
| Kodiak Cup – Apple Cinnamon Muffin | | x | | | x | |
| Kodiak Cup – Pumpkin Dark Chocolate Muffin | | x | | | x | |
| Kodiak Cup – Cinnamon Oatmeal | | | | | x | |
| Kodiak Cup – Strawberry Dark Chocolate Oatmeal | | | | | x | |
| Kodiak Cup – Blueberries & Cream Oatmeal | | x | | | x | |

| Product | Slack Fill | Free of Artificial Additives | No Preservatives | Non-GMO | Healthy | Protein-Packed |
|---|---|---|---|---|---|---|
| Kodiak Cup – Caramel Oatmeal | | | | | x | |
| Kodiak Cup – Chocolate Chip Oatmeal | | | | | x | |

**Appendix 2 – List of Kodiak Cakes Products Purchased by Ms. Dagesse**

| | Kodiak Cakes Product |
|---|---|
| 1. | Power Cakes Buttermilk |
| 2. | Power Cakes Chocolate Chip |
| 3. | Power Cakes Peanut Butter |
| 4. | Frontier Cakes Whole Wheat Oat & Honey |
| 5. | Muffin Mix Blueberry |
| 6. | Muffin Mix Blueberry Lemon |
| 7. | Brownie Mix Chocolate Fudge |
| 8. | Cookie Mix Chocolate Chip Oatmeal |
| 9. | Cornbread Mix |
| 10. | Power Waffles Blueberry |
| 11. | Power Waffles Buttermilk & Vanilla |
| 12. | Power Waffles Homestead Style |
| 13. | Kodiak Cup – Chocolate Chip & Maple Flapjack |
| 14. | Kodiak Cup – Blueberry Muffin |
| 15. | Kodiak Cup – Chocolate Chip Oatmeal |

# EXHIBIT C

You are viewing an archived web page, collected at the request of U.S Food and Drug Administration    hide
using Archive-It. This page was captured on 19:30:00 Jan 12, 2017, and is part of the FDA.gov
collection. The information on this web page may be out of date. See All versions of this archived page.



## Archived Content

The content on this page is provided for reference purposes only. This content has not
been altered or updated since it was archived.

Search Archive

Home Inspections, Compliance, Enforcement, and Criminal Investigations Compliance Actions and Activities Warning
Letters 2011

## Inspections, Compliance, Enforcement, and Criminal Investigations

### Alexia Foods, Inc 11/16/11



**Department of Health and Human Services**

Public Health Service
Food and Drug Administration
College Park, Maryland

**WARNING LETTER**
**NOV 16, 2011**

**OVERNIGHT MAIL**
**RETURN RECEIPT REQUESTED**

Alex Dzieduszycki, CEO/President
Alexia Foods, Inc.
51-02 21st Street, #3B
Long Island City, New York 11101

Dear Mr. Dzieduszycki:

The U.S. Food and Drug Administration (FDA) has reviewed the labels for your Alexia brand Roasted Red Potatoes
& Baby Portabella Mushrooms products.  Based on our review, we have concluded that these products are in
violation of the Federal Food, Drug, and Cosmetic Act (the Act).  You can find copies of the Act and the FDA
regulations through links in FDA's home page at http://www.fda.gov[1].

Your Alexia brand Roasted Red Potatoes & Baby Portabella Mushrooms product is misbranded within the meaning
of section 403(a)(1) of the Act [21 U.S.C. 343(a)(1)], which states that a food shall be deemed to be misbranded
if its labeling is false or misleading in any particular.  The phrase "All Natural" appears at the top of the principal
display panel on the label. FDA considers use of the term "natural" on a food label to be truthful and non-
misleading when "nothing artificial or synthetic…has been included in, or has been added to, a food that would
not normally be expected to be in the food." [58 FR 2302, 2407, January 6, 1993].

Your Alexia brand Roasted Red Potatoes & Baby Portabella Mushrooms product contains disodium dihydrogen
pyrophosphate, which is a synthetic chemical preservative. Because your products contain this synthetic
ingredient, the use of the claim "All Natural" on this product label is false and misleading, and therefore your
product is misbranded under section 403(a)(1) of the Act.

