DAVE FOX (Bar No. 254651)
dave@foxlawapc.com
JOANNA FOX (Bar No. 272593)
joanna@foxlawapc.com
COURTNEY VASQUEZ (Bar No. 267081)
courtney@foxlawapc.com
**FOX LAW, APC**
225 W. Plaza Street, Suite 102
Solana Beach, CA 92075
Tel: 858-256-7616
Fax: 858-256-7618

*Attorneys for Plaintiffs and the Proposed Class*

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
ERIC Y. KIZIRIAN, SB# 210584
  E-Mail: Eric.Kizirian@lewisbrisbois.com
MICHAEL K. GRIMALDI, SB# 280939
  E-Mail: Michael.Grimaldi@lewisbrisbois.com
DANIELLE E. STIERNA, SB# 317156
  E-Mail: Danielle.Stierna@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant KODIAK CAKES, LLC

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TY STEWART, et al., *individually and on behalf of all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>KODIAK CAKES, LLC,<br><br>Defendants. | CASE NO.: 19cv2454-MMA (MSB)<br><br>**CLASS ACTION**<br><br>**JOINT MOTION TO AMEND SCHEDULING ORDER REGULATING DISCOVERY AND THE DEADLINE TO FILE A MOTION FOR CLASS CERTIFICATION**<br><br>District Judge: Hon. Michael M. Anello<br>Courtroom: 3D<br><br>Magistrate Judge: Hon. Michael S. Berg<br>Courtroom: 2C |

1          Pursuant to Local Rule 7.2 and Federal Rule of Civil Procedure 16(b)(4), Plaintiffs Ty Stewart, Jocelyn Fielding, Laureene Buck, Anna Altomare, Vicki Siverling, Tracy Hall, Mary McLeroy, Chad Humphrey, Robert Riddell, Victoria Johnson, Michael Smith, Harry Malakoff, Alyson Martin, Robin Curless, Jennifer Jenkins, Mary Hillary Pfeiffer, Suzanne Dagesse, Julie Lussier, Julie Stocker, Ivan Blanco, Eliza Reid, Evelyn Hernandez, and Danielle Arno, individually and on behalf of all others similarly situated (collectively, "Plaintiffs"), and Defendant Kodiak Cakes, LLC ("Kodiak" or "Defendant"), by and through their undersigned counsel, hereby stipulate to amend the current schedule regarding class certification discovery and Plaintiffs' motion for class certification as follows:

   1.    The deadline to serve all interrogatories, requests for admission, and document production requests necessary for the class certification motion is extended 150 days through and including **April 30, 2021.**

   2.    Plaintiffs' deadline to file their motion for class certification is extended 150 days through and including **June 28, 2021.**

   In support of this Joint Motion, the parties state as follows:

### *Relevant History Relating to the Status of Discovery*

   WHEREAS, this is a complex class action involving 23 plaintiffs from 11 different states, 64 different Kodiak products, and Plaintiffs have alleged six different theories of liability regarding slack fill and false and misleading marketing representations;

   WHEREAS, this Court held the first Case Management Conference in this action on June 11, 2020 (ECF # 28);

   WHEREAS, leading up to the Case Management Conference, the parties submitted a Joint Discovery Plan (ECF # 23);

   WHEREAS, in the Joint Discovery Plan, Plaintiffs requested approximately 12 months before the class certification motion deadline to permit discovery on class certification issues (ECF #23 at 9);

WHEREAS, Kodiak requested a shorter timeframe and the Court indicated at the Case Management Conference it generally did not issue schedules with timeframes like those originally requested by Plaintiffs' counsel. The following day, the Court issued the Scheduling Order Regulating Discovery and Other Pre-Trial Proceedings ("Scheduling Order") setting the deadline for the parties to serve all written discovery necessary for the class certification motion by December 28, 2020 (ECF # 29, ¶ 5);

WHEREAS, the Scheduling Order further set the deadline for Plaintiffs to file their motion for class certification on or before February 26, 2021[1] (ECF # 29, ¶ 7);

WHEREAS, following the June 11 Case Management Conference, Plaintiffs commenced discovery. Within a week, Plaintiffs served a 30(b)(6) deposition notice to Kodiak's Person Most Knowledgeable on issues of document maintenance and retention issues. This notice sought to streamline Plaintiffs' discovery requests and determine the type of documents on relevant issues Kodiak maintained and where and how they were stored (Vasquez Decl. ¶ 2);

WHEREAS, on June 26, 2020, Kodiak served a response to the 30(b)(6) notice that consisted entirely of objections (*id.* ¶ 3);

WHEREAS, a week later on July 2, 2020, Plaintiffs served a meet and confer letter addressing Kodiak's objections (*id.* ¶ 4);

WHEREAS, on July 7, 2020, counsel for the parties had a meet and confer call regarding Kodiak's objections to the 30(b)(6) notice (*id.* ¶ 5);

WHEREAS, over the next week, counsel for the parties continued to meet and confer over Kodiak's objections. In furtherance of these efforts, on July 17,

/ / /

---

[1] The Scheduling Order mistyped the deadline as February 26, 2020. The Court corrected the deadline in its September 17, 2020 Order Correcting Deadline for Class Certification Motion (ECF # 39).

1  2020, Kodiak's counsel provided informal responses as to the type of data Kodiak
2  retains and how it is stored (*id.* ¶ 6);
3        WHEREAS, on the basis of the information that was provided informally by
4  Kodiak's counsel, Plaintiffs determined to postpone any 30(b)(6) deposition and
5  proceeded with its First Request for Production of Documents, which Plaintiffs
6  served on July 28, 2020 (*id.* ¶ 7);
7        WHEREAS, Plaintiffs' First Request for Production of Documents contained
8  84 requests seeking information for class certification including: (i) sales and
9  pricing data, (ii) consumer feedback and expectations, (iii) product identification,
10 product differentiation in the marketplace, advertising and marketing, label and
11 packaging design and versions, (iv) communications with retailers, distributors,
12 industry groups and governmental bodies regarding the claims at issue, and (v)
13 information to support common proof regarding the alleged falsity of the claims (*id.*
14 ¶ 8);
15       WHEREAS, on August 27, 2020, Kodiak served its written response and
16 objections to Plaintiffs (*id.* ¶ 9);
17       WHEREAS, on September 14, 2020, Plaintiffs served a 15-page letter in
18 their effort to meet and confer regarding Kodiak's objections (*id.* ¶ 10, Ex. 1);
19       WHEREAS, on September 18, 2020, the parties had a telephone conference
20 to continue meet and confer discussions regarding Kodiak's objections to the
21 Plaintiffs First Request for Production. During this conference, Kodiak stated that
22 it intended to produce documents for several RFP categories despite its objections.
23 Kodiak also previewed some of the challenges it was facing in collecting
24 responsive documents. These challenges included accessing social media
25 advertising, producing high resolution label images, and collecting consumer
26 feedback. Kodiak represented to Plaintiffs that it was diligently working to produce
27 responsive documents (*id.* ¶ 11);
28 / / /

|   |   |
|---|---|
| 1 | WHEREAS, to allow Kodiak additional time to address it challenges, on |
| 2 | September 23, 2020, the parties filed a Joint Motion to Extend the Deadline to |
| 3 | Compel Responses to Plaintiffs' Requests for Production, which the Court granted |
| 4 | (ECF # 42-43); |
| 5 | WHEREAS, on September 29, 2020, Kodiak served its first set of |
| 6 | interrogatories and requests for production to Plaintiffs (Vasquez Decl. ¶ 12); |
| 7 | WHEREAS, on October, 23, 2020, Plaintiffs sent an email to defense |
| 8 | counsel inquiring when Plaintiffs could expect a production and requesting that |
| 9 | documents be produced immediately, and at a minimum on a rolling basis, since it |
| 10 | had been approximately one month since the Parties' meet and confer (*id.* ¶ 13, Ex. |
| 11 | 2); |
| 12 | WHEREAS, on October 29, 2020, Plaintiffs provided its objections and |
| 13 | responses to Kodiak's first set of written discovery.  Plaintiffs objected in its |
| 14 | entirety to Kodiak's interrogatories on the grounds that the interrogatories violated |
| 15 | Fed. R. Civ. P. 33(a)(1) as to their form along with other substantive objections (*id.* |
| 16 | ¶ 14); |
| 17 | WHEREAS, on November 3, 2020, Kodiak sent an email to Plaintiffs' |
| 18 | counsel on the status of its production.  Kodiak indicated to Plaintiffs' counsel that |
| 19 | it would not be producing certain sales and pricing data compiled by a third-party |
| 20 | vendor, SPINS, due to a contractual obligation with this vendor not to produce this |
| 21 | information without a subpoena.  Kodiak also raised issues regarding collection of |
| 22 | consumer feedback through direct communications with Kodiak and Facebook and |
| 23 | Instagram direct messaging (*id.* ¶ 15); |
| 24 | WHEREAS, on November 9, 2020, Kodiak produced its first production of |
| 25 | documents.  This was a limited production that included 311 pages of responsive |
| 26 | material and a spreadsheet with links to versions of the labels for the products from |
| 27 | the period 2015-2020.  The production did not include any sales data or advertising |
| 28 | and marketing data, among several other categories of documents pertinent to class |

1    certification.  In addition, the production included a handful of emails on the issue
2    regarding Kodiak's claim that its products are "Non-GMO."  (*id.* ¶ 16);
3           WHEREAS, on November 18, 2020, Kodiak sent a meet and confer letter to
4    Plaintiffs regarding Plaintiffs' responses and objections to Kodiak's written
5    discovery and requested a meet and confer conference as soon as possible;
6           WHEREAS, Plaintiffs' counsel accommodated Kodiak's request and the
7    parties met and conferred on November 24, 2020.  Plaintiffs re-iterated their
8    position on the improper form of the interrogatories and left the decision with
9    Kodiak to revise the form of the discovery or represent to Plaintiffs whether the
10   parties were at a stalemate on the issue.  The parties discussed these issues in brief
11   before the most recent Status Conference and are continuing to meet and confer on
12   a potential resolution but have not yet reached an agreement;
13          WHEREAS, on November 20, 2020, Plaintiffs produced their first
14   production of documents along with amended responses to Kodiak's Requests for
15   Production.  This was soon followed by a supplemental production on December 4,
16   2020 (*id.* ¶ 18);
17          WHEREAS, on November 25, 2020, the parties agreed to make a further
18   request to the Court to extend the deadline to raise a discovery dispute on Kodiak's
19   responses to Requests for Production through and including December 18, 2020,
20   based upon Kodiak's position that additional documents would be forthcoming.
21   The parties also agreed to extend the deadline for Kodiak to raise a dispute with the
22   Court regarding Plaintiffs' responses to discovery, which the Court granted (*id.* ¶
23   19; *see also* ECF # 60-61);
24          WHEREAS, on December 4, 2020, Kodiak produced 18 additional
25   documents/reports that consisted of sales and advertising data (Vasquez Decl. ¶ 20);
26          WHEREAS, the day following the Court's telephonic status conference
27   before Magistrate Judge Berg on December 17, 2020, Kodiak made a further
28   production of responsive documents (Vasquez Decl. ¶ 21);

1    WHEREAS, at the time of filing this Motion, Kodiak has produced 5,335 pages of documents. The parties still have a significant amount to work to do on discovery, and several categories of documents/information remain to be produced on both sides.  The parties have been diligent in trying to meet and confer on issues and have not had yet had to involve the Court in any discovery dispute;

Whereas, as one example, the parties have a significant amount of work and meeting and conferring to do on ESI and electronic documents/communications on Kodiak's servers, including what is needed, the burdens/costs, search terms, custodians etc.  Kodiak has raised the issue of a need for an ESI stipulation, and it is currently in the process of drafting one (Vasquez Decl. ¶ 22);

WHEREAS, Plaintiffs have been diligent in pursuing necessary discovery for their class certification briefing and have been reasonable with Kodiak given Kodiak's difficulties in identifying, collecting and producing responsive documents.  It has been six months since Plaintiffs commenced discovery and Plaintiffs submit several key categories of documents pertinent to class certification remain outstanding.  Furthermore, once a more complete production is made, Plaintiffs will need additional time to conduct follow-up discovery and notice relevant depositions (*id.* ¶ 23);

WHEREAS, Kodiak submits it has been working diligently to gather responsive documents and this case and the *Minor* action mentioned below are stretching its resources.  The following three examples are illustrative of the reason it is taking a lot of time for Kodiak to produce documents. *First*, Plaintiffs requested advertising and marketing documents for the claims and representations at issue for the relevant time period.  All or nearly of Kodiak's advertising was done online and through social media.  The process of collecting online advertising information took multiple months of time for an already busy Kodiak employee and Kodiak's counsel time figuring out how to produce this information and to run reports.  In some cases, it took contacting Facebook/Instagram to determine how to

run the correct reports and produce the reports that contain information on hundreds/thousands of ads/campaigns.

*Second*, regarding consumer feedback and emails, Kodiak maintains one public-facing email called flapjacks@kodiak.com and it alone includes around 23 gigs in size. Kodiak is investigating how to sort the emails to see if it can avoid pulling thousands of emails that have no chance of being responsive such as emails related to possible order problems like shipping delays. This project alone is likely to entail sizable eDiscovery costs.

*Third*, regarding social media messages, the current estimate of Facebook and Instagram direct messages since 2015 is around 250,000. Kodiak gets around 200+ direct messages a day on Instagram alone. For example, every time someone tags Kodiak in an Instagram story, that creates a direct message to Kodiak. Kodiak does not have time to copy as paste all those into a document, or screenshot them all—this likely would entail weeks of work. Kodiak reached out to Instagram asking about batch downloads per your request, but this is unlikely on that service. Kodiak is still waiting for a response from a company that Kodiak previously used that might be able to export all the DM's from Facebook and Twitter (not Instagram). Whether any of these thousands of messages are relevant would require substantial time and costs;

WHEREAS, Kodiak has also been diligent in pursuing discovery from plaintiffs. Kodiak likewise is pursuing a complete production and information response from plaintiffs on its outstanding requests;

WHEREAS, more time is needed for Kodiak to finish producing documents and Plaintiffs to review it before being in a position to move for class certification, and vice versa. Thus, there is good cause to extend the deadline for Plaintiffs to file their motion for class certification (*id.* ¶ 24).

/ / /

/ / /

### *The Pleadings Are Not Presently Set*

WHEREAS, consistent with the Scheduling Order, Plaintiffs filed a motion seeking leave to file a First Amended Class Action Complaint ("FAC") on August 28, 2020 (ECF # 34);

WHEREAS, in response, Kodiak agreed to permit the filing of the FAC and Plaintiffs agreed to extend the time that Kodiak had to file its response to the pleading, which the Court approved (ECF #35-46);

WHEREAS, Plaintiffs filed the FAC on September 15, 2020. (ECF # 37.) The FAC added 19 plaintiffs from the following eleven states: California, Colorado, Connecticut, Florida, Illinois, Massachusetts, Michigan, Missouri, New Jersey, New York and Washington. (ECF # 37.) The FAC also pled additional facts related to the products and claims at issue and the scope of the class-wide relief sought (ECF # 37);

WHEREAS, on October 28, 2020, Kodiak filed its Motion to Dismiss/Strike the FAC (ECF # 44);

WHEREAS, on December 7, 2020, Plaintiffs filed their Opposition to Kodiak's Motion to Dismiss/Strike (ECF # 62);

WHEREAS, Kodiak's Reply was filed December 21, 2020, and the Motion is scheduled to be heard on January 11, 2020 (ECF # 59);

WHEREAS, given the current posture of the pleadings, there is good cause to extend the deadline for class certification to allow for the pleadings to be set and give counsel sufficient time to prepare for class certification briefing once the parties and claims are certain (Vasquez Decl. ¶ 25).

### *The Minor v. Kodiak Action in the Northern District of California*

WHEREAS, on November 6, 2020, Kodiak filed a notice of a related class action case against Kodiak venued in the Northern District of California, *Minor v. Kodiak Cakes*, et al, 3:20-cv-02901-RS. (ECF # 57). The motion for class certification in this *Minor* action is currently due on May 24, 2021 and Kodiak's

opposition is currently due on June 24, 2021.  Kodiak's counsel cannot brief both class certification oppositions at the same time.  Kodiak filed similar related-case notices in both actions because Kodiak wanted to alert all parties and courts of the burdens Kodiak is facing in defending two class actions that are both requesting extensive discovery and have similar postures.

**WHEREFORE, IT IS HEREBY STIPULATED AND AGREED TO BY THE PARTIES**, by and through their respective undersigned attorneys, that the Scheduling Order be amended as follows:

1. The deadline to serve all interrogatories, requests for admission, and document production requests necessary for the class certification motion is extended 150 days through and including **April 30, 2021.**

2. Plaintiffs' deadline to file their motion for class certification is extended 150 days through and including **June 28, 2021.**

Respectfully submitted,

Date: December 24, 2020   **FOX LAW, APC**

s/ Courtney Vasquez
DAVE FOX
JOANNA FOX
COURTNEY VASQUEZ
*Attorneys for Plaintiffs and the Proposed Class*

Date: December 24, 2020   **LEWIS BRISBOIS BISGAARD & SMITH LLP**

s/ Michael Grimaldi
ERIC KIZIRIAN
MICHAEL GRIMALDI
DANIELLE STIERNA
*Attorneys for Defendant Kodiak Cakes, LLC*

# **SIGNATURE CERTIFICATION**

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to Michael Grimaldi, counsel for Defendant, and that I have obtained his authorization to affix his signature to this document.

Date: December 24, 2020                    **FOX LAW, APC**

s/ Courtney Vasquez
COURTNEY VASQUEZ
courtney@foxlawapc.com