<pre>
DAVE FOX (Bar No. 254651)
dave@foxlawapc.com
JOANNA FOX (Bar No. 272593)
joanna@foxlawapc.com
COURTNEY VASQUEZ (Bar No. 267081)
courtney@foxlawapc.com
</pre>
**FOX LAW, APC**
225 W. Plaza Street, Suite 102
Solana Beach, CA 92075
Tel: 858-256-7616
Fax: 858-256-7618

*Attorneys for Plaintiffs and the Proposed Class*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TY STEWART, et al., *individually and on behalf of all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>KODIAK CAKES, LLC,<br><br>Defendants. | CASE NO.: 19cv2454-MMA (MSB)<br><br>**CLASS ACTION**<br><br>**DECLARATION OF COURTNEY VASQUEZ IN SUPPORT OF JOINT MOTION TO AMEND SCHEDULING ORDER REGULATING DISCOVERY AND THE DEADLINE TO FILE A MOTION FOR CLASS CERTIFICATION**<br><br>District Judge: Hon. Michael M. Anello<br>Courtroom: 3D<br><br>Magistrate Judge: Hon. Michael S. Berg<br>Courtroom: 2C |

I, Courtney M. Vasquez, declare:

1. I am an attorney licensed to practice law in the State of California. I am an attorney at the law firm Fox Law, APC, attorneys of record for Plaintiffs in the above-entitled action. I have personal knowledge of each fact stated in this declaration and, if called as a witness, would and could testify competently to each fact stated herein.

2. Following the June 11 Case Management Conference, Plaintiffs commenced discovery. One June 19, 2020, Plaintiffs served Kodiak's counsel with a 30(b)(6) deposition notice to Kodiak's Person Most Knowledgeable on issues of document maintenance and retention issues. The purpose of this notice was to streamline Plaintiffs' discovery requests and determine the type of documents on relevant issues Kodiak maintained and where and how they were stored.

3. On June 26, 2020, Kodiak served a response to the 30(b)(6) notice that consisted entirely of objections.

4. A week later, on July 2, 2020, I sent a meet and confer letter to Kodiak's counsel addressing Kodiak's objections to the 30(b)(6) notice.

5. On July 7, 2020, I had a meet and confer call with Michael Grimaldi, Kodiak's counsel, regarding Kodiak's objections to the 30(b)(6) notice.

6. After the call, Mr. Grimaldi and I continued to meet and confer over Kodiak's objections. On July 17, 2020, Mr. Grimaldi sent an email to me with informal responses as to the type of data Kodiak retains and how it is stored.

7. On the basis of the information Mr. Grimaldi provided, Plaintiffs determined to postpone any 30(b)(6) deposition and promptly proceeded with its First Request for Production of Documents, which Plaintiffs served on July 28, 2020.

8. Plaintiffs' First Request for Production of Documents contained 84 requests seeking information for class certification including: (i) sales and pricing data, (ii) consumer feedback and expectations, (iii) product identification, product

differentiation in the marketplace, advertising and marketing, label and packaging design and versions, (iv) communications with retailers, distributors, industry groups and governmental bodies regarding the claims at issue, and (v) information to support common proof regarding the falsity of the claims.

9.  On August 27, 2020, Kodiak served Plaintiffs with its written response and objections to Plaintiffs First Request for Production of Documents.

10. On September 14, 2020, I sent a 15-page letter addressing Kodiak's objections to each of the document requests. A true and correct copy of this letter is attached hereto as **Exhibit 1**.

11. On September 18, 2020, I had a telephone conference with Mr. Grimaldi to continue meet and confer discussions regarding Kodiak's objections to the Plaintiffs First Request for Production. During this conference, Mr. Grimaldi represented that Kodiak intended to produce documents for several RFP categories despite its objections. Mr. Grimaldi also discussed some of the challenges that Kodiak was facing in collecting responsive documents. These challenges included accessing social media advertising, producing high resolution label images, and collecting consumer feedback. Mr. Grimaldi represented that Kodiak was diligently working to produce responsive documents.

12. On September 29, 2020, Kodiak served its first set of interrogatories and requests for production to Plaintiffs.

13. On October, 23, 2020, I sent an email to defense counsel inquiring when Plaintiffs could expect a production and requesting that documents be produced immediately, and at a minimum on a rolling basis, since it had been approximately one month since the Parties' meet and confer. Attached hereto as **Exhibit 2** is a true and correct copy of the email I sent to Mr. Grimaldi.

14. On October 29, 2020, Plaintiffs served objections and responses to Kodiak's first set of written discovery. Plaintiffs' objected in its entirety to Kodiak's interrogatories on the grounds that the interrogatories violated Fed. R. Civ. P.

1  33(a)(1) as to their form along with other substantive objections.

2  15. On November 3, 2020, Mr. Grimaldi sent me an email on the status of its production. Mr. Grimaldi indicated that Kodiak would not be producing certain sales and pricing data compiled by a third-party vendor, SPINS, due to a contractual obligation with this vendor not to produce this information without a subpoena. Kodiak also raised issues regarding collection of consumer feedback through direct communications with Kodiak and Facebook and Instagram direct messaging.

3  16. On November 9, 2020, Kodiak produced its first production of documents. This was a limited production that included 311 pages of responsive material and a spreadsheet with links to versions of the labels for the products from the period 2015-2020. The production did not include any sales data or advertising and marketing data, among several other categories of documents pertinent to class certification. In addition, the production included a handful of emails on the limited issue regarding Kodiak's claim that its products are "Non-GMO."

4  17. On November 18, 2020, Kodiak's counsel, Danielle Stierna, sent a meet and confer letter to Plaintiffs regarding Plaintiffs' responses and objections to Kodiak's written discovery. Ms. Stierna requested a meet and confer conference as soon as possible. To accommodate Kodiak's request, I proposed a time the week of the Thanksgiving holiday to meet and confer. During our meet and confer call, I reiterated Plaintiffs' position on the improper form of the interrogatories and left the decision with Kodiak to revise the form of the discovery or represent to whether the parties were at a stalemate on the issue. I discussed these issues in brief with Kodiak's counsel before the most recent Status Conference and we are continuing to meet and confer on a potential resolution but have not yet reached an agreement.

5  18. On November 20, 2020, Plaintiffs produced their first production of documents along with amended responses to Kodiak's Requests for Production. This was soon followed by a supplemental production on December 4, 2020.

///

19. On November 25, 2020, I agreed with counsel for Kodiak to make a further request to the Court to extend the deadline to raise a discovery dispute on Kodiak's responses to Requests for Production through and including December, 18, 2020. This agreement was based upon Kodiak's position that additional documents would be forthcoming. I also agreed on behalf of Plaintiffs to extend the deadline for Kodiak to raise a dispute with the Court regarding Plaintiffs' responses to discovery.

20. On December 4, 2020, Kodiak produced 18 additional documents that consisted of some sales and advertising data.

21. The day following the Court's telephonic status conference before Magistrate Judge Berg on December 17, 2020, Kodiak made a further production of responsive documents.

22. At the time of filing this Motion, several categories of documents remain to be produced. Kodiak's counsel has indicted to me that a significant amount of data remains to be collected, reviewed and produced, including a large amount of emails. Kodiak indicated to me that it needs additional time for this. Kodiak has also informally announced to the Court that it expects the need for an ESI stipulation, but no stipulation has been negotiated to date. Plaintiffs have not involved the Court to date given Kodiak's representations that documents would be produced.

23. Plaintiffs have been diligent in pursuing necessary discovery for their class certification briefing and have been reasonable with Kodiak given Kodiak's difficulties in identifying, collecting and producing responsive documents. It has been six months since Plaintiffs commenced discovery and several key categories of documents pertinent to class certification remain outstanding. Furthermore, once a more complete production is made, Plaintiffs will need additional time to conduct follow-up discovery and notice relevant depositions.

///

24. More time is needed for Kodiak to finish producing documents and Plaintiffs to review it before being in a position to move for class certification, and vice versa. Thus, there is good cause to extend the deadline for Plaintiffs to file their motion for class certification.

25. Given the current posture of the pleadings pending Kodiak's Motion to Dismiss/Strike, there is also good cause to extend the deadline for class certification to allow for the pleadings to be set and give counsel sufficient time to prepare for class certification briefing once the parties and claims are certain.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed on December 24, 2020 in San Diego, California.

/s/ Courtney Vasquez
COURTNEY VASQUEZ