We note that your Alexia brand products market a number of food products with the "All Natural" statement on the label. We recommend that you review all of your product labels to be consistent with our policy to avoid additional misbranding of your food products.

This letter is not intended to be an all-inclusive review of your products and their labeling. It is your responsibility to ensure that all of your products and labeling comply with the Act and its implementing regulations. You should take prompt action to correct the violations cited in this letter. Failure to do so may result in enforcement action without further notice. Such action may include, but is not limited to, seizure or injunction.

Please respond in writing within fifteen (15) working days from your receipt of this letter. Your response should outline the specific actions you are taking to correct these violations and to prevent similar violations. You should include in your response documentation, such as revised labels or other useful information, that would assist us in evaluating your corrections. If you cannot complete all corrections before you respond, we expect that you will explain the reason for the delay and state when you will correct any remaining violations.

Your written response should be sent to Latasha Robinson, Food and Drug Administration, Center for Food Safety and Applied Nutrition, 5100 Paint Branch Parkway, Office of Compliance (HFS-608), Division of Enforcement, College Park, Maryland 20740-3835. If you have any questions, please contact Ms. Robinson at 301-436-1890.

Sincerely yours,
/S/
Michael W. Roosevelt
Acting Director
Office of Compliance
Center for Food Safety
    and Applied Nutrition

cc: New York District Office

Page Last Updated: 11/27/2011
Note: If you need help accessing information in different file formats, see Instructions for Downloading Viewers and Players.
Language Assistance Available: Español | 繁體中文 | Tiếng Việt | 한국어 | Tagalog | Русский | العربية | Kreyòl Ayisye | Français | Polski | Português | Italiano | Deutsch | 日本語 | فارسی | English

Accessibility Contact FDA Careers FDA Basics FOIA No FEAR Act Site Map Nondiscrimination Website Policies



U.S. Food and Drug Administration
10903 New Hampshire Avenue
Silver Spring, MD 20993
Ph. 1-888-INFO-FDA (1-888-463-6332)
Contact FDA



For Government For Press

Combination Products Advisory Committees Science & Research Regulatory Information Safety Emergency Preparedness International Programs News & Events Training and Continuing Education Inspections/Compliance State & Local Officials Consumers Industry Health Professionals FDA Archive

U.S. Department of **Health & Human Services**

**Links on this page:**

1. https://wayback.archive-it.org/7993/20170112193000/http://www.fda.gov/

# EXHIBIT D

DAVE FOX (Bar No. 254651)
JOANNA FOX (Bar No. 272593)
COURTNEY VASQUEZ (Bar No. 267081)
**FOX LAW, APC**
225 W. Plaza Street, Suite 102
Solana Beach, CA 92075
Tel:  858-256-7616
Fax: 858-256-7618
Email: Dave@FoxLawAPC.com
       Joanna@FoxLawAPC.com
       Courtney@FoxLawAPC.com

*Attorneys for Plaintiffs and*
*the Proposed Class*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TY STEWART, JOCELYN FIELDING, LAUREENE BUCK and ANNA ALTOMARE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KODIAK CAKES, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 3:19-cv-02454-MMA-MSB<br><br>**CLASS ACTION**<br><br>**AFFIDAVIT OF DAVE A. FOX PURSUANT TO CALIFORNIA CIVIL CODE § 1780(d)**<br><br><br>**DEMAND FOR JURY TRIAL** |

I, Dave A. Fox, declare:

1.      I am an attorney duly licensed to practice before all of the courts of the State of California and the Southern District of California.  I am the founder of Fox Law, APC, and counsel of record for the Plaintiffs in the above entitled action.  I have personal knowledge of the facts alleged herein.

2.      Defendant Kodiak Cakes markets and sells the Kodiak Cakes products that are the subject of this action throughout the United States, including in San Diego County.  Plaintiffs Ty Stewart, Jocelyn Fielding, and Laureene Buck reside in San Diego County and purchased one or more of the Kodiak Cakes products at issue in San Diego County.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on August 28, 2020, at San Diego, California.

s/ Dave Fox
DAVE FOX
dave@foxlawapc.com

AFFIDAVIT OF DAVE A. FOX PURSUANT TO CALIFORNIA CIVIL CODE § 1780(D)