DAVE FOX (Bar No. 254651)
Dave@FoxLawAPC.com
JOANNA FOX (Bar No. 272593)
Joanna@FoxLawAPC.com
COURTNEY VASQUEZ (Bar No. 267081)
Courtney@FoxLawAPC.com
**FOX LAW, APC**
225 W. Plaza Street, Suite 102
Solana Beach, CA 92075
Tel:  858-256-7616
Fax: 858-256-7618

*Attorneys for Plaintiffs and*
*the Proposed Class*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TY STEWART, JOCELYN FIELDING, LAUREENE BUCK, ANNA ALTOMARE, ELIZA REID, JENNIFER JENKINS, CHAD HUMPHREY, ALYSON MARTIN, MARY HILLARY PFEIFFER, EVELYN HERNANDEZ, IVAN BLANCO, VICTORIA JOHNSON, JULIE LUSSIER, SUZANNE DAGESSE, ROBIN CURLESS, JULIE STOCKER, MARY MCLEROY, DANIELLE ARNO, VICKI SIVERLING, HARRY MALAKOFF, MICHAEL SMITH, and TRACY HALL, *individually and on behalf of all others similarly situated*, | CASE NO. 3:19-cv-02454-MMA-MSB **CLASS ACTION** **SECONDAMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |
| Plaintiffs, | |
| v. | **DEMAND FOR JURY TRIAL** |
| KODIAK CAKES, LLC, a Delaware limited liability company, | |
| Defendant. | |

Plaintiffs Ty Stewart, Jocelyn Fielding, Laureene Buck, Anna Altomare, Eliza Reid, Jennifer Jenkins, Chad Humphrey, Alyson Martin, Mary Hillary Pfeiffer, Evelyn Hernandez, Ivan Blanco, Victoria Johnson, Julie Lussier, Suzanne Dagesse, Robin Curless, Julie Stocker, Mary Mcleroy, Danielle Arno, Vicki Siverling, Harry Malakoff, Michael Smith and Tracy Hall, (collectively, "Plaintiffs") bring this class action against Kodiak Cakes, LLC ("Defendant" or "Kodiak Cakes"), individually and on behalf of all others similarly situated, and allege the following upon personal knowledge as to Plaintiffs' acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiffs' attorneys.

# I

# **INTRODUCTION**

1.      Kodiak Cakes manufactures, markets, advertises, and sells a line of packaged breakfast and snack products.  The company is most recognized for its pancake and waffle products, that come in two forms: "just add water" mixes[1] or pre-made frozen flapjacks and waffles.  Today, Kodiak Cakes is self-proclaimed as the "the best-selling pancake brand in its industry."[2]

2.      Since its inception, Kodiak Cakes' product line has expanded to include other products such as baking mixes for cookies, muffins, brownies, breads, and an all-purpose baking mix.  The Kodiak Cakes product line also includes other breakfast and snack products such as syrups, oatmeal, and graham crackers, among others.

3.      Plaintiffs here bring this action against Kodiak Cakes based on two overarching issues with Kodiak Cakes' products: (1) non-functional slack fill and (2) deceptive marketing practices.

---

1 The "just add water" mixes are available in traditional multi-serving boxes, or also in single serving Kodiak Cups.
2 *https://kodiakcakes.com/bear-together/it-all-started-with-a-little-red-wagon/* (last visited, August 26, 2020.)

### NON-FUNCTIONAL SLACK FILL

4.     For over 50 years, Congress has recognized that packaging has the capacity to deceive consumers or complicate value comparisons for consumer commodities.  *See* 15 U.S.C. § 1454(c).  Charged by Congress with preventing this practice, the Food and Drug Administration (FDA) prohibits non-functional slack fill in food products.

5.     Nonfunctional slack-fill is the empty space in a package that is filled to less than its capacity . . . ."  that serves no lawful purpose.  21 C.F.R. § 100.100.  Taking direction from federal law, forty-nine states (and the District of Columbia) have also enacted similar laws establishing that packages cannot be made, formed or filled in a misleading way.  Thus, both federal and state lawmakers have taken efforts to prohibit the slack fill practices relevant here precisely because of their inherently deceptive nature.

6.     Kodiak Cakes engages in a uniform packaging scheme for its waffle, flapjack and baking mixes (collectively "Slack Fill Products") that conceals the amount of the product actually contained in the package and misleads consumers into believing there is more product inside the packaging than there actually is.  **Exhibit A, Per-Product Misrepresentation Chart,** identifies each of the 27 Slack Fill Products at issue in this case that are misleading/misbranded because of non-functional slack fill.

7.     At all relevant times, Kodiak Cakes has sold the Slack Fill Products in an entirely non-transparent box that resembles cardboard.  The box is filled substantially less than the capacity of the box by more than half.  This packaging entirely conceals the amount of product actually contained therein and prevents consumers from directly seeing or handling the product inside the packaging to facilitate value comparisons.  This deceptive packaging leads the reasonable consumer to believe that the package contains substantially more product than it actually does.  (*See,* **Figure 1** – Slack Fill Demonstration.)

-2-

*Figure 1 - Slack fill Demonstration*



8.      Kodiak Cakes' deceptive and misleading practice of filling the Slack Fill Products with less than half of the opaque box misrepresents the products as containing quantities that they do not have.

9.      The empty space inside the package is for no functional purpose and therefore consists of non-functional slack fill in violation of state and federal labeling and packaging laws and the related consumer fraud statutes alleged herein.

**DECEPTIVE MARKETING CLAIMS**

10.      Kodiak Cakes' deceptive sales practices extend even further to Kodiak Cakes' statements in its labeling, marketing and advertising.   Kodiak Cakes' advertising and marketing scheme focuses on the following misleading statements that are central and uniform across its product line and materially the same for all its products:

- *No Preservatives*
- *Free of Artificial Additives*
- *Non-GMO*
- *Healthy and Nourishing*

11.  The Claims are primary features that supposedly differentiate these products from other pancake, waffle, baking, breakfast and snack products that have dominated the market in the past such as Aunt Jemima, Bisquick, Krusteaz, and Betty Crocker, to name a few.

12.  At all relevant times, each of these Claims have been prominently featured on Kodiak Cakes' packaging and are uniform across Kodiak Cakes' advertising and marketing platform for the entire product line.  Thus, these Claims are material and every consumer, including Plaintiffs, are exposed to these Claims and rely upon them when deciding to purchase Kodiak Cakes products and/or pay a higher price for them.  **Exhibit A, Per-Product Misrepresentation Chart,** identifies the 64 products at issue in this case along with the material misrepresentation(s) that Kodiak Cakes has made about each of these products (collectively, "Kodiak Cakes products" or the "Products").

13.  A reasonable consumer would expect that a product branded and marketed with any of these Claims did, in fact, contain the characteristics and qualities as packaged, labeled, marketed and advertised.  Consequently, Kodiak Cakes' uniform advertising and marketing scheme is designed to cause consumers to purchase Kodiak Cakes products *because of* these deceptive messages.  Defendant has succeeded.

/ / /

/ / /

/ / /

-4-

*Figure 2 - Examples of Kodiak Cakes' Packaging of Top Selling Buttermilk Flapjack and Waffle Mix*



14.   Plaintiffs and other consumers have reasonably relied upon the deceptive advertising and packaging in purchasing Kodiak Cakes' products.  If Plaintiffs and other consumers had known the Claims were false and known the actual amount of the product contained inside the box of the Slack Fill Products, they would not have purchased the Kodiak Cakes products or, alternatively, would have paid less for the Products.  Therefore, Plaintiffs and other consumers similarly situated have suffered injury-in-fact as a result of Kodiak Cakes' deceptive, false and misleading practices.

15.   As a result, Plaintiffs bring this action on behalf of themselves and other similarly situated consumers to halt these wrongful practices, to halt the dissemination of Kodiak Cakes' false and misleading advertising message, to correct the false and misleading perception Kodiak Cakes has created in the minds of

consumers, and to obtain redress for those who have purchased Kodiak Cakes' products. Plaintiffs allege violations of consumer protection laws and breach of express warranty under the laws of the 11 states in which Plaintiffs reside and purchased Kodiak Cakes' products and seek redress for themselves and others similarly situated for Defendant's false, deceptive and misleading advertising, labeling and packaging.

## II

## **THE PARTIES**

### ***Plaintiff Ty Stewart (California)***

16.     Plaintiff Ty Stewart is, and at all relevant times alleged herein was, a resident of San Diego County, California, and over the age of eighteen (18) years. Mr. Stewart is an athlete and an avid gym-goer. Mr. Stewart strives to find food products that are healthy and nourishing, free of artificial and synthetic ingredients, contain no preservatives, and are non-GMO. Mr. Stewart was exposed to each of the Claims that were prominently displayed on the package of the products he purchased and in Kodiak Cakes' marketing and advertising through Kodiak's online store. Based upon Kodiak Cakes' representations about the Products, Mr. Stewart reasonably expected that the products he purchased would not contain non-functional slack fill and that the Claims about the products were true. Mr. Stewart reasonably relied on each of Kodiak Cakes representations when making the decision to purchase the Kodiak Cakes' products he did, and was actually deceived. As a result of Kodiak Cakes' actions, Mr. Stewart lost money and suffered injury in fact.

17.     Mr. Stewart was exposed to Kodiak Cakes' packaging and marketing through Kodiak Cakes' online store. On May 6, 2019, he purchased Kodiak Cakes' Chocolate Chip Blondie Brownie Mix, Oatmeal Dark Chocolate Cookie Mix and Double Dark Chocolate Muffin Mix through Kodiak Cakes' online store. In deciding to purchase the Double Dark Chocolate Muffin Mix, Mr. Stewart read and

relied on the online Description of the product that "This easy-to-prepare muffin mix creates a delicious and *healthy muffin . . .*" and read and relied on the online Features that the product was "*Non-GMO*" and had "*No Preservatives.*"  He also relied on the online product images that represented that the mix was "*free of artificial additives* because, to us, simple food is better" and that the product was "*Non-GMO*" and contained *"No Preservatives."*

18.     In deciding to purchase the Chocolate Chip Blondie Brownie Mix, Mr. Stewart read and relied on the online Description of the product that these brownies use "*only … non-GMO ingredients*" and read and relied on the online Features that the product was "*Non-GMO*" and contained *"No Preservatives."*  He also relied on the online product images that represented that the mix was "*free of artificial additives* because, to us, simple food is better" and that the product was "*Non-GMO*" and contained *"No Preservatives."*

19.     In deciding to purchase the Oatmeal Dark Chocolate Cookie Mix, Mr. Stewart relied on the online Description that the cookie gave "the nutritional benefits early pioneers relied on to get through each day" and read and relied on the online Features that the product provided a "*healthy* end to your day*"* and that the product was *"Non-GMO*" and  contained *"No preservatives."* He also relied on the online product images that represented that the mix was "*free of artificial additives* because, to us, simple food is better" and that the product was "*Non-GMO*" and contained *"No Preservatives."*

### *Plaintiff Jocelyn Fielding (California)*

20.     Plaintiff Jocelyn Fielding is, and at all relevant times alleged herein was, a resident of San Diego County, California and over the age of eighteen (18) years.  Health and fitness are important to Ms. Fielding and she enjoys staying active in the outdoors.  Ms. Fielding strives to find food products that are healthy and nourishing, free of artificial and synthetic ingredients contain no preservatives, and are non-GMO.  Ms. Fielding was exposed to each of the Claims that were

-7-

prominently displayed on the package of the products she purchased and in Kodiak Cakes' marketing and advertising. Based upon Kodiak Cakes' representations about the Products, Ms. Fielding reasonably expected that the products she purchased would not contain non-functional slack fill and that the Claims about the products were true. Ms. Fielding reasonably relied on each of Kodiak Cakes' representations when making the decision to purchase the Kodiak Cakes' products she did, and was actually deceived. As a result of Kodiak Cakes' actions, Ms. Fielding lost money and suffered injury in fact.

21.   Ms. Fielding purchased Kodiak Cakes' products in or around August 2019 at Target.  These purchases included Kodiak Cakes' Dark Chocolate Frozen Power Waffles and Buttermilk Flapjack and Waffle Mix.

### *Plaintiff Laureene Buck (California)*

22.   Plaintiff Laureene Buck is, and at all relevant times alleged herein was, a resident of San Diego County, California and over the age of eighteen (18) years. Ms. Buck is a vegetarian and a mother of a young boy.  Her son loves pancakes and enjoys baking with her.  It is important to Ms. Buck to find breakfast items and baked goods for her and her son that are healthy and nourishing, free of artificial and synthetic ingredients, contain no preservatives and are non-GMO.  Ms. Buck was exposed to each of the Claims that were prominently displayed on the package of the products she purchased.  Based upon Kodiak Cakes' representations about the Products, Ms. Buck reasonably expected that the products she purchased would not contain non-functional slack fill and that the Claims about the products were true. Ms. Buck reasonably relied on each of Kodiak Cakes' representations when making the decision to purchase the Kodiak Cakes' products she did, and was actually deceived.  As a result of Kodiak Cakes' actions, Ms. Buck lost money and suffered injury in fact.

23.   Ms. Buck purchased Kodiak Cakes' Buttermilk Flapjack and Waffle Mix in August 2019 at the Costco located at 2345 Fenton Parkway, San Diego, CA

92108.

### *Plaintiff Anna Altomare (California)*

24.     Plaintiff Anna Altomare is, and at all relevant times alleged herein was, a resident of Los Angeles County, and over the age of eighteen (18) years.  Health and fitness are important to Ms. Altomare and Cross-Fit is one of her passions.  Ms. Altomare strives to find food products that are healthy and nourishing, free of artificial and synthetic ingredients, are without preservatives, and are non-GMO.  Ms. Altomare was exposed to each of the Claims that were prominently displayed on the package of the products she purchased and in Kodiak Cakes' marketing and advertising through its online store.  Based upon Kodiak Cakes' representations about the Products, Ms. Altomare reasonably expected that the products she purchased would not contain non-functional slack fill and that the Claims about the products were true.  Ms. Altomare reasonably relied on each of Kodiak Cakes' representations when making the decision to purchase the Kodiak Cakes' products she did, and was actually deceived.  As a result of Kodiak Cakes' actions, Ms. Altomare lost money and suffered injury in fact.

25.     Ms. Altomare was exposed to Kodiak Cakes' packaging and marketing through Kodiak's online store.  In March 2019, Ms. Altomare purchased Kodiak Cakes' Double Chocolate Chunk Brownie Mix and Triple Chocolate Brownie Mix from Kodiak Cakes' online store.  She also purchased Kodiak Cakes' Chocolate Fudge Brownie Mix through Target's online store.  In deciding to purchase the Double Chocolate Chunk Brownie Mix, Ms. Altomare read and relied upon the online Description of the product as *"Non-GMO"* and providing "nutritional benefits."  She read and relied on the statement that the brownie mix would be a *"healthy* end to your meal" and that the brownies were *"Non-GMO"* and contained *"No Preservatives."*  She also relied on the online product images that represented that the mix was "*free of artificial additives* because, to us, simple food is better" and that the product was "*Non-GMO*" and contained *"No Preservatives."*

-9-

26.    In deciding to purchase the Triple Chocolate Brownie Mix, she read and relied on the online Features that the product was a "*healthy* end to your day," and that the product was *"Non-GMO"* and contained *"No Preservatives."* She also relied on the online product images that represented that the mix was "*free of artificial additives* because, to us, simple food is better" and that the product was "*Non-GMO*" and contained *"No Preservatives."*

27.    In deciding to purchase the Chocolate Fudge Brownie Mix, Ms. Altomare read and relied on the online Features on Kodiak's online store that the product was "a *healthier* end to your day," and that the product was *"Non-GMO"* and contained *"No Preservatives."* She also relied on the online product images that represented that the mix was "*free of artificial additives* because, to us, simple food is better" and that the product was "*Non-GMO*" and contained *"No Preservatives."* Ultimately, Kodiak's online store did not have the product in stock that day so she purchased the product from Target's online store.

28.    Ms. Altomare also recalls seeing the Claims made about the products on Instagram and Facebook, she saw Google advertisements making the Claims about the products. She also recalls seeing a replay of the *Shark Tank* episode and recalled marketing the product as a "healthy" and convenient product on the show.

### ***Plaintiff Eliza Reid (California)***

29.    Plaintiff Eliza Reid is, and at all relevant times alleged herein was, a resident of California and over the age of eighteen (18) years. Ms. Reid takes her health seriously and exercises a lot. Ms. Reid strives to find food products that are healthy and nourishing, free of artificial and synthetic ingredients, are without preservatives, and are non-GMO. Ms. Reid was exposed to each of the Claims that were prominently displayed on the package of the products she purchased and in Kodiak Cakes' marketing and advertising. Based upon Kodiak Cakes' representations about the Products, Ms. Reid reasonably expected that the products she purchased would not contain non-functional slack fill and that the Claims about

-10-

the products were true.  Ms. Reid reasonably relied on each of Kodiak Cakes'
representations when making the decision to purchase the Kodiak Cakes' products
she did, and was actually deceived.  As a result of Kodiak Cakes' actions, Ms. Reid
lost money and suffered injury in fact.

30.     Ms. Reid purchased the following Kodiak Cakes' products over the past
several years:  Buttermilk Flapjack and Waffle Mix, Carb Conscious Flapjack and
Waffle Mix, Plant-Based Classic Flapjack and Waffle Mix, Chocolate Chip Blondie
Brownie Mix, Bear Bites Graham Crackers, and the Maple and Brown Sugar Kodiak
Cup.

### *Plaintiff Jennifer Jenkins (California)*

31.     Plaintiff Jennifer Jenkins is, and at all relevant times alleged herein was,
a resident of California and over the age of eighteen (18) years.  Ms. Jenkins has a
medical condition that makes healthy eating habits important.  Ms. Jenkins strives
to find food products that are healthy and nourishing, free of artificial and synthetic
ingredients, are without preservatives, and are non-GMO.  Ms. Jenkins was exposed
to each of the Claims that were prominently displayed on the package of the products
she purchased and in Kodiak Cakes' marketing and advertising.  Based upon Kodiak
Cakes' representations about the Products, Ms. Jenkins reasonably expected that the
products she purchased would not contain non-functional slack fill and that the
Claims about the products were true.  Ms. Jenkins reasonably relied on each of
Kodiak Cakes' representations when making the decision to purchase the Kodiak
Cakes' products she did, and was actually deceived.  As a result of Kodiak Cakes'
actions, Ms. Jenkins lost money and suffered injury in fact.

32.     Ms. Jenkins purchased the following Kodiak Cakes' products over the
past several years at various stores and at Costco:  Buttermilk Flapjack and Waffle
Mix, Frontier Cakes Whole Wheat Oat & Honey, Kodiak Cup Buttermilk & Maple
Flapjack, Kodiak Cup Maple & Brown Sugar Oatmeal.

/ / /

### *Plaintiff Chad Humphrey (Colorado)*

33.     Plaintiff Chad Humphrey is, and at all relevant times alleged herein was, a resident of Colorado and over the age of eighteen (18) years.  Mr. Humphrey strives to find food products that are healthy and nourishing, free of artificial and synthetic ingredients, are without preservatives, and are non-GMO.  Mr. Humphrey was exposed to each of the Claims that were prominently displayed on the package of the products he purchased and in Kodiak Cakes' marketing and advertising. Based upon Kodiak Cakes' representations about the Products, Mr. Humphrey reasonably expected that the products he purchased would not contain non-functional slack fill and that the Claims about the products were true.  Mr. Humphrey reasonably relied on each of Kodiak Cakes' representations when making the decision to purchase the Kodiak Cakes' products he did, and was actually deceived. As a result of Kodiak Cakes' actions, Mr. Humphrey lost money and suffered injury in fact.

34.     Most often, Mr. Humphrey purchased Kodiak Cakes' Buttermilk Flapjack and Waffle Mix at Costco and has so for the past several years.  He also purchased the following Kodiak Cakes' products over the past several years: Blueberry Muffin Mix and Power Waffles Homestead Style.

### *Plaintiff Alyson Martin (Connecticut)*

35.     Plaintiff Alyson Martin is, and at all relevant times alleged herein was, a resident of Connecticut and over the age of eighteen (18) years.  Ms. Martin strives to find food products that are healthy, free of artificial and synthetic ingredients, are without preservatives, and are non-GMO.  Ms. Martin was exposed to each of the Claims that were prominently displayed on the package of the products she purchased and in Kodiak Cakes' marketing and advertising.  Based upon Kodiak Cakes' representations about the Products, Ms. Martin reasonably expected that the products she purchased would not contain non-functional slack fill and that the Claims about the products were true.  Ms. Martin reasonably relied on each of

-12-

Kodiak Cakes' representations when making the decision to purchase the Kodiak Cakes' products she did, and was actually deceived.  As a result of Kodiak Cakes' actions, Ms. Martin lost money and suffered injury in fact.

36.    Ms. Martin purchased Kodiak Cakes' Buttermilk Flapjack and Waffle Mix at Stop and Shop in Connecticut..

### *Plaintiff Mary Hillary Pfeiffer (Florida)*

37.    Plaintiff Mary Hillary Pfeiffer is, and at all relevant times alleged herein was, a resident of Florida and over the age of eighteen (18) years.  Ms. Pfeiffer is in the health and medical field.  Ms. Pfeiffer strives to find food products that are healthy and nourishing, free of artificial and synthetic ingredients, are without preservatives, are high in protein, and are non-GMO.  Ms. Pfeiffer was exposed to each of the Claims that were prominently displayed on the package of the products she purchased. Ms. Pfeiffer also read and relied upon Kodiak Cakes' marketing and advertising on Amazon.com that the products she purchased were "non-GMO," "contained no artificial preservatives or additives" which appeared as descriptions on the main panel she went to in making her purchases on Amazon.com.  Based upon Kodiak Cakes' representations about the Products, Ms. Pfeiffer reasonably expected that the products she purchased would not contain non-functional slack fill and that the Claims about the products were true.  Ms. Pfeiffer reasonably relied on each of Kodiak Cakes' representations when making the decision to purchase the Kodiak Cakes' products she did, and was actually deceived.  As a result of Kodiak Cakes' actions, Ms. Pfeiffer lost money and suffered injury in fact.

38.    Ms. Pfeiffer purchased the following Kodiak Cakes' products over the past several years on Amazon.com and at Publix: Power Cakes Buttermilk Flapjack and Waffle Mix, Kodiak Cup Cinnamon Maple, Kodiak Cup Blueberry Muffin, Kodiak Cup Apple Cinnamon Muffin, Kodiak Cup Chocolate Chip Muffin, Kodiak Cup Strawberry Chocolate Flapjack, Kodiak Cup Cornbread, Kodiak Cup Peanut Butter Chocolate.

*Plaintiff Evelyn Hernandez (Florida)*

39.    Plaintiff Evelyn Hernandez is, and at all relevant times alleged herein was, a resident of Florida and over the age of eighteen (18) years.  Ms. Hernandez strives to find food products that are healthy, free of artificial and synthetic ingredients, are without preservatives, and are non-GMO.  Ms. Hernandez was exposed to each of the Claims that were prominently displayed on the package of the products she purchased and in Kodiak Cakes' marketing and advertising.  Based upon Kodiak Cakes' representations about the Products, Ms. Hernandez reasonably expected that the products she purchased would not contain non-functional slack fill and that the Claims about the products were true.  Ms. Hernandez reasonably relied on each of Kodiak Cakes' representations when making the decision to purchase the Kodiak Cakes' products she did, and was actually deceived.  As a result of Kodiak Cakes' actions, Ms. Hernandez lost money and suffered injury in fact.

40.    Ms. Hernandez purchased Kodiak Cakes' Buttermilk Flapjack and Waffle mix from Costco often for the past several years.

*Plaintiff Ivan Blanco (Illinois)*

41.    Plaintiff Ivan Blanco is, and at all relevant times alleged herein was, a resident of Illinois and over the age of eighteen (18) years.  Mr. Blanco strives to find food products that are healthy, free of artificial and synthetic ingredients, are without preservatives, are high in protein, and are non-GMO.  Mr. Blanco was exposed to each of the Claims that were prominently displayed on the package of the products he purchased and in Kodiak Cakes' marketing and recalls seeing advertising through Instagram making these representations about the products he purchased as early as about 2016.  Mr. Blanco also recalls seeing the Kodiak Cakes *Shark Tank* episode and remembers the products being advertised as healthy. Based upon Kodiak Cakes' representations about the Products, Mr. Blanco reasonably expected that the products he purchased would not contain non-functional slack fill and that the Claims about the products were true.  Mr. Blanco reasonably relied on

-14-

each of Kodiak Cakes' representations when making the decision to purchase the Kodiak Cakes' products he did, and was actually deceived.  As a result of Kodiak Cakes' actions, Mr. Blanco lost money and suffered injury in fact.

42.    Mr. Blanco purchased the following Kodiak Cakes' products over the past several years in stores and online: Buttermilk Flapjack and Waffle Mix, Chocolate Chip Flapjack and Waffle Mix, Peanut Butter Flapjack and Waffle Mix, Frontier Gluten Free Oat Flapjack and Waffle Mix, Frontier Cakes Buttermilk and Honey Flapjack and Waffle Mix, Frozen Power Waffles Chocolate Chip, Frozen Power Flapjacks Maple & Brown Sugar, Kodiak Cup – Peanut Butter Chocolate Chip Oatmeal, Kodiak Cup Buttermilk & Maple Flapjack.

### *Plaintiff Victoria Johnson (Illinois)*

43.    Plaintiff Victoria Johnson is, and at all relevant times alleged herein was, a resident of Illinois and over the age of eighteen (18) years.  Ms. Johnson is a nurse and some of her main interests are health, fitness and nutrition.  She strives to find food products that are healthy, free of artificial and synthetic ingredients, are without preservatives, and are non-GMO.  Ms. Johnson was exposed to each of the Claims that were prominently displayed on the package of the products she purchased.  Ms. Johnson also read and relied upon Kodiak Cakes' marketing and advertising on Amazon.com that the products she purchased were "non-GMO," and "contained no artificial additives" and "no preservatives," which appeared as descriptions on the main panel she went to in making her purchases on Amazon.com. Based upon Kodiak Cakes' representations about the Products, Ms. Johnson reasonably expected that the products she purchased would not contain non-functional slack fill and that the Claims about the products were true.  Ms. Johnson reasonably relied on each of Kodiak Cakes' representations when making the decision to purchase the Kodiak Cakes' products she did, and was actually deceived. As a result of Kodiak Cakes' actions, Ms. Johnson lost money and suffered injury in fact.

44.    Ms. Johnson purchased the following Kodiak Cakes' products over the past several years in stores and online: Buttermilk Flapjack and Waffle Mix, Brownie Mix, Cornbread Mix, All-Purpose Mix, Chocolate Chip Flapjack and Waffle Mix, Dark Chocolate Flapjack and Waffle Mix, Pumpkin Flax Flapjack and Waffle Mix, and several flavors of the Frozen Power Waffles and Kodiak Cups, including Buttermilk and Maple Flapjack, Double Dark Chocolate Muffin and Peanut Butter Chocolate Chip.

### *Plaintiff Julie Lussier (Massachusetts)*

45.    Plaintiff Julie Lussier is, and at all relevant times alleged herein was, a resident of Massachusetts and over the age of eighteen (18) years.  Ms. Lussier has young children and strives to find food products that are healthy, free of artificial and synthetic ingredients, are without preservatives, and are non-GMO for herself and her family.   Ms. Lussier was exposed to each of the Claims that were prominently displayed on the package of the products she purchased.  She also read and relied upon Kodiak Cakes' marketing and advertising that made these same Claims about the Products Facebook advertisements, Google online ads, and Instagram pop-ups that she recalls seeing as early as 2016.  Based upon Kodiak Cakes' representations about the Products, Ms. Lussier reasonably expected that the products she purchased would not contain non-functional slack fill and that the Claims about the products were true.  Ms. Lussier reasonably relied on each of Kodiak Cakes' representations when making the decision to purchase the Kodiak Cakes' products she did, and was actually deceived.  As a result of Kodiak Cakes' actions, Ms. Lussier lost money and suffered injury in fact.

46.    Ms. Lussier purchased the following Kodiak Cakes' products over the past several years: Power Cakes Buttermilk Flapjack and Waffle Mix, Power Cakes Chocolate Chip Flapjack and Waffle Mix, Power Cakes Strawberry Chocolate Chip Flapjack and Waffle Mix, Power Cakes Peanut Butter Flapjack and Waffle Mix, Carb Conscious Buttermilk Flapjack and Waffle Mix, Chocolate Chip Muffin Mix,

-16-

Blueberry Muffin Mix, Chocolate Fudge Brownie Mix, Triple Chocolate Brownie Mix, Chocolate Chip Oatmeal Cookie Mix, Chocolate Chip Blondie Brownie Mix, Chocolate Chip Frozen Power Waffles, Homestead Style Frozen Power Waffles, Chocolate Chip Frozen Power Flapjacks, Maple & Brown Sugar Frozen Power Flapjacks, Bear Bites (Chocolate, Graham and Cinnamon flavors), and the following Kodiak Cups: Chocolate Chip Muffin, Cinnamon Roll Muffin, Peanut Butter Chocolate Chip Oatmeal, Buttermilk & Maple Flapjack, Chocolate Fudge Brownie, Rocky Road Brownie, Mint Chocolate Brownie, S'mores Flapjack, Chocolate Chip & Maple Flapjack, Blueberry Muffin, Maple & Brown Sugar Oatmeal, Cinnamon & Maple Flapjack, Chocolate Peanut Butter Brownie, Apple Cinnamon Muffin, Cinnamon Oatmeal, Caramel Oatmeal, Chocolate Chip Oatmeal.

### *Plaintiff Suzanne Dagesse (Massachusetts)*

47.    Plaintiff Suzanne Dagesse is, and at all relevant times alleged herein was, a resident of Middleboro, Massachusetts and over the age of eighteen (18) years.  Ms. Dagesse practices healthy eating habits and it is important to her to limit foods that contain artificial additives and preservatives.  She strives to find food products that are healthy, free of artificial and synthetic ingredients, are without preservatives, and are non-GMO for herself and her family.  Ms. Dagesse was exposed to each of the Claims that were prominently displayed on the package of the products she purchased and in Kodiak Cakes' marketing and advertising.  Based upon Kodiak Cakes' representations about the Products, Ms. Dagesse reasonably expected that the products she purchased would not contain non-functional slack fill and that the Claims about the products were true.  Ms. Dagesse reasonably relied on each of Kodiak Cakes' representations when making the decision to purchase the Kodiak Cakes' products she did, and was actually deceived.  As a result of Kodiak Cakes' actions, Ms. Dagesse lost money and suffered injury in fact.

48.    Ms. Dagesse purchased the following Kodiak Cakes' products over the past several years: Buttermilk Flapjack and Waffle Mix, Chocolate Chip Flapjack

-17-

and Waffle Mix, Peanut Butter Flapjack and Waffle Mix, Frontier Cakes Whole Wheat Oat & Honey Flapjack and Waffle Mix, Blueberry Muffin Mix, Blueberry Lemon Muffin Mix, Chocolate Fudge Brownie Mix, Chocolate Chip Oatmeal Cookie Mix, Cornbread Mix, Blueberry Frozen Power Waffles, Buttermilk and Vanilla Frozen Power Waffles, Homestead Style Power Waffles, Kodiak Cup Chocolate Chip & Maple Flapjack, Kodiak Cup Blueberry Muffin, Kodiak Cup Chocolate Chip Oatmeal.

### ***Plaintiff Julie Stocker (Michigan)***

49.     Plaintiff Julie Stocker is, and at all relevant times alleged herein was, a resident of Huntington Woods, Michigan and over the age of eighteen (18) years. Ms. Stocker strives to find food products that are healthy, free of artificial and synthetic ingredients, are without preservatives, and are non-GMO for herself and her family.  Ms. Stocker was exposed to each of the Claims that were prominently displayed on the package of the products she purchased and in Kodiak Cakes' marketing and advertising.  Based upon Kodiak Cakes' representations about the Products, Ms. Stocker reasonably expected that the products she purchased would not contain non-functional slack fill and that the Claims about the products were true.  Ms. Stocker reasonably relied on each of Kodiak Cakes' representations when making the decision to purchase the Kodiak Cakes' products she did, and was actually deceived.  As a result of Kodiak Cakes' actions, Ms. Stocker lost money and suffered injury in fact.

50.     Ms. Stocker purchased the following Kodiak Cakes' products over the past several years: Buttermilk Flapjack and Waffle Mix, Almond Poppy Seed Flapjack and Waffle Mix, Blueberry Muffin Mix, Blueberry Lemon Muffin Mix, Chocolate Fudge Brownie Mix, Cornbread Mix, All-Purpose Mix, Cinnamon Frozen Power Waffles, Homestead Style Frozen Power Waffles, Buttermilk Frozen Power Flapjacks, Bear Bites (Chocolate and Graham flavors).

/ / /

***Plaintiff Mary Mcleroy (Michigan)***

51.     Plaintiff Mary Mcleroy is, and at all relevant times alleged herein was, a resident of Constantine, Michigan and over the age of eighteen (18) years.  Ms. Mcleroy has a large family.  She strives to find food products that are healthy, free of artificial and synthetic ingredients, are without preservatives, and are non-GMO for herself and her family.  Ms. Mcleroy was exposed to each of the Claims that were prominently displayed on the package of the products she purchased and in Kodiak Cakes' marketing and advertising.   Based upon Kodiak Cakes' representations about the Products, Ms. Mcleroy reasonably expected that the products she purchased would not contain non-functional slack fill and that the Claims about the products were true.  Ms. Mcleroy reasonably relied on each of Kodiak Cakes' representations when making the decision to purchase the Kodiak Cakes' products she did, and was actually deceived.  As a result of Kodiak Cakes' actions, Ms. Mcleroy lost money and suffered injury in fact.

52.     Ms. Mcleroy purchased the following Kodiak Cakes' products over the past several years: Buttermilk Flapjack and Waffle Mix, Blueberry Muffin Mix, Cornbread Mix, Frozen Blueberry Power Waffles, Frozen Power Waffles Homestead Style, the following Kodiak Cups: Chocolate Chip Muffin, Cornbread, Blueberry Muffin.

***Plaintiff Robin Curless (Missouri)***

53.     Plaintiff Robin Curless is, and at all relevant times alleged herein was, a resident of Missouri and over the age of eighteen (18) years.  Ms. Curless strives to find food products that are healthy, free of artificial and synthetic ingredients, are without preservatives, and are non-GMO.  Ms. Curless was exposed to each of the Claims that were prominently displayed on the package of the products she purchased and in Kodiak Cakes' marketing and advertising.  Based upon Kodiak Cakes' representations about the Products, Ms. Curless reasonably expected that the products she purchased would not contain non-functional slack fill and that the

-19-

Claims about the products were true. Ms. Curless reasonably relied on each of Kodiak Cakes representations when making the decision to purchase the Kodiak Cakes products she did, and was actually deceived. As a result of Kodiak Cakes' actions, Ms. Curless lost money and suffered injury in fact.

54. Ms. Curless purchased the following Kodiak Cakes products over the past several years: Buttermilk Flapjack and Waffle Mix, Chocolate Chip Flapjack and Waffle Mix, Peanut Butter Flapjack and Waffle Mix, Chocolate Chip Muffin Mix, Blueberry Muffin Mix, Blueberry Lemon Muffin Mix, Double Dark Chocolate Muffin Mix, Chocolate Fudge Brownie Mix, Triple Chocolate Brownie Mix, Double Dark Chocolate Brownie Mix, Frozen Power Waffles in the following flavors: Buttermilk & Vanilla, Chocolate Chip, Homestead Style, Dark Chocolate, Frozen Buttermilk Power Flapjacks, the following flavors of Kodiak Cups: Chocolate Chip Muffin, Peanut Butter Chocolate Chip Oatmeal, Buttermilk & Maple Flapjack, Chocolate Fudge Brownie, Rocky Road Brownie, Double Dark Chocolate Muffin, Blueberry Muffin.

### *Plaintiff Danielle Arno (New Jersey)*

55. Plaintiff Danielle Arno is, and at all relevant times alleged herein was, a resident of New Jersey and over the age of eighteen (18) years. Ms. Arno strives to find food products that are healthy, free of artificial and synthetic ingredients, are without preservatives, and are non-GMO. Ms. Arno was exposed to each of the Claims that were prominently displayed on the package of the products she purchased and in Kodiak Cakes' marketing and advertising. Based upon Kodiak Cakes' representations about the Products, Ms. Arno reasonably expected that the products she purchased would not contain non-functional slack fill and that the Claims about the products were true. Ms. Arno reasonably relied on each of Kodiak Cakes representations when making the decision to purchase the Kodiak Cakes products she did, and was actually deceived. As a result of Kodiak Cakes' actions, Ms. Arno lost money and suffered injury in fact.

-20-

56.    Ms. Arno purchased the following Kodiak Cakes products over the past several years: Buttermilk Flapjack and Waffle Mix, Chocolate Chip Flapjack and Waffle Mix, Dark Chocolate Flapjack and Waffle Mix, Chocolate Chip Muffin Mix, Blueberry Muffin Mix, Chocolate Fudge Brownie Mix, Chocolate Chip Blondie Brownie Mix, Frozen Blueberry Power Waffles, Frozen Buttermilk & Vanilla Power Waffles, Frozen Chocolate Chip Power Waffles, Frozen Homestead Style Power Waffles, Frozen Dark Chocolate Power Waffles, Bear Bites (Chocolate, Graham, and Cinnamon flavors).

### ***Plaintiff Vicki Siverling (New York)***

57.    Plaintiff Vicki Siverling is, and at all relevant times alleged herein was, a resident of New York and over the age of eighteen (18) years.  Ms. Siverling is an athlete and she practices eating a "clean" diet and tries to achieve a diet high in protein.  She strives to find food products that are healthy, free of artificial and synthetic ingredients, are without preservatives, and are non-GMO.  Ms. Siverling was exposed to each of the Claims that were prominently displayed on the package of the products she purchased and in Kodiak Cakes' marketing and advertising of the Claims on Facebook and Instagram that she recalls seeing as early as 2017. Based upon Kodiak Cakes' representations about the Products, Ms. Siverling reasonably expected that the products she purchased would not contain non-functional slack fill and that the Claims about the products were true.  Ms. Siverling reasonably relied on each of Kodiak Cakes representations when making the decision to purchase the Kodiak Cakes products she did, and was actually deceived. As a result of Kodiak Cakes' actions, Ms. Siverling lost money and suffered injury in fact.

58.    Ms. Siverling purchased the following Kodiak Cakes products over the past several years: Buttermilk Flapjack and Waffle Mix, Almond Poppyseed Flapjack and Waffle Mix, Chocolate Chip Flapjack and Waffle Mix, Dark Chocolate Flapjack and Waffle Mix, Frontier Cakes Whole Wheat & Honey Flapjack and

Waffle Mix, Chocolate Chip Muffin Mix, Blueberry Muffin Mix, Double Dark Chocolate Muffin Mix, Chocolate Chip Oatmeal Cookie Mix, Frozen Buttermilk & Vanilla Power Waffles, Frozen Cinnamon Power Waffles, Frozen Chocolate Chip Power Waffles, Frozen Homestead Style Power Waffles, Frozen Dark Chocolate Power Waffles, Frozen Buttermilk Power Flapjacks, the following Kodiak Cups: Chocolate Chip Muffin, Buttermilk & Maple Flapjack, Chocolate Fudge Brownie, Almond Poppy Seed Muffin, Apple Cinnamon Muffin, Chocolate Chip Oatmeal.

### *Plaintiff Harry Malakoff (New York)*

59.     Plaintiff Harry Malakoff is, and at all relevant times alleged herein was, a resident of New York and over the age of eighteen (18) years.  Mr. Malakoff strives to find food products that are healthy, free of artificial and synthetic ingredients, are without preservatives, and are non-GMO.  Mr. Malakoff was exposed to each of the Claims that were prominently displayed on the package of the products he purchased and in Kodiak Cakes' marketing and advertising.  Based upon Kodiak Cakes' representations about the Products, Mr. Malakoff reasonably expected that the products he purchased would not contain non-functional slack fill and that the Claims about the products were true.  Mr. Malakoff reasonably relied on each of Kodiak Cakes representations when making the decision to purchase the Kodiak Cakes products he did, and was actually deceived.  As a result of Kodiak Cakes' actions, Mr. Malakoff lost money and suffered injury in fact.

60.     Mr. Malakoff purchased the following Kodiak Cakes products over the past several years: Buttermilk Flapjack and Waffle Mix and Frozen Buttermilk Flapjacks.

### *Plaintiff Michael Smith (Washington)*

61.     Plaintiff Michael Smith is, and at all relevant times alleged herein was, a resident of Washington and over the age of eighteen (18) years.  Mr. Smith is active, enjoys the outdoors, and likes to mountain bike to stay fit.  Mr. Smith strives to find food products that are healthy, free of artificial and synthetic ingredients, are

without preservatives, and are non-GMO.  Mr. Smith was exposed to each of the Claims that were prominently displayed on the package of the products he purchased and in Kodiak Cakes' marketing and advertising.  Based upon Kodiak Cakes' representations about the Products, Mr. Smith reasonably expected that the products he purchased would not contain non-functional slack fill and that the Claims about the products were true.  Mr. Smith reasonably relied on each of Kodiak Cakes representations when making the decision to purchase the Kodiak Cakes products he did, and was actually deceived.  As a result of Kodiak Cakes' actions, Mr. Smith lost money and suffered injury in fact.

62.    Mr. Smith purchased the following Kodiak Cakes products over the past several years: Buttermilk Flapjack and Waffle Mix, All-Purpose Mix, Kodiak Cup Blueberry Muffin, Kodiak Cup Caramel Oatmeal.

### *Plaintiff Tracy Hall (Washington)*

Plaintiff Tracy Hall is, and at all relevant times alleged herein was, a resident of Blaine, Washington and over the age of eighteen (18) years.  Ms. Hall is a cancer survivor.  Because of her health history, it is important that Ms. Hall find food products that are healthy, free of artificial and synthetic ingredients, are without preservatives, and are non-GMO.  Ms. Hall was exposed to each of the Claims that were prominently displayed on the package of the products she purchased and in Kodiak Cakes' marketing and advertising.   Based upon Kodiak Cakes' representations about the Products, Ms. Hall reasonably expected that the products she purchased would not contain non-functional slack fill and that the Claims about the products were true.   Ms. Hall reasonably relied on each of Kodiak Cakes representations when making the decision to purchase the Kodiak Cakes products she did, and was actually deceived. As a result of Kodiak Cakes' actions, Ms. Hall lost money and suffered injury in fact.

63.    Ms. Hall purchased the following Kodiak Cakes products over the past several years at various stores including Grocery Outlet, Safeway, and Trader Joe's:

-23-

Buttermilk Flapjack and Waffle Mix, Blueberry Muffin Mix, Brownie Mix, Dark Chocolate Power Cakes, Peanut Butter Power Cakes, the following Kodiak Cups: Blueberry Muffin, Chocolate Muffin, Maple & Brown Sugar.

64.    Each time Plaintiffs purchased the Slack Fill Products they were unable to view the amount of product inside the opaque box.  Thus, each of the Plaintiffs believed that the package contained substantially more mix inside than it actually did.  If Plaintiffs would have known that the package was filled less than capacity, none of the Plaintiffs would have purchased the Slack Fill Products or, alternatively, each of the Plaintiffs would have paid less for the Slack Fill Products.  Accordingly, each of the Plaintiffs were overcharged, did not receive the benefit of the bargain and/or suffered out-of-pocket loss.  Thus, each of the Plaintiffs were injured in fact and lost money as a result of Kodiak Cakes' improper conduct.

65.    When purchasing Kodiak Cakes Products, Plaintiffs were exposed to, read and relied upon each of the following claims that were prominently displayed on the outer label of the packaging of the  Kodiak Cakes' products they purchased: (i) contained "no preservatives," (ii) were "free of artificial additives," (iii) were "non-GMO" and (iv) were "nourishing," which plaintiffs and the reasonable consumer understand to mean "healthy."

66.    Certain of the Plaintiffs identified above were also exposed to, read, and relied upon the Claims made about these Products through Kodiak Cakes' advertising and marketing on Kodiak Cakes' online store, on Kodiak Cakes' social media profiles on Instagram and Facebook, on the Kodiak Cakes website, on Amazon.com and/or on the *Shark Tank* episode that aired on ABC.  (*See, e.g.,* **Figures 3 and 4**.)

/ / /

/ / /

-24-

*Figure 3 – Example of Online Marketing re "Healthy" on Kodiak Cakes' Online Store*

**Description:**
Kodiak Cakes Double Dark Chocolate Muffin Mix balances nutrition with the rich flavor of cocoa and semisweet chocolate chips. This easy-to-prepare muffin mix creates a moist, delicious, and healthy muffin you'll be glad you baked after you finish a tough workout or busy morning at the office. Crafted from all-natural ingredients and 100% whole grains, each protein-packed muffin is a nourishing treat you can feel good about indulging in.

*Figure 4 – Example of Online Marketing re "Healthy," "Non-GMO" and "No-Preservatives" on Kodiak Cakes' Online Store*

**Features:**
- Made with 100% whole grains for a healthy end to your day
- Three types of chocolate for a deep, rich flavor
- Non-GMO ingredients
- Made with freshly ground grains and no preservatives
- 12 servings per box

67.    Because of Plaintiffs' exposure to the Claims, each time Plaintiffs purchased the Kodiak Cakes' products they did, each of the Plaintiffs reasonably believed that Kodiak Cakes' products did in fact have the claimed characteristics as labeled and advertised.

68.    Each of the Plaintiffs relied on each of these misrepresentations alleged herein in making their decision to purchase the products and they would not have purchased Kodiak Cakes' products if they had known the Products did not in fact

-25-

have the claimed characteristics.  Plaintiffs were injured in fact and lost money as a result of Kodiak Cakes' improper conduct.

69.    Alternatively, each of the Plaintiffs would not have paid as much as they did for Kodiak Cakes' products if they had known they did not in fact have the claimed characteristics.  Plaintiffs were injured in fact and lost money as a result of Kodiak Cakes' improper conduct.

70.    Therefore, each of the Plaintiffs have suffered injury in fact and have standing to represent consumers that purchased sufficiently similar products that suffer from the same misrepresentations as the Kodiak Cakes' products Plaintiffs purchased.

### ***Defendant Kodiak Cakes***

71.    Plaintiffs are informed and, on that basis, believe that Defendant Kodiak Cakes is a privately held limited liability company established under the laws of Delaware, with its principal place of business located in Park City, Utah. Kodiak Cakes manufactures, markets and sells Kodiak Cakes products throughout the United States, including the States of California, Colorado, Connecticut, Florida, Illinois, Massachusetts, Michigan, Missouri, New Jersey, New York, and Washington.

72.    Kodiak Cakes' first product to be marketed was the Frontier Flapjack and Waffle Mix.  In 1995, the product was first sold to local gift shops and stores in ski towns like Park City, Utah and Sun Valley, Idaho.  Over nearly the next two decades, Kodiak Cakes slowly increased its product line, its brand exposure and sales of its products.  In November 2011, Kodiak Cakes landed a sales deal with the store Target.  Initially, Target was merely testing Kodiak Cakes flapjack and waffle mixes in about 40 stores across the nation.  However, by the following year, Kodiak Cakes could be found in all Target stores.

73.    Still, it was not until April 2014 when Kodiak Cakes was featured on ABC's hit television show *Shark Tank* that Kodiak Cakes sales really began to excel.

After *Shark Tank* aired, Kodiak Cakes products sold out at Target and Target introduced additional products from the Kodiak Cakes product line into its stores.  Sales rose from $3.6 million in 2013 to $6.7 million in 2014.[3]  In 2014, Kodiak Cakes Buttermilk Power Cakes became "the #1 selling pancake mix in the nation by September of that year."[4]

74.    Thereafter, Kodiak Cakes continued to see rapid revenue growth.  Sales rose from $6.7 million in 2015, to $16.5 million in 2016, to over $50 million in 2017 and a projection of $100 million in 2018.[5]

75.    In 2018, co-founder Joel Clark declared that Kodiak Cakes is "now the no. 1 best-selling pancake mix brand with a 54 percent category share, beating out big names like Aunt Jemima, and Bisquick."[6]

76.    Today, Kodiak Cakes is self-proclaimed as the "the best-selling pancake brand in its industry."[7]  It is an official food of Weight Watchers, Diabetic Living, and Shape Magazine.[8]  On Amazon, Kodiak Cakes boasts a no. 2 ranking in the fresh bakery breads category, and a no. 8 ranking in the pancakes and waffles mixes category.[9]

77.    Despite its success, this is not the first time Kodiak Cakes has been in

---

3 Emily Canal, *This Startup Didn't Get a Deal on 'Shark Tank,' and That Helped Save It From Bankruptcy*, Inc.com (Apr. 3, 2018) *available at* https://www.inc.com/emily-canal/kodiak-cakes-shark-tank.html; *see also* https://www.cnbc.com/2018/08/08/how-kodiak-cakes-pancake-mix-became-a-bestseller-at-target.html (Kodiak Cakes did $3.5 million in sales in 2013).
4 *https://kodiakcakes.com/bear-together/no-noise-pancakes-til-now/* (lasted visited, October 2, 2019.)
5 *Id.; see also* Stephen Bronner, *This Entrepreneur Almost Quit Multiple Times, But After Appearing on 'Shark Tank' He Now Has a $100 Million Business* (May 7, 2018) *available at* https://www.entrepreneur.com/article/312400
6 Sarah Berger, *This family business was a 'Shark Tank' reject — now it's bringing in $100 million a year with the best-selling pancake mix at Target, available at* https://www.cnbc.com/2018/08/08/how-kodiak-cakes-pancake-mix-became-a-bestseller-at-target.html
7 *https://kodiakcakes.com/bear-together/it-all-started-with-a-little-red-wagon/* (last visited, October 2, 2019.)
8 Steven Khan, *Kodiak Cakes Update: What Happened After Shark Tank*, Gazette Review (Dec. 5, 2016) *available at* https://gazettereview.com/2016/06/kodiak-cakes-update-shark-tank/
9 *Supra,* note 6.

violation of labeling laws.  Kodiak Cakes has misled and deceived its consumers before.  In March 2018, Kodiak Cakes recalled its Blueberry Chia Energy Waffles because it had failed to disclose that the product contained milk, which posed the risk of serious or life-threatening allergic reactions to consumers of this product that had an allergy or sensitivity to milk.[10]  The improper labeling was discovered when a consumer notified Kodiak Cakes that a family member had a reaction to the product and that "milk" was not included in the allergen statement.[11]  The product was recalled in March 2018.

78.    At all times relevant herein, Kodiak Cakes and its subsidiaries, parents, affiliates, and other related entities, as well as their respective employees, were the agents, servants and employees of Kodiak Cakes, and at all times relevant herein, each were acting within the course and scope of that agency and employment.

79.    Whenever reference in this First Amended Class Action Complaint is made to any act by Kodiak Cakes or its subsidiaries, affiliates, distributors, retailers, and other related entities, such allegation shall be deemed to mean that the principals, officers, directors, employees, agents, and/or representatives of Kodiak Cakes committed, knew of, performed, authorized, ratified, and/or directed that act or transaction on behalf of Kodiak Cakes while actively engaged in the scope of their duties.

## III

## JURISDICTION AND VENUE

80.    This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because this is a class action in which: (1) there are over 100 members in the proposed class; (2) members of the proposed class have a different citizenship from Kodiak Cakes; and (3) the claims of the proposed class members

_____

10 *https://www.fda.gov/safety/recalls-market-withdrawals-safety-alerts/kodiak-cakes-issues-allergy-alert-undeclared-milk-kodiak-cakes-blueberry-chia-energy-waffles-1072-oz*
11 *Id.*

-28-

exceed $5,000,000 in the aggregate, exclusive of interests and costs.

81.    Alternatively, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the action is between citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

82.    This Court has personal jurisdiction because Kodiak Cakes' contacts with the forum are continuous and substantial, and Defendant intentionally availed itself of the markets within California through its sales of its Kodiak Cakes' products to consumers, including Plaintiffs.  Moreover, Kodiak Cakes directed its advertising and marketing efforts to California, including having its directors and officers fly to California to be featured on the television show *Shark Tank*.  Additionally, Kodiak Cakes has consented to personal jurisdiction in this Court.

83.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Kodiak Cakes engages in continuous and systematic business activities within the State of California.  Moreover, because a substantial portion of the underlying transactions and events complained of herein occurred and affected persons and entities are located in this judicial district, and Kodiak Cakes has received substantial compensation from such transactions and business activity in this judicial district, including as the result of purchases of Kodiak Cakes products.  Further, Kodiak Cakes products inhabit and/or may be found in this judicial district, and the interstate trade and commerce described herein is and has been carried out in part within this judicial district.

**IV**

**GENERAL ALLEGATIONS – NON-FUNCTIONAL SLACK FILL**

84.    Under federal law and various state laws, a container that does not allow the consumer to fully view its contents is misleading if it contains non-functional slack fill.  Slack fill is the difference between the actual capacity of a container and the volume of product contained therein.

-29-

85.     Kodiak Cakes utilizes this false and misleading slack fill practice to deceive consumers into believing that its products have qualities and quantities that they do not have.  Kodiak Cakes utilizes this practice by concealing the Slack Fill Products in the form of powder within an entirely opaque cardboard-type box so that the consumer is unable to see any part of the actual amount of the contents within the package. Only when the consumer opens the package will they find a plastic pouch inside with the actual mix comprising less than half, and in many instances only 1/3, of the size of the box.

86.     The slack fill in Kodiak Cakes Slack Fill Products has no functional purpose.  None of the functional purposes identified in federal and state laws apply because:

       i.   The Slack Fill Products are in a powdered form that do not need slack fill to protect the contents;

     ii.   The slack fill is not required by the machines to enclose the contents of the product;

   iii.   The slack fill is not the unavoidable product settling during shipping and handling as it is much too large;

   iv.   The oversized package container is not required to provide adequate space for mandatory and necessary labeling by law;

    v.   The box is not needed to prevent theft or accommodate tampering resistant devices;

   vi.   Consumers do not mix, add, shake or dispense liquids into the Slack Fill Products at issue such that slack fill is necessary; and

  vii.   No other safe harbor provision or exception applies.

87.     Differences across Kodiak Cakes' own product line of Slack Fill Products demonstrates that there can be no functional purpose for the empty space within the packages.  In the same size box, Kodiak sells as much as 24 ounces and as little as 12.7 ounces, with no plausible explanation for the difference in the

-30-

amounts while maintaining the same size box.  This is as much as a 50% difference in fill across Kodiak Cakes' very own products.

88.     Moreover, competitor pancake, waffle and baking mixes in similar size boxes (and sometimes even *slightly smaller* boxes) contain *significantly more product* inside the package than Kodiak Cakes' Slack Fill Products.  Side-by-side, Kodiak Cakes' Slack Fill Products can appear to be identical in size to the comparable packages made by other manufacturers, leading consumers to the reasonable assumption that the Slack Fill Products contain the same amount of mix. But in fact, the Kodiak Cakes Slack Fill Products contain less product than the comparable boxes (and sometimes even slightly *smaller* competitor packages) made by other manufacturers.  (*See* **Figure 5** - Kodiak (12.7oz of product) v. Krusteaz (32oz of product).)

**Figure 5 - Kodiak (12.7oz of product) v. Krusteaz (32oz of product)**



89.     Kodiak Cakes knows, or should reasonably know, that consumers like Plaintiffs and the putative class, reasonably rely on the size of the packaging in purchasing its Slack Fill Products and would reasonably believe that the packaging contains much more mix than it actually does.

90.     In reasonable reliance on the size of the packaging, Plaintiffs and the putative class members purchased the Slack Fill Products believing that the size of

the package accurately reflected the amount of the product they were purchasing.

91.     On each purchase of the Slack Fill Products, Plaintiffs and all reasonable consumers do not know, did not know and had/have no reason to know that the Kodiak Cakes' box contains a significant amount of empty, non-functional space, because the box is entirely opaque with no view of the contents inside at the time of purchase.  A reasonable consumer cannot accurately determine the fill of the Slack Fill Products before purchase.

92.     In addition, during the class period, the Slack Fill Products failed to provide information about the final product output.  Throughout the class period, the Slack Fill Products failed to state how much *finished product a package* contains or how many finished products constitute a serving size within the number of servings per package.  The packaging of the Slack Fill products provide serving size in cylindrical cups or grams and list an approximate number of those servings per container.  But this does not tell Plaintiffs or the reasonable consumer the total number of *finished* pancakes, waffles, or other baked goods *the package will yield*.

93.     This confusion is particularly grave given that several different recipes exist on the boxes of Kodiak Cakes' flapjack, waffle and  baking mixes.  Kodiak Cakes gives consumers three options for flapjack and waffles alone.  Consumers can "just add water," replace water with milk, or do either of the liquid options and add an egg.  Kodiak Cakes also provides alternative instructions for thicker pancakes or waffles using different amounts of liquid.  But Kodiak Cakes does not tell the consumer how these additional ingredients and preparation styles will affect the total number of flapjacks or waffles the consumer can expect to yield from the package based on these different cooking methods.

94.     Adding to the consumer confusion over total package yield of finished products, Kodiak Cakes also includes instructions for using flapjack and waffle mixes for other types of baked goods, such as scones, cookies and muffins and vice versa.  While the packages *sometimes* indicate how many goods *one of the recipes*

-32-

will yield, it does not tell the consumer how many finished goods *the package will yield*.

95.     Furthermore, each recipe only calls for a measurement of the mix in cylindrical cups, which leaves the consumer completely in the dark over how many flapjacks, waffles or other baked goods *the package will yield*.  Thus, for example, if a consumer chooses to devote two cups of flapjack and waffle mix to a baked goods recipe, there is no information about the final package yield of the finished flapjack, waffle or baked good(s).

96.     To this day, Kodiak Cakes continues to sell its Slack Fill Products in this deceptive slack fill box.  Each consumer that purchases the Slack Fill Products is exposed to Kodiak Cakes' uniform practice of filling and packaging its Slack Fill Products in this deceptive manner and Kodiak Cakes continues to mislead and cheat its consumers.

97.     If Plaintiffs and the putative class knew the misleading fill inside the Slack Fill Products, they would not have purchased the products or would have only purchased them for less than they paid.  Therefore, Plaintiffs and other consumers purchasing the Slack Fill Products suffered injury in fact and lost money as a result of Kodiak Cakes' false, unfair, and fraudulent practices, as described herein.

**IV**

**<u>GENERAL ALLEGATIONS – DECEPTIVE MARKETING CLAIMS</u>**

98.     The consumer market is increasingly demanding greater transparency into the products they purchase.  Consumers want to know exactly what their products are made from and consist of.  This trend has been attributed to a multitude of factors including environmental awareness, Millennial trends, and an improving health and wellness education.[12]

---

12 Shovanna Delventhal, *Study Shows Surge in Demand for 'Natural' Products* (Updated Feb. 23, 2017) *available at https://www.investopedia.com/articles/investing/022217/study-shows-surge-demand-natural-products.asp*

99.    Research has shown that several health and nutrition claims relating to food products contribute to consumers' purchase decisions.  According to FMI's 2015 US Grocery Shopper Trends, consumers look at many data points related to health, nutrition and wellness.  This report found that the average consumer seeks 5.4 nutritional claims on the front of the package when purchasing a food product.[13]

100.   A 2018 survey of nearly 1,600 consumers found that consumers (1) look for nuanced claims that communicate specific attributes related to health and wellness, ethics, and the environment, (2) want their food to have an increasingly wide range of benefits, and (3) will pay more for food that delivers the benefits it claims.[14]

101.   Kodiak Cakes has capitalized on this marketing concept in marketing its products as being "Free of Artificial Additives," having "No Preservatives" and as "Non-GMO."

## "FREE OF ARTIFICIAL ADDITIVES" CLAIM

102.   There is a strong consumer demand for products that do not contain any artificial or synthetic ingredients.  Recent consumer reports show that consumers are now looking beyond general claims of "all natural" to more specifically looking for products that are free of added synthetic chemicals.[15]  For example, L.E.K.'s 2018 survey indicated that "no artificial ingredients or preservatives" are the "two most sought-after claims."[16]

103.   Kodiak Cakes knows that consumer demand for products that do not contain artificial substances is great and growing.  Kodiak Cakes has intentionally utilized the claim "free of artificial additives" on its product labels and in its marketing and advertising materials to take advantage of this trend.  These claims

---

13 *https://www2.deloitte.com/us/en/pages/consumer-business/articles/us-food-industry-consumer-trends-report.html* (citing FMI US Grocery Shopper Trends, 2015).
14 *https://www.lek.com/insights/ei/next-generation-mindful-food-consumption*
15 *See id.*
16 *Id.*

are material and central to several Kodiak Cakes products in this action.  (*See* **Ex. A, Per-Product Misrepresentation Chart**.)

104.   Kodiak represents that several of its baking mixes are "free of artificial additives."  Indeed, in bold, italicized writing, back-and-center of the baking mixes reads the statement that the products are "*free of preservatives and artificial additives because, to us, simple food is better*."

105.  Plaintiffs and the reasonable consumer understand that the representation that a product is "*free of artificial additives*" means that **none** of its ingredients have that quality or characteristic.

106.   Thus, Kodiak Cakes' use of the words "free of" denotes to Plaintiffs and the reasonable consumer that the whole amount of the product is without the claimed quality.  The combined use of the terms "Free of" and "Artificial Additives," led Plaintiffs and the reasonable consumer to believe that the whole extent or quantity of the ingredients contained in Kodiak Cakes products do not contain any ingredients or substances that are artificial or synthetic.  Thus, by making the claim that the products are "free of artificial additives," Kodiak Cakes has warranted and represented to consumers that the whole product contains *only* non-artificial (or natural) ingredients.

107.   Concerning food, "artificial" means synthetic, or "made by chemical synthesis, especially to *imitate* a natural product."  (*See* The Oxford Languages Dictionary.)

108.   Despite Kodiak Cakes' Claims that its products are free of artificial additives, Kodiak Cakes' products contain one or more of the following non-natural, synthetic and/or artificial substances:

- monocalcium phosphate
- sodium bicarbonate,

- sodium acid pyrophosphate ("SAPP")[17]

- maltodextrin

- citric acid

- xanthan gum

109.   Monocalcium phosphate is a component of baking powder.  It is an acid whose purpose is to react with other agents, such as sodium bicarbonate and SAPP, to provide aeration and volume by releasing carbon dioxide in the presence of water to support rising. Monocalcium phosphate can be comprised of minerals derived in nature.  However, Kodiak Cakes uses an artificially manufactured (i.e., synthesized) version of this mineral compound created for use as an artificial food additive, which *imitates* the minerals derived in nature, but is not itself natural.  Based on Kodiak Cakes' representation that its products were "Free of Artificial Additives," Plaintiffs and the reasonable consumer were misled to believe that Kodiak Cakes used a natural form of this compound rather than the artificial/synthesized form created for use as an artificial food additive.

110.   The same is true with citric acid.  Citric acid can be found naturally in citrus fruits and can be extracted from the fruit.  However, citric acid can also be artificially synthesized and industrially manufactured.  Kodiak Cakes utilizes the artificial form of citric acid in its products, not the natural form derived from fruits. Based on Kodiak Cakes' representation that its products were "Free of Artificial Additives," Plaintiffs and the reasonable consumer were misled to believe that Kodiak Cakes used a natural form of citric acid rather than the artificial and synthesized form created for use as an artificial food additive.

111.   The same is true with sodium bicarbonate.  Sodium bicarbonate is the chemical name for "baking soda."  Sodium bicarbonate can be a naturally occurring crystalline compound.  However, Kodiak Cakes uses an artificially manufactured

---

17 SAPP is also referred to as disodium dihydrogen pyrophosphate.

(i.e., synthesized) version of this compound created for use as an artificial food additive.  Based on Kodiak Cakes' representation that its products were "Free of Artificial Additives," Plaintiffs and the reasonable consumer were misled into believing that Kodiak Cakes used a natural form of baking powder rather than the artificial and synthesized form created for use as an artificial food additive.

112.   SAPP, xanthan gum and maltodextrin are not naturally occurring substances.  They are artificial (i.e., synthesized), highly processed, and manufactured and are, thus artificial substances by definition.[18]  Thus, representations that Kodiak's products are "free of artificial additives" are false and misleading to Plaintiffs and the reasonable consumer when the products contain these ingredients. (**Ex. A, Per-Product Misrepresentation Chart**.)

## **"NO PRESERVATIVES" CLAIM**

113.   Similarly, Kodiak Cakes has focused on its claim of "No Preservatives" to drive consumer sales of its products.  Many of Kodiak Cakes' products state directly on the side label of the package that the products are "Made with . . . ***no preservatives***" and several baking mixes also claim to be "***free of preservatives***."

114.   The FDA has confirmed that SAPP is a "chemical preservative:":

> "FDA considers use of the term 'natural' on a food label to be truthful and nonmisleading when "nothing artificial or synthetic…has been included in, or has been added to, a food that would not normally be expected to be in the food.' [58 FR 2302, 2407, January 6, 1993]. . . **Your product contains disodium dihydrogen pyrophosphate [SAPP], which is a** synthetic ***chemical preservative***. Because your products contain this synthetic ingredient, the use of the claim 'All Natural' on this product label is false and misleading, and therefore your product is misbranded under section 403(a)(1) of the Act."

(*See* **Exhibit C**.)

/ / /

---

[18] *See* 7 C.F.R. § 205.605(b); *see also* Ex. C, Ltr. from FDA defining SAPP as a "synthetic ingredient."

-37-

115.   Plaintiffs and the reasonable consumer were misled into believing that all products labeled and advertised by Kodiak as being "Free of Preservatives" and containing "No Preservatives" did not contain *any ingredient* that was a preservative – none at all.  This claim is false and misleading to Plaintiffs and the reasonable consumer for all products that contain SAPP.

116.   As a result of the presence of these artificial ingredients and the preservative SAPP in Kodiak Cakes' products, Kodiak Cakes' Claims that its Products are "Free of Artificial Additives" and contain "No Preservatives" is false, deceptive, and misleading. Plaintiffs and reasonable consumers have been misled by Kodiak Cakes' false and misleading representations.

## "NON-GMO" CLAIM

117.   "GMOs" are genetically modified organisms.   GMOs are plants, animals, microorganisms or other organisms whose genetic makeup has been modified by humans in a laboratory using genetic engineering or transgenic technology. This creates combinations of plant, animal, bacterial and virus genes *that do not occur in nature*.[19]

118.   Consumer trends demonstrate that consumers are seeking foods that are non-GMO.   Consumer research firm Nielsen reported that sales of food labeled "non-GMO" grew by more than $8 billion from 2012 to 2016, reaching nearly $21.1 billion in total sales.[20]

119.   In 2016, a Nielsen research report concluded that genetically modified organisms (GMOs, 54%) were among the top list of ingredients that consumers around the world try to avoid.[21]

120.   A non-GMO market insight report released by Mintel in February 2017

_____

[19] *See https://www.nongmoproject.org/gmo-facts/what-is-gmo/.*
20 *http://foodsafety.merieuxnutrisciences.com/2017/03/07/insight-non-gmo-claim-market-trends/*
2121 *https://www.nielsen.com/us/en/insights/article/2016/reaching-for-real-ingredients-avoiding-the-artificial/*

-38-

states 34% of Baby Boomers and 29% of Millennials surveyed actively avoid genetically modified foods in their diet, demonstrating that consumer preference for non-GMO foods spans generations.

121.   At relevant times during the class period, every Kodiak Cakes product has prominently displayed "**non-GMO**" on the package, often in multiple locations. Non-GMO has become one of the key claims that appear as a descriptor of the product on nearly every package and other advertisements for the products.  (*See, e.g.* **Figure 8** – Example of "Non-GMO" Claim on Packaging, *infra*.)

122.   Plaintiffs and the reasonable consumer believed that Kodiak Cakes' representation that its products were "Non-GMO" signified a complete absence of genetically modified organisms.[22]   To Plaintiffs and the reasonable consumer, Kodiak Cakes' representation of "non-GMO" on the product label indicated that the entire food product, and all of the ingredients in it, did not contain, consist of, and were not derived or produced from genetically modified organisms.[23]   This consumer understanding is consistent with the understanding of Kodiak's suppliers, *which informed Kodiak at relevant times during the class period that they could not state that certain of Kodiak's ingredients were non-GMO because the ingredient(s) were derived from genetically modified organisms*.

123.   Consistent with Plaintiffs' and the reasonable consumer's belief that Kodiak Cakes' representation meant there were no GMOs in Kodiak's products, Plaintiffs also believed that "non-GMO" meant that no genetically modified organisms would be introduced either genetically in the course of pollination or mechanically during the harvesting, handling or processing the ingredients/products. Thus, Plaintiffs and the reasonable consumer believed that non-GMO meant 100% GMO free, both in genetic makeup and the absence of foreign material content.[24]

---

[22] *See, e.g., https://www.merriam-webster.com/dictionary/non-* (defining "non-" to be "not, other than, reverse of, or absence.")
[23] *See id.*
[24] *Supra,* note 22.

124.   Several Kodiak's dairy ingredients contain GMOs because the animals from which they are derived eat feed containing GMOs.  Due to the scarcity of non-GMO feed and the widespread presence of GMO's in the grain market fed to cows, ***Kodiak's own suppliers cannot state that the feed fed to cows that produce their milk is free of GMOs***.  Thus, Plaintiffs and the reasonable consumer have been misled by Kodiak's representations that its products are non-GMO when its dairy ingredients contained GMOs due to the GMO feed given to the cows that produced these ingredients.  This is why the leading non-GMO verification organization, called ***The Non-GMO Project, could not and did not verify Kodiak's products as "non-GMO."***  Despite its actual knowledge that its product could not be verified as "non-GMO," Kodiak ***still***  included this representation on its packaging in order to induce consumers to purchase and pay more for its products.

125.   Indeed, Kodiak investigated what it would need to do to achieve a complete absence of GMOs.  But due to the increase cost per unit of approximately 40 cents per box and 30 cents per cup, Kodiak Cakes decided against actually making its products truly non-GMO as it represents its products to be.  Instead, Kodiak Cakes continued to falsely market and advertise its products as being non-GMO, when they are not, in order to gain bigger profits.

/ / /

/ / /

/ / /

/ / /

*Figure 8 – Example of Prominence of "Non-GMO*



126.   Kodiak Cakes' products that claim to be non-GMO contain one or more of the following ingredients that, during the relevant class period, consisted of or were derived from GMOs:

- soy lecithin
- soy protein
- corn starch
- baking powder
- SAPP
- vanilla flavor
- oats and oat flour
- honey powder
- cinnamon, cinnamon chips or flakes
- chocolate chips
- peanut butter chips
- caramel chips
- maltodextrin derived from corn

- brown sugar/brownulated sugar
- sugar derived from beets
- natural green apple flavor powder
- buttermilk powder
- non-fat dried milk
- whey protein concentrate
- egg whites
- butter flavor
- milk protein isolate
- palm oil flakes

## "HEALTHY" CLAIM

127.   Defendant also represents that its products are "healthy."  Defendant's main slogan is "***Nourishment for Today's Frontier.***"  This claim appears on every single package for all Kodiak Cakes products and forms the basis of Kodiak Cakes' marketing platform to disseminate its message to consumers that its products are "healthy." Nourishing is synonymous with "healthy."   The Oxford Language Dictionary defines ***nourishment as "(of food) containing substances necessary for growth, <u>health</u>, and good condition***."   Merriam Webster's Dictionary further explains that to "nourish" means to "cause to grow or live in a ***healthy*** state…**"**  Plaintiffs and the reasonable consumer understand Kodiak's main slogan to mean that its foods are "healthy." Kodiak Cakes' "healthy" claim has created a brand awareness among consumers that misleads them into thinking that Kodiak Cakes' products are healthy and nourishing when they are not.

128.   Plaintiffs and members of the Classes interpret "healthy" as those foods that have qualities such as low levels of fat, cholesterol and sugar and contain a certain level of vitamins and nutrients.

/ / /

129.   This consumer expectation is consistent with the FDA regulation and its benchmark for the ability to label a food as "healthy."  For example, 21 C.F.R. § 101.65 (d)(2) provides that a product can be labeled as "healthy" if the product meets the following: (1) At least 10% of the DV of Vitamin A, Vitamin C, calcium, iron, protein or fiber (2) Less than 60mg of cholesterol, (3) Less than 3 grams of fat; and (4) Less than 1 gram of saturated fat.

130.   The Healthy Claim Products do not meet these standards, which provide a benchmark to show that these products are not in fact healthy as they claim to be.  (*See* **Exhibit A, Per-Product Misrepresentation Chart**.)   The Healthy Claim Products are unhealthy because they actually contain unhealthy levels of (1) fat and saturated fat, the consumption of which has been shown to cause heart disease and other serious health problems, (2) cholesterol, which has been shown to increase the risk of heart attack, stroke, and narrowed arteries (atherosclerosis), among other serious health problems; (3) contains high levels of sugar that can lead to heart disease, type 2 diabetes, and cancer, among other serious health conditions and (4) fails to meet at least 10% of the DV of Vitamin A, Vitamin C, calcium, iron, protein or fiber.

131.   As to sugar, several baking mixes and cups actually list *sugar as the first ingredient* of the product and have as much as 26g of sugar per serving.  Several products that Kodiak Cakes markets as healthy also have equal or ***more sugar than competitor brands*** that do not make similar claims and are sold at a cheaper cost.

132.   Kodiak also targets the active community, including weightlifting and Cross-Fit communities, by representing that its products are healthy and provide nourishment.  Kodiak goes as far to target its active and healthful-minded consumers to purchase its products by deceiving them that its products are healthy and nourishing to fuel their workouts and make a healthy "post-workout treat."  Instead, however, Kodiak Cakes' products contain excessively high amounts of sugar, fat and cholesterol.  (*See* Exhibit A, Per-Product Misrepresentation Chart.)

-43-

133.   Kodiak Cakes' deceptive marketing practice is particularly concerning given that healthy foods have become one of the most salient food characteristics that are important to consumers in this nation.

134.   Nielsen's 2015 Global Health & Wellness Survey polled over 30,000 individuals online and confirmed that the "consumer mindset about healthy foods has shifted and they are ready to pay more for products that claim to boost health and weight loss."[25]  Specifically, the results showed that approximately 88% of the 30,000 individuals across all demographics polled were willing to pay more for healthier foods..[26]

135.   L.E.K. Consulting's 2018 food and beverage survey of almost 1,600 consumers found that 93% of consumers want to eat healthy at least some of the time, with 63% trying to eat healthy most or all of the time.[27]

136.   There are various reasons that are attributed as to why health product concerns continue to increase in importance.   These reasons include societal, demographic, technological, and governmental reasons and, perhaps most importantly, a shift in consumer focus on the role diet plays in health and the idea that food can be used to manage health risks.[28]

137.   Defendant has targeted the consumer market and has deceived Plaintiffs and consumers causing them to purchase several Kodiak Cakes products believing they are healthy and nourishing when they are not.   Kodiak Cakes' marketing practices regarding the healthfulness of its products has been prominent since inception.

/ / /

---

25 Nancy Gagliardi, *Consumers Want Healthy Foods – And Will Pay More for Them* (Feb. 18, 2015) *available at* https://www.forbes.com/sites/nancygagliardi/2015/02/18/consumers-want-healthy-foods-and-will-pay-more-for-them/#4770ce5075c5
26 *Id.*
27 *Supra*, note 14.
28 *Id.*

-44-

138.   When Kodiak Cakes aired on ABC's television show, *Shark Tank* – which was the marketing turning point for the company – Kodiak Cakes brought this misrepresentation to the forefront of its marketing on the show.   The company highlighted how consumers "**can't believe they are *so healthy*.**" (Emphasis added.) The *Shark Tank* episode, which marked a milestone in Kodiak Cakes' success, and aired across the nation, rested upon this material misrepresentation concerning Kodiak Cakes' products.  (*See* **Figure** 6 – Description from *Shark Tank* Episode.)

### *Figure 6 -Description from Shark Tank Episode*



S5 E22 Kodiak Cakes, Monkey Mat, Plated, The Paint Brush Cover

04/04/14 | TV-PG | CC

PITCH:  Kodiak Cakes

About the Company:

Kodiak Cakes creates 100% whole grain and all natural products that taste amazing. Based on an old Utah family recipe, Kodiak Cakes Flapjack and Waffle Mix went from being sold in paper lunch sacks to neighbors out of a red wagon in 1982, to being sold in ski-town gift shops in 1995, to now being sold in over 7000 grocery stores nationwide including Target, Safeway, Meijer, and many more. Our whole grain flapjack and waffle mixes are incredibly light and fluffy and you only add water to make them. People write to us every day to tell us Kodiak Cakes is the best pancake mix they've ever tried. Then they tell us they can't believe they are so healthy. You and your kids will love our whole grain and all natural products.

LEARN MORE: Visit www.kodiakcakes.com

139.   Indeed, Kodiak Cakes deceives consumers into believing that several of its baking mixes create a "healthy" food, which is misleading.   For example, Kodiak Cakes disseminated the following message about its Double Dark Chocolate Muffin Mix:

> "The easy-to-prepare muffin mix creates a moist, delicious, and ***healthy muffin*** you'll be glad you baked after you finish a tough workout or busy morning at the office . . . each protein-packed muffin is a ***nourishing treat*** you can feel good about indulging in."

(Emphasis added).  This product has 23g of sugar and more than 25% of the consumer's daily value of fat, 22% of cholesterol and 18% of sodium when baked.

140.   Defendant's Claims are material representations because consumers attach importance to the claim that the products are "healthy" when making purchase decisions. Defendant markets and advertises Kodiak Cakes products with these Claims in order to differentiate the products, increase sales and induce consumers to purchase its products. Plaintiffs and members of the Class were among the intended recipients of Defendant's deceptive Claims.  Plaintiffs and members of the Class reasonably relied to their detriment on Defendant's misleading representations.

141.   Defendant's false, misleading, and deceptive misrepresentations are likely to continue to deceive and mislead reasonable consumers and the general public, as they have already deceived and misled Plaintiffs and members of the Class.

142.   As a result of Defendant's false, misleading, and deceptive representations as alleged herein, Defendant injured Plaintiffs and members of the putative class ("Class"), in that Plaintiff and members of the Class:

a.   Paid a sum of money for the Kodiak Cakes products that did not have the characteristics, qualities or quantities they were represented and promised to have;

b.   Were deprived of the benefit of the bargain because the Kodiak Cakes' products they purchased were different from what Defendant warranted;

c.   Were deprived the benefit of the bargain because the Kodiak Cakes products they purchased had less value than what Defendant represented;

d.   Were denied the benefit of truthful food labels.

143.   Plaintiffs and members of the Class would not have purchased the Kodiak Cakes products if they had known that the products did not contain the characteristics, quality and quantities Defendant represented them to have.

/ / /

-46-

144. Alternatively, Plaintiffs and members of the Class would not have purchased the Kodiak Cakes' products at the price paid had they known the products did not contain the characteristics, quality and quantities Defendant represented them to have.

145. Had Defendant not made the false, misleading, and deceptive representations about the products, Plaintiffs and members of the Class would not have been economically injured.

146. Accordingly, Plaintiffs and members of the Class have suffered injury in fact, lost money or property, and suffered economic damages as a result of Defendant's wrongful conduct.

**V**

**CLASS ALLEGATIONS**

147. Plaintiffs bring this action as a class action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of the following Multi-State Class or, in the alternative, Single-State Classes which including the following states that all have similar laws across the causes of actions alleged herein.

**Multi-State Class**

All persons that reside in the states of California, Colorado, Connecticut, Florida, Illinois, Massachusetts, Michigan, Missouri, New Jersey, New York and Washington who purchased Kodiak Cakes' products[29] for personal use from January 1, 2015 until the date notice is disseminated.

**Single-State Classes (*In the Alternative*)**

***California.*** All persons that reside in California who purchased Kodiak Cakes' products for personal use from January 1, 2015 until the date notice is disseminated.

***Colorado.*** All persons that reside in Colorado who purchased Kodiak Cakes'

---

[29] Exhibit A, Per-Product Misrepresentation Chart for Kodiak Cakes products at issue in this case.

products for personal use from January 1, 2015 until the date notice is disseminated.

***Connecticut.*** All persons that reside in Connecticut who purchased Kodiak Cakes' products for personal use from January 1, 2015 until the date notice is disseminated.

***Florida.*** All persons that reside in Florida who purchased Kodiak Cakes' products for personal use from January 1, 2015 until the date notice is disseminated.

***Illinois.*** All persons that reside in Illinois who purchased Kodiak Cakes' products for personal use from January 1, 2015 until the date notice is disseminated.

***Massachusetts.*** All persons that reside in Massachusetts who purchased Kodiak Cakes' products for personal use from January 1, 2015 until the date notice is disseminated.

***Michigan.*** All persons that reside in Michigan who purchased Kodiak Cakes' products for personal use from January 1, 2015 until the date notice is disseminated.

***Missouri.*** All persons that reside in Missouri who purchased Kodiak Cakes' products for personal use from January 1, 2015 until the date notice is disseminated.

***New Jersey.*** All persons that reside in New Jersey who purchased Kodiak Cakes' products for personal use from January 1, 2015 until the date notice is disseminated.

***New York.*** All persons that reside in New York who purchased Kodiak Cakes' products for personal use from January 1, 2015 until the date notice is disseminated.

***Washington.*** All persons that reside in Washington who purchased Kodiak Cakes' products for personal use from January 1, 2015 until the date notice is

-48-

disseminated.

148.   Excluded from the Class are: (i) Defendant and its officers, directors, and employees; (ii) any person who files a valid and timely request for exclusion; and (iii) judicial officers and their immediate family members and associated court staff assigned to the case.

149.   Plaintiffs reserve the right to amend or otherwise alter the class definition presented to the Court at the appropriate time, or to propose or eliminate sub-classes, in response to facts learned through discovery, legal arguments advanced by Defendant, or otherwise.

150.   This action is properly maintainable as a class action pursuant to Federal Rule of Civil Procedure 23 for the reasons set forth below.

151.   **Numerosity—Federal Rule of Civil Procedure 23(a)(1).** Plaintiffs are informed and believe, and on that basis allege, that members of the class are so numerous that joinder of all members is impracticable.  Upon information and belief, the Class consists of hundreds of thousands of purchasers dispersed throughout the United States, and the classes of each State likewise consists of thousands or tens of thousands of purchasers throughout each respective State.  Accordingly, it would be impracticable to join all individual members of the Class before the Court.

152.   **Commonality and Predominance—Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).** There are numerous and substantial questions of law or fact common to all members of the Class that predominate over any individual issues.   Included within the common questions of law or fact are:

a.   Whether Defendant misleadingly underfills the product boxes sold to consumers for no functional purpose;

b.   Whether Defendant made material representations and omissions in the packaging, marketing and sale of Kodiak Cakes products;

c.   Whether Defendant engaged in unlawful, unfair or deceptive business practices by advertising and selling its Kodiak Cakes

-49-

products;

d.   Whether Defendant violated the applicable consumer protection state statutes;

e.   Whether Defendant committed a breach of express warranty;

f.   Whether Plaintiffs and the Class members are entitled to equitable and/or injunctive relief based on Kodiak Cakes' misleading "non-GMO" marketing statements;

g.   Whether Plaintiffs and the Class members have sustained damage as a result of Defendant's unlawful conduct; and

h.   The proper measure of damages sustained by Plaintiffs and Class members.

153.   **Typicality—Federal Rule of Civil Procedure 23(a)(3).** Plaintiffs' claims are typical of the claims of the members of the Class they seek to represent because Plaintiffs, like the Class members, purchased Defendant's falsely packaged, labeled and advertised Kodiak Cakes products and Plaintiffs and the class members were exposed to the same misrepresentations.  Thus, Plaintiffs' claims arise from the same events, practices, and/or course of conduct that gives rise to the claims of the other class members.  Defendant's unlawful, unfair and/or fraudulent actions concern the same business practices described herein irrespective of where they occurred or were experienced.  Plaintiffs and the Class members sustained similar injuries arising out of Defendant's conduct.  Plaintiffs' and Class members' claims arise from the same practices and course of conduct and are based on the same legal theories.

154.   **Adequacy of Representation—Federal Rule of Civil Procedure 23(a)(4).** Plaintiffs are adequate representatives of the Class they seek to represent because their interests do not conflict with the interests of the members of the Class Plaintiffs seek to represent.  Plaintiffs will fairly and adequately protect the interests of members of the Class and have retained counsel experienced and competent in

-50-

the prosecution of complex cases including complex class action questions that arise in consumer protection litigation.

155. **Predominance and Superiority—Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3).** A class action is superior to other available methods for the fair and efficient adjudication of the present controversy because it will permit a large number of claims to be resolved in a single forum simultaneously, efficiently, and without the unnecessary hardship that would result from the prosecution of numerous individual actions and the duplication of discovery, effort, expense and burden on the courts that individual actions would engender.  The benefits of proceeding as a class action, including providing a method for obtaining redress for claims that would not be practical to pursue individually, are far superior than any difficulties that might be argued with regard to the management of this class action. This superiority makes class litigation superior to any other method available for the fair and efficient adjudication of these claims.  Absent a class action, it would be highly unlikely that the representative Plaintiffs or any other members of the Class would be able to protect their own interests because the cost of litigation through individual lawsuits might exceed expected recovery.

156. Because Plaintiffs seek relief for all members of the Class, the prosecution of separate actions by individual members would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for Defendant.

157. The prerequisites to maintaining a class action for injunctive or equitable relief pursuant to Fed. R. Civ. P. 23(b)(2) based on Kodiak Cakes' misleading "non-GMO" marketing statements are met as Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive or equitable relief with respect to the Class as a whole. In addition, Plaintiffs have an intention to purchase the products in the future if the products are truthfully labeled.

158.   The prerequisites to maintaining a class action pursuant to Fed. R. Civ. P. 23(b)(3) are also met as questions of law or fact common to Class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

## CAUSES OF ACTION

## COUNT I

## Violation of the California Consumers Legal Remedies Act

## (Cal. Civ. Code §§ 1750, *et seq.*)

159.   Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding paragraphs as if fully set forth verbatim herein.

160.   Plaintiffs Ty Stewart, Jocelyn Fielding, Laureene Buck, Anna Altomare, Eliza Reid and Jennifer Jenkins bring this Count individually and on behalf of all other California consumers.

161.   Plaintiffs bring this claim under the Consumer Legal Rights Act, Civil Code section 1750, *et seq.*, (the "CLRA"), on behalf of themselves individually and the Class against Defendant.

162.   At all times relevant hereto, Plaintiffs and members of the Class were "consumer[s]," as defined in Civil Code section 1761(d).

163.   At all times relevant hereto, Defendant constituted a "person," as defined in Civil Code section 1761(c).

164.   At all times relevant hereto, the Kodiak Cakes' Products manufactured, marketed, advertised, and sold by Defendant constituted "goods," as defined in Civil Code section 1761(a).

165.   The purchases of the Kodiak Cakes' Products by Plaintiffs and members of the Class were and are "transactions" within the meaning of Civil Code section 1761(e).

/ / /

-52-

166. Defendant disseminated, or caused to be disseminated, through its packaging, labeling, marketing and advertising misrepresentations that the Kodiak Cakes' Products were and are:

- Free of Artificial Additives
- No Preservatives
- Non-GMO
- Healthy
- And were misleadingly filled and have a greater quantity than the products actually have.

167. Defendant's representations violate the CLRA in at least the following respects:

a. In violation of Civil Code § 1770(a)(5), Defendant represented that the Kodiak Cakes' Products have characteristics, ingredients, uses, benefits, and quantities that they do not have;

b. In violation of Civil Code § 1770(a)(7), Defendant represented that the Kodiak Cakes' Products are of a particular standard, quality, or grade, which they are not;

c. In violation of Civil Code § 1770(a)(9), Defendant advertised the Kodiak Cakes' Products with an intent not to sell the products as advertised; and

d. In violation of Civil Code § 1770(a)(16), Defendant represented that the subject of the sale of Kodiak Cakes' Products has been supplied in accordance with a previous representation when it has not.

168. Defendant knew or should have known that its Kodiak Cakes' Products did not contain the claimed characteristics because Defendant manufactured, marketed and sold its Kodiak Cakes' Products without those characteristics that it claimed. Defendant knew or should have known that its representations about its Products as described herein violated consumer protection laws, and that these

-53-

1  statements would be relied upon by Plaintiffs and the members of the Class.

2  169.   Defendant's actions as described herein were done with conscious
3  disregard of Plaintiffs' and the Class's rights and were wanton and malicious.

4  170.   Defendant's wrongful business practices constituted, and constitute, a
5  continuing course of conduct in violation of the CLRA since Defendant is still
6  representing that its Kodiak Cakes' products have characteristics which they do not
7  have.

8  171.   Pursuant to Civil Code section 1782(d), Plaintiffs and members of the
9  Class seek an order enjoining Defendant from engaging in the methods, acts, and
10  practices alleged herein, and for restitution and disgorgement.

11  172.   Pursuant to Civil Code section 1782, Plaintiffs notified Defendant in
12  writing by certified mail of the alleged violations of the CLRA and demanded that
13  Defendant rectify the problems associated with the actions detailed above and give
14  notice to all affected consumers of its intent to so act.  A copy of the written notices
15  provided to Defendant is attached hereto as **Exhibit B**.

16  173.   With respect to those violations of Civil Code § 1770 as to which
17  notification was received and accepted by Defendant, Defendant failed to respond
18  to Plaintiffs' timely demands within 30 days of Plaintiffs' notice.  Accordingly,
19  Plaintiffs hereby request damages from Defendant as provided for in Civil Code §
20  1780 including:

21    a.  actual damages in excess of the jurisdictional limits of this Court;

22    b.  statutory damages allowable under Civil Code § 1780;

23    c.  punitive damages;

24    d.  attorneys' fees;

25    e.  court costs and interest; and

26    f.  any other relied which the court deems proper.

27  174.   Pursuant to § 1780(d) of the CLRA, attached as **Exhibit D** is an
28  affidavit showing that this action was commenced in a proper forum.

-54-

## COUNT II

### Violation of the California Unfair Competition Law

### (Cal. Bus. & Prof. Code §§ 17200, *et seq.*)

175.   Plaintiffs re-allege and incorporate by reference all allegations set forth in the proceeding paragraphs, as if fully set forth verbatim herein.

176.   Plaintiffs Ty Stewart, Jocelyn Fielding, Laureene Buck, Anna Altomare, Eliza Reid and Jennifer Jenkins bring this Count individually and on behalf of all other California consumers.

177.   Plaintiffs bring this claim under California's Unfair Competition Law, Business and Professions Code section 17200, *et seq.* ("UCL"), on behalf of themselves and the Class against Defendant.  The UCL prohibits any "unlawful," "fraudulent" or "unfair" business act or practice and any false or misleading advertising.

178.   Defendant committed unlawful business acts or practices by, among other things, making the representations (which also constitutes advertising within the meaning of § 17200), as set forth more fully herein, and violating Civil Code sections 1572, 1573, 1709, 1711, 1770(a)(5), (7), (9) and (16), Business & Professions Code section 17500, *et seq.*, 21 C.F.R. § 100.100, California's Fair Packaging and Labeling Act, Business and Professions Code section 12600, *et seq.*, and the common law.  Plaintiffs, individually and on behalf of the other Class members, reserve the right to allege other violations of law, which constitute other unlawful business acts or practices.  Such conduct is ongoing and continues to this date.

179.   Defendant committed "unfair" business acts or practices by, among other things: (1) engaging in conduct where the utility of such conduct, if any, is outweighed by the gravity of the consequences to Plaintiffs and members of the Class; (2) engaging in conduct that is immoral, unethical, oppressive, unscrupulous, or substantially injurious to Plaintiffs and members of the Class; and (3) engaging

-55-

in conduct that undermines or violates the spirit or intent of the consumer protection laws alleged in this Class Action Complaint. There is no societal benefit from false advertising, only harm.  Plaintiffs and the other Class members paid for a product that is not as advertised by Defendant.  While Plaintiffs and the other Class members were harmed, Defendant was unjustly enriched by its false misrepresentations.  As a result, Defendant's conduct is "unfair," as it offended an established public policy. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein.

180.  Defendant committed "fraudulent" business acts or practices by making the representations of material fact regarding its Kodiak Cakes products as set forth fully herein.  Defendant's business practices as alleged herein are "fraudulent" under the UCL because they are likely to deceive customers into believing the Kodiak Cakes products contain the characteristics, qualities and quantities asserted in the Claims alleged herein even though they do not.

181.  Plaintiffs and the other members of the Class have in fact been deceived as a result of their reliance on Defendant's material representations, which are described above. This reliance has caused harm to Plaintiffs and the of the Class, each of whom purchased Kodiak Cakes' products. Plaintiffs and the other Class members have suffered injury in fact and lost money as a result of purchasing the Kodiak Cakes products and Defendant's unlawful, unfair, and fraudulent practices.

182.  Defendant's wrongful business practices and violations of the UCL are ongoing.

183.  Pursuant to Business & Professions Code section 17203, Plaintiffs, individually and on behalf of the Class, seek an order of this Court enjoining Defendant from engaging in the unfair competition alleged herein in connection with the sale of its Kodiak Cakes products as it relates to Kodiak's representations that its products are non-GMO.  Plaintiffs further request an order awarding Plaintiffs and the Class restitution of the money wrongfully acquired by Defendant by means

1  of the unfair competition alleged herein.

2  184.   Plaintiffs and the Class are further entitled to pre-judgment interest as

3  a direct and proximate result of Defendant's unfair and fraudulent business conduct.

4  The amount on which interest is to be calculated is a sum certain and capable of

5  calculation, and Plaintiffs and the Class are entitled to interest in an amount

6  according to proof.

7  185.   Plaintiffs request all applicable remedies, awards, damages, and relief

8  allowable under the UCL.

9  ### COUNT III

10  ### False Advertising in Violation of

11  ### (California Bus. & Prof. Code §§ l7500, *et seq.*)

12  186.   Plaintiffs re-allege and incorporate by reference all allegations set forth

13  in the proceeding paragraphs, as if fully set forth verbatim herein.

14  187.   Plaintiffs Ty Stewart, Jocelyn Fielding, Laureene Buck, Anna

15  Altomare, Eliza Reid and Jennifer Jenkins bring this Count individually and on

16  behalf of all other California consumers.

17  188.   Defendant uses advertising to sell the Kodiak Cakes products.

18  Defendant disseminates advertising concerning the Kodiak Cakes products which

19  by its very nature is deceptive, untrue, or misleading within the meaning of

20  California Business & Professions Code §§ 17500 *et seq.* because those advertising

21  statements are misleading and likely to deceive, and continue to deceive, members

22  of the class and the general public.

23  189.   In making and disseminating the statements alleged herein, Defendant

24  knew or should have known that the statements were untrue or misleading, and acted

25  in violation of California Business & Professions Code §§ 17500 *et seq.*

26  190.   The misrepresentations and non-disclosures by Defendant of the

27  material facts detailed above constitute false and misleading advertising and

28  therefore constitute a violation of California Business & Professions Code §§ 17500

-57-

1  *et seq.*

2       191.   Through their deceptive acts and practices, Defendant has improperly

3  and illegally obtained money from Plaintiffs and the members of the Class. As such,

4  Plaintiffs request that this Court cause Defendant to restore this money to Plaintiffs

5  and the members of the Class, and to enjoin Defendant from continuing to violate

6  California Business & Professions Code §§ 17500, *et seq.*, as discussed above.

7  Otherwise, Plaintiffs and those similarly situated will continue to be harmed by

8  Defendant's false and/or misleading advertising as to Defendant's representations

9  that its products are non-GMO.

10       192.   Pursuant to California Business & Professions Code § 17535, Plaintiffs

11  seek an Order of this Court ordering Defendant to fully disclose the true nature of

12  their misrepresentations.   Plaintiffs additionally request an Order requiring

13  Defendant to disgorge their ill-gotten gains and/or award full restitution of all

14  monies wrongfully acquired by Defendant by means of such acts of false

15  advertising, plus interest and attorneys' fees so as to restore any and all monies

16  which were acquired and obtained by means of such untrue and misleading

17  advertising, misrepresentations and omissions, and which ill-gotten gains are still

18  retained by Defendant. Plaintiffs and those similarly situated may be irreparably

19  harmed and/or denied an effective and complete remedy if such an Order is not

20  granted.

21       193.   Defendant's conduct is ongoing and continues to this date.  Plaintiffs

22  and the Classes are therefore entitled to the relief sought.

23                              **COUNT IV**

24                    **Breach of Express Warranty**

25                    **(Cal. Com. Code § 2313)**

26       194.   Plaintiffs re-allege and incorporate by reference all allegations set forth

27  in the proceeding paragraphs, as if fully set forth verbatim herein.

28  / / /

195.   Plaintiffs Ty Stewart, Jocelyn Fielding, Laureene Buck, Anna Altomare, Eliza Reid and Jennifer Jenkins bring this Count individually and on behalf of all other California consumers.

196.   Defendant promised and expressly warranted that its Kodiak Cakes products were Free of Artificial Additives, contain No Preservatives, are Non-GMO, and are Healthy and Nourishing.

197.   These written promises and affirmations of fact constitute express warranties that became part of the basis of the bargain between Plaintiffs and the members of the Class on the one hand and Defendant on the other. Plaintiffs and Class members reasonably relied upon the Defendant's affirmations of fact when they decided to buy Defendant's Products.

198.   All conditions precedent to Defendant's liability under the contract, including notice, have been performed by Plaintiffs and the Class.  (*See* Ex. B.)

199.   Defendant has breached the terms of its express warranties by failing to provide the Kodiak Cakes products as warranted.

200.   As a direct and proximate result of Defendant's breach of its warranties, Plaintiffs and others similarly situated have been damaged in the amount of the purchase price of the Kodiak Cakes products at issue, and any relief that may be proved as trial.

## COUNT V

### Violation of Colorado Deceptive Trade Practices

### (Colo. Rev. Stat. Ann. § 6-1-105, *et seq.*)

201.   Plaintiffs re-allege and incorporate by reference all allegations set forth in the proceeding paragraphs, as if fully set forth verbatim herein.

202.   Plaintiff Humphrey is a consumer of Defendant's goods.  Plaintiff Humphrey brings this Count individually and on behalf of all other Colorado consumers regarding Defendants' non-functional slack fill practices and deceptive marketing claims based on non-GMO and healthy.

203.   Defendant has engaged in or caused another to engage in any deceptive practices under Colo. Rev. Stat. § 6-1-105 et seq.  This conduct includes (i) knowingly or recklessly making a false representation as to the source, sponsorship, approval, or certification of goods, services, or property, (ii) knowingly or recklessly making a false representation as to the characteristics, ingredients, uses, benefits, alterations, or quantities of goods, food, services, or property or a false representation as to the sponsorship, approval, status, affiliation, or connection of a person therewith, (iii) representing that goods, food, services, or property are of a particular standard, quality, or grade, or that goods are of a particular style or model, if he knows or should know that they are of another, (iv) advertising goods, services, or property with intent not to sell them as advertised, (v) making false or misleading statements of fact concerning the price of goods, services, or property or the reasons for, existence of, or amounts of price reductions.

204.   Defendant intended that Plaintiff and the Class members would rely on the unlawful, deceptive and/or unfair business acts and practices alleged herein. In the alternative, Defendant knew or should have known that the Kodiak Cakes products did not contain the claimed characteristics because Defendant manufactured, marketed and sold the Kodiak Cakes products without those claimed characteristics.  Defendant knew or should have known that their representations about the Kodiak Cakes products as described herein are deceptive and that these statements or misleading packaging would be relied upon by Plaintiffs and the members of the Class.

205.   Plaintiff and those similarly situated relied to their detriment on Defendant's unfair, deceptive and unlawful business practices. Had Plaintiffs and those similarly situated been adequately informed and not deceived by Defendants, they would have acted differently by not purchasing (or paying less for) Defendants' Kodiak Cakes products.

206.   The misrepresentations alleged herein are material facts that had the capacity to deceive Plaintiff and the reasonable consumer and which they would have considered in deciding whether or not to purchase (or to pay the same price for) the products complained of herein.

207.   Had Defendant disclosed all material information regarding the Products as alleged herein, Plaintiff and the other Class members, would not have purchased the products or would have paid less to do so.

208.   Defendant's conduct has deceived Plaintiff, and those same business practices have deceived or are likely to deceive members of the consuming public and the other members of the Class.

209.   In addition to being deceptive, Defendant's business practices as alleged herein were unfair as alleged herein.  The injuries to Plaintiff and the other class members are substantial and greatly outweigh any alleged countervailing benefit.

210.   Defendant's conduct also violated Colo. Rev. Stat. Ann. § 25-5-411.

211.   As a direct and proximate result of Defendant's unfair and deceptive trade practices, Plaintiff and other members of the class have suffered ascertainable loss and actual damages.  Plaintiff and other class members would not have purchased the products or would have paid less for them had the truth about the products been disclosed.

212.   Plaintiff and the class members are entitled to recover actual damages, attorneys' fees and costs, and all other available relief under Colo. Rev. Stat. §§ 6-1-101, et seq. that this Court deems proper.

## COUNT VI

### Breach of Express Warranty

### (Colo. Rev. Stat. §§ 4-2-313)

213.   Plaintiffs re-allege and incorporate by reference all allegations set forth in the proceeding paragraphs, as if fully set forth verbatim herein.

-61-

214.    Plaintiff Humphrey brings this Count individually and on behalf of all other Colorado consumers.

215.    Defendant Kodiak Cakes is and was at all relevant times a merchant with respect to the products at issue in this case.

216.    Defendant promised and expressly warranted that its Kodiak Cakes products are Non-GMO and are Healthy and Nourishing.

217.    Each time Plaintiffs purchased a product, these warranties formed the basis of the bargain between Plaintiff and the members of the Class on the one hand and Defendant on the other.  Plaintiffs and Class Members reasonably relied upon the Defendant's affirmations of fact when they decided to buy Defendant's Products.

218.    All conditions precedent to Defendant's liability under the contract, including notice to the extent notice is required, have been performed by Plaintiffs and the Class.  (*See* Ex. B (giving notice of nationwide class such that action would include claims by Colorado consumers).)

219.    Defendant has breached the terms of its express warranties by failing to provide the Kodiak Cakes products as warranted.

220.    As a direct and proximate result of Defendant's breach of its warranties, Plaintiff and others similarly situated have been damaged in the amount of the purchase price for the product(s) and all other available relief that this Court may deem proper.

**COUNT VII**

**Violation of Connecticut Unfair Trade Practices Act**

**(Conn. Gen. Stat. §§ 42-110b(a), *et seq.*)**

221.    Plaintiffs re-allege and incorporate by reference all allegations set forth in the proceeding paragraphs, as if fully set forth verbatim herein.

222.    Plaintiff Martin is a consumer of Defendant's goods.  She brings this Count individually and on behalf of all other Connecticut consumers regarding Defendants' non-functional slack fill practices and deceptive marketing claims

based on non-GMO and healthy.

223.   Defendant violated Conn. Gen. Stat. § 42-110b(a) by engaging in unfair methods of competition and unfair or deceptive acts or practices as alleged herein in the conduct of any trade or commerce because Defendant's conduct (i) offended public policy as it has been established by statute and the common law, (ii) is immoral, unethical, oppressive, or unscrupulous, and (iii) caused substantial injury to consumers.

224.   Defendant also violated Conn. Gen. Stat. Ann. § 21a-102.

225.   Defendant's conduct as alleged herein was likely to mislead consumers acting reasonably under the circumstances.

226.   Defendant intended that Plaintiff and the Class members would rely on the unlawful, deceptive and/or unfair business acts and practices alleged herein. In the alternative, Defendant knew or should have known that the Kodiak Cakes products did not contain the claimed characteristics because Defendant manufactured, marketed and sold the Kodiak Cakes products without those claimed characteristics.  Defendant knew or should have known that their representations about the Kodiak Cakes products as described herein are deceptive and that these statements or misleading packaging would be relied upon by Plaintiffs and the members of the Class.

227.   Plaintiff and those similarly situated relied to their detriment on Defendant's unfair, deceptive and unlawful business practices. Had Plaintiffs and those similarly situated been adequately informed and not deceived by Defendants, they would have acted differently by not purchasing (or paying less for) Defendants' Kodiak Cakes products.

228.   As a direct and proximate result of Defendant's conduct alleged herein, Plaintiff and other members of the class suffered an ascertainable loss of money or property.

/ / /

SECOND AMENDED CLASS ACTION COMPLAINT

229.   Plaintiff and the class members are entitled to recover actual damages, attorneys' fees and costs, and all other available relief under Conn. Gen. Stat. § 42-110b, et seq. that this Court deems proper.

## COUNT VII

## Breach of Warranty

## (CT Gen Stat § 42a-2-313)

230.   Plaintiffs re-allege and incorporate by reference all allegations set forth in the proceeding paragraphs, as if fully set forth verbatim herein.

231.   Plaintiff Martin brings this Count individually and on behalf of all other Connecticut consumers.

232.   Defendant Kodiak Cakes is and was at all relevant times a merchant with respect to the products at issue in this case.

233.   Defendant promised and expressly warranted that its Kodiak Cakes products are Non-GMO and are Healthy and Nourishing.

234.   Each time Plaintiffs purchased a product, these warranties formed the basis of the bargain between Plaintiff and the members of the Class on the one hand and Defendant on the other. Plaintiff and Class Members reasonably relied upon the Defendant's affirmations of fact when they decided to buy Defendant's Products.

235.   All conditions precedent to Defendant's liability under the contract, including notice to the extent it is required, have been performed by Plaintiffs and the Class.  (*See* Ex. B (giving notice of nationwide class such that action would include claims by Connecticut consumers).)

236.   Defendant has breached the terms of its express warranties by failing to provide the Kodiak Cakes products as warranted.

237.   As a direct and proximate result of Defendant's breach of its warranties, Plaintiff and others similarly situated have been damaged in the amount of the purchase price for the product(s) and all other available relief that this Court may deem proper.

-64-

## COUNT VIII

## Violation of Florida Deceptive and Unfair Trade Practices Act

### (Fla. Stat. Ann. §§ 501.201, *et seq.*)

238.   Plaintiffs re-allege and incorporate by reference all allegations set forth in the proceeding paragraphs, as if fully set forth verbatim herein.

239.   Plaintiffs Mary Hillary Pfeiffer and Evelyn Hernandez are consumers of Defendant's goods.  They bring this Count individually and on behalf of all other Florida consumers based on the misrepresentations alleged herein.

240.   Defendant has and continues to advertise, promote, market and sell its products using non-functional slack fill in violation of Fla. Stat. Ann.§ 500.11 and continues to disseminate false and misleading marketing messages as alleged herein.

241.   Defendants' conduct constitutes an unlawful and unfair method of competition and deceptive trade practice in the conduct of any trade or commerce in violation of Fla. Stat. Ann. § 501.201 et seq.  Defendants' unfair practices as alleged herein offends established public policy and/or is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.  Defendants' deceptive acts and practices were likely to mislead Plaintiffs and reasonable consumers and did so mislead.

242.   Defendant intended that Plaintiff and the Class members would rely on the unlawful, deceptive and/or unfair business acts and practices alleged herein. In the alternative, Defendant knew or should have known that the Kodiak Cakes products did not contain the claimed characteristics because Defendant manufactured, marketed and sold the Kodiak Cakes products without those claimed characteristics.  Defendant knew or should have known that their representations about the Kodiak Cakes products as described herein are deceptive and that these statements or misleading packaging would be relied upon by Plaintiffs and the members of the Class.

/ / /

-65-

243.   Plaintiff and those similarly situated relied to their detriment on Defendant's unfair, deceptive and unlawful business practices.

244.   As a direct and proximate cause of Defendants' conduct, Plaintiffs and members of the class have been aggrieved as alleged herein.  They would not have purchased the products or would have paid less for them if Defendant had disclosed the truth about the products.  Thus, Plaintiffs are therefore entitled to all available remedies under Fla. Stat. Ann. § 501.201 et seq. including actual damages, civil penalties, and any other equitable relief this Court deems proper.

245.   Plaintiffs are further entitled to an award of their attorney's fees and costs pursuant to Fla. Stat. Ann. § 501.2105.

## COUNT IX

### Breach of Express Warranty

### (Fla. Stat. §§ 672.313)

246.   Plaintiffs re-allege and incorporate by reference all allegations set forth in the proceeding paragraphs, as if fully set forth verbatim herein.

247.   Plaintiffs Mary Hillary Pfeiffer and Evelyn Hernandez bring this Count individually and on behalf of all other Florida consumers.

248.   Defendant Kodiak Cakes is and was at all relevant times a merchant with respect to the products at issue in this case.

249.   Defendant promised and expressly warranted that its Kodiak Cakes products were Free of Artificial Additives, contain No Preservatives, are Non-GMO, and are Healthy and Nourishing.

250.   Each time Plaintiffs purchased a product, these warranties formed the basis of the bargain between Plaintiffs and the members of the Class on the one hand and Defendant on the other.  Plaintiffs and Class Members reasonably relied upon the Defendant's affirmations of fact when they decided to buy Defendant's Products.

251.   All conditions precedent to Defendant's liability under the contract, including notice, have been performed by Plaintiffs and the Class.  (*See* Ex. B

-66-

(giving notice of nationwide class such that action would include claims by Florida consumers).)

252.   Defendant has breached the terms of its express warranties by failing to provide the Kodiak Cakes products as warranted.

253.   As a direct and proximate result of Defendant's breach of its warranties, Plaintiff and others similarly situated have been damaged in the amount of the purchase price for the product(s) and all other available relief that this Court may deem proper.

## COUNT X

## Violation of the Illinois Consumer Fraud and Deceptive Bus. Pract. Act
## (815 Ill. Comp. Stat. 505/1, *et seq.*)

254.   Plaintiffs re-allege and incorporate by reference all allegations set forth in the proceeding paragraphs, as if fully set forth verbatim herein.

255.   Plaintiffs Ivan Blanco and Victoria Johnson are consumers of Defendant's goods and bring this Count individually and on behalf of all other Illinois consumers based on the misrepresentations alleged herein.

256.   Defendant has violated Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. 505/2 because its conduct as alleged herein constitutes "[u]nfair methods of competition and unfair or deceptive acts or practices [which] are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." Defendant's conduct (i) offends public policy; (ii) is immoral, unethical, oppressive, or unscrupulous; and (iii) causes substantial injury to consumers, including Plaintiffs and members of the class. Defendant's representations created a likelihood of deception and had the capacity to deceive.

257.   Defendant's conduct also violates 410 Ill. Comp. Stat. 620/11.

258.   Defendant intended that Plaintiffs and the Class members would rely on the unlawful, deceptive and/or unfair business acts and practices alleged herein.

In the alternative, Defendant knew or should have known that the Kodiak Cakes products did not contain the claimed characteristics because Defendant manufactured, marketed and sold the Kodiak Cakes products without those claimed characteristics. Defendant knew or should have known that their representations about the Kodiak Cakes products as described herein are deceptive and that these statements or misleading packaging would be relied upon by Plaintiffs and the members of the Class.

259. Plaintiffs and those similarly situated relied to their detriment on Defendant's unfair, deceptive and unlawful business practices. Had Plaintiffs and those similarly situated been adequately informed and not deceived by Defendants, they would have acted differently by not purchasing (or paying less for) Defendants' Kodiak Cakes products.

260. As a direct and proximate cause of Defendants' conduct, Plaintiffs and members of the class have been aggrieved as alleged herein. They would not have purchased the products or would have paid less for them if Defendant had disclosed the truth about the products. Plaintiffs are therefore entitled to all available remedies under 815 ILCS 505/10a(a) including actual damages, civil penalties, and any other equitable relief this Court deems proper.

261. Plaintiffs are further entitled to an award of their attorney's fees and costs pursuant to 815 ILCS 505/10a(g).

## COUNT XI

## Breach of Express Warranty

## (810 Ill. Comp. Stat. 5/2-313, *et seq.*)

262. Plaintiffs re-allege and incorporate by reference all allegations set forth in the proceeding paragraphs, as if fully set forth verbatim herein.

263. Plaintiffs Ivan Blanco and Victoria Johnson bring this Count individually and on behalf of all other Illinois consumers.

/ / /

-68-

264.   Defendant Kodiak Cakes is and was at all relevant times a merchant with respect to the products at issue in this case.

265.   Defendant promised and expressly warranted that its Kodiak Cakes products were Free of Artificial Additives, contain No Preservatives, are Non-GMO, and are Healthy and Nourishing.

266.   Each time Plaintiffs purchased a product, these warranties formed the basis of the bargain between Plaintiffs and the members of the Class on the one hand and Defendant on the other.  Plaintiffs and Class Members reasonably relied upon the Defendant's affirmations of fact when they decided to buy Defendant's Products.

267.   All conditions precedent to Defendant's liability under the contract, including notice, have been performed by Plaintiffs and the Class.  (*See* Ex. B (giving notice of nationwide class such that action would include claims by Illinois consumers).)

268.   Defendant has breached the terms of its express warranties by failing to provide the Kodiak Cakes products as warranted.

269.   As a direct and proximate result of Defendant's breach of its warranties, Plaintiff and others similarly situated have been damaged in the amount of the purchase price for the product(s) and all other available relief that this Court may deem proper.

## COUNT XII

**Violation of Massachusetts Regulation of Business Practices for Consumer Protection Act**

**(Mass Gen. Laws ch. 93A, §§ 1, *et seq.*)**

270.   Plaintiffs re-allege and incorporate by reference all allegations set forth in the proceeding paragraphs, as if fully set forth verbatim herein.

271.   Plaintiffs Julie Lussier and Suzanne Dagesse are consumers of Defendant's goods and bring this Count individually and on behalf of all other Massachusetts consumers.

-69-

272.   The Massachusetts Regulation of Business Practices for Consumer Protection Act prohibits "[u]nfair methods of competition and unfair or deceptive practices in the conduct of any trade or commerce. . . ." Mass Gen. Laws ch. 93A, § 2.   An act or practice is unfair if it (i) falls within at least the penumbra of some common-law, statutory, or other established concept of unfairness; (ii) is immoral, unethical, oppressive, or unscrupulous; and (iii) causes substantial injury to consumers.

273.   By the conduct alleged herein, Defendant engaged in unfair or deceptive acts in violation of Mass Gen. Laws ch. 93A, § 2.

274.   Defendant also violated Mass. Gen. Laws Ann. ch. 94, § 187.

275.   Defendant's conduct had a tendency to deceive, and therefore, was deceptive.

276.   Defendant intended that Plaintiffs and the Class members would rely on the unlawful, deceptive and/or unfair business acts and practices alleged herein. In the alternative, Defendant knew or should have known that the Kodiak Cakes products did not contain the claimed characteristics because Defendant manufactured, marketed and sold the Kodiak Cakes products without those claimed characteristics.  Defendant knew or should have known that their representations about the Kodiak Cakes products as described herein are deceptive and that these statements or misleading packaging would be relied upon by Plaintiffs and the members of the Class.

277.   Plaintiffs and those similarly situated relied to their detriment on Defendant's unfair, deceptive and unlawful business practices. Had Plaintiffs and those similarly situated been adequately informed and not deceived by Defendants, they would have acted differently by not purchasing (or paying less for) Defendants' Kodiak Cakes products.

278.   As a direct and proximate cause of Defendant's conduct, Plaintiffs and members of the class have been aggrieved as alleged herein. They would not have

-70-

purchased the products or would have paid less for them if Defendant had disclosed the truth about the products.  Plaintiffs are therefore entitled to all available remedies under Mass Gen. Laws ch. 93A, § 9 including actual damages, civil penalties, and any other equitable relief this Court deems proper.

279.   Plaintiffs are further entitled to an award of their attorney's fees and costs pursuant to Mass Gen. Laws ch. 93A, § 9.

280.   Notice in accordance with Mass Gen. Laws ch. 93A, § 9(3) was hereby provided.   (*See* Ex. B, pre-lawsuit letters on behalf of Plaintiffs Dagesse and Lussier.)

**COUNT XIII**

**Breach of Express Warranty**

**(Mass Gen. Laws ch. 106, § 2-313)**

281.   Plaintiffs re-allege and incorporate by reference all allegations set forth in the proceeding paragraphs, as if fully set forth verbatim herein.

282.   Plaintiffs Julie Lussier and Suzanne Dagesse bring this Count individually and on behalf of all other Massachusetts consumers.

283.   Defendant Kodiak Cakes is and was at all relevant times a merchant with respect to the products at issue in this case.

284.   Defendant promised and expressly warranted that its Kodiak Cakes products were Free of Artificial Additives, contain No Preservatives, are Non-GMO, and are Healthy and Nourishing.

285.   Each time Plaintiffs purchased a product, these warranties formed the basis of the bargain between Plaintiffs and the members of the Class on the one hand and Defendant on the other.  Plaintiffs and Class Members reasonably relied upon the Defendant's affirmations of fact when they decided to buy Defendant's Products.

286.   All conditions precedent to Defendant's liability under the contract, including notice, have been performed by Plaintiffs and the Class.  (*See* Ex. B.)

287.   Defendant has breached the terms of its express warranties by failing

-71-

to provide the Kodiak Cakes products as warranted.

288. As a direct and proximate result of Defendant's breach of its warranties, Plaintiff and others similarly situated have been damaged in the amount of the purchase price for the product(s) and all other available relief that this Court may deem proper.

## COUNT XIV

### Violation of the Michigan Consumer Protection Act

### (Mich. Comp. Laws § 445.903, *et seq.*)

289. Plaintiffs re-allege and incorporate by reference all allegations set forth in the proceeding paragraphs, as if fully set forth verbatim herein.

290. Plaintiffs Julie Stocker and Mary Mcleroy are consumers and bring this Count individually and on behalf of all other Michigan consumers.

291. The Michigan Consumer Protection Act prohibits (i) Failing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer, (ii) Making a representation of fact or statement of fact material to the transaction such that a person reasonably believes the represented or suggested state of affairs to be other than it actually is, (iii) Failing to reveal facts that are material to the transaction in light of representations of fact made in a positive manner. Several unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce are unlawful and prohibited. This includes representing goods that have characteristics, ingredients, uses, benefits, or quantities that they do not have and advertising or representing goods or services with intent not to dispose of those goods or services as advertised or represented, among others.

292. Defendants' conduct alleged herein constituted unfair, deceptive and unconscionable practices, thus violating section 445.903. Defendant also violated Mich. Comp. Laws Ann. § 289.1109.

293. A reasonable person would have relied on Defendants'

1   misrepresentations as alleged herein.

2       294.   Defendant intended that Plaintiffs and the Class members would rely

3   on the unlawful, deceptive and/or unfair business acts and practices alleged herein.

4   In the alternative, Defendant knew or should have known that the Kodiak Cakes

5   products did not contain the claimed characteristics because Defendant

6   manufactured, marketed and sold the Kodiak Cakes products without those

7   claimed characteristics.  Defendant knew or should have known that their

8   representations about the Kodiak Cakes products as described herein are deceptive

9   and that these statements or misleading packaging would be relied upon by

10  Plaintiffs and the members of the Class.

11      295.   Plaintiffs and those similarly situated relied to their detriment on

12  Defendant's unfair, deceptive and unlawful business practices. Had Plaintiffs and

13  those similarly situated been adequately informed and not deceived by Defendants,

14  they would have acted differently by not purchasing (or paying less for)

15  Defendants' Kodiak Cakes products.

16      296.   As a direct and proximate cause of Defendant's conduct, Plaintiffs and

17  members of the class have been aggrieved as alleged herein. They would not have

18  purchased the products or would have paid less for them if Defendant had disclosed

19  the truth about the products.  Plaintiffs are therefore entitled to all available remedies

20  under Mich. Comp. Laws Ann. § 445.911 including actual damages, civil penalties,

21  and any other equitable relief this Court deems proper, including an award of their

22  attorney's fees and costs.

23                          **COUNT XV**

24                   **Breach of Express Warranty**

25              **Mich. Comp. Laws Ann. § 440.2313**

26      297.   Plaintiffs re-allege and incorporate by reference all allegations set forth

27  in the proceeding paragraphs, as if fully set forth verbatim herein.

28  / / /

-73-

298.   Plaintiffs Julie Stocker and Mary Mcleroy bring this Count individually and on behalf of all other Michigan consumers.

299.   Defendant Kodiak Cakes is and was at all relevant times a merchant with respect to the products at issue in this case.

300.   Defendant promised and expressly warranted that its Kodiak Cakes products were Free of Artificial Additives, contain No Preservatives, are Non-GMO, and are Healthy and Nourishing.

301.   Each time Plaintiffs purchased a product, these warranties formed the basis of the bargain between Plaintiffs and the members of the Class on the one hand and Defendant on the other.   Plaintiffs and Class Members reasonably relied upon the Defendant's affirmations of fact when they decided to buy Defendant's Products.

302.   All conditions precedent to Defendant's liability under the contract, including notice, have been performed by Plaintiffs and the Class. (*See* Ex. B (notice of action by nationwide class that included Michigan consumers).)

303.   Defendant has breached the terms of its express warranties by failing to provide the Kodiak Cakes products as warranted.

304.   As a direct and proximate result of Defendant's breach of its warranties, Plaintiff and others similarly situated have been damaged in the amount of the purchase price for the product(s) and all other available relief that this Court may deem proper.

## COUNT XVI

## Violations of Missouri Merchandising Practices Act

## (Mo. Rev. Stat. § 407.010, *et. seq.*)

305.   Plaintiffs re-allege and incorporate by reference all allegations set forth in the proceeding paragraphs, as if fully set forth verbatim herein.

306.   Plaintiff Robin Curless is a consumer of Defendant's goods and brings this Count individually and on behalf of all other Missouri consumers.

/ / /

-74-

307.   Plaintiff and Defendant are "persons" are "persons" within the meaning of Mo. Rev. Stat. § 407.010(5).

308.   The Missouri Merchandising Practices Act ("MPA") makes unlawful the "act, use or employment by any person of any deception, fraud, false pretense, misrepresentation, unfair practice, or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise."

309.   Defendant also violated Mo. Ann. Stat. § 196.075.

310.   As alleged herein, Defendant's conduct as alleged herein violated the MPA.  Defendant's conduct was deceptive because it had the tendency or capacity to deceive a reasonable person.

311.   Defendant intended that Plaintiffs and the Class members would rely on the unlawful, deceptive and/or unfair business acts and practices alleged herein. In the alternative, Defendant knew or should have known that the Kodiak Cakes products did not contain the claimed characteristics because Defendant manufactured, marketed and sold the Kodiak Cakes products without those claimed characteristics.  Defendant knew or should have known that their representations about the Kodiak Cakes products as described herein are deceptive and that these statements or misleading packaging would be relied upon by Plaintiffs and the members of the Class.

312.   Plaintiffs and those similarly situated relied to their detriment on Defendant's unfair, deceptive and unlawful business practices. Had Plaintiffs and those similarly situated been adequately informed and not deceived by Defendants, they would have acted differently by not purchasing (or paying less for) Defendants' Kodiak Cakes products.

313.   As a direct and proximate cause of Defendant's conduct, Plaintiff and members of the class have been aggrieved as alleged herein. They would not have purchased the products or would have paid less for them if Defendant had disclosed the truth about the products.  Plaintiffs are therefore entitled to all available remedies

under Mo. Ann. Stat. § 407.025 including actual damages, civil penalties, and any other equitable relief this Court deems proper.

314.   Plaintiff is also entitled to an award of her attorney's fees and costs under Mo. Ann. Stat. § 407.025.

**COUNT XVII**

**Breach of Express Warranty**

**(Mo. Rev. Stat. §§ 400.2-313)**

315.   Plaintiffs re-allege and incorporate by reference all allegations set forth in the proceeding paragraphs, as if fully set forth verbatim herein.

316.   Plaintiff Robin Curless brings this Count individually and on behalf of all other Missouri consumers.

317.   Defendant Kodiak Cakes is and was at all relevant times a merchant with respect to the products at issue in this case.

318.   Defendant promised and expressly warranted that its Kodiak Cakes products were Free of Artificial Additives, contain No Preservatives, are Non-GMO, and are Healthy and Nourishing.

319.   Each time Plaintiffs purchased a product, these warranties formed the basis of the bargain between Plaintiffs and the members of the Class on the one hand and Defendant on the other.   Plaintiffs and Class Members reasonably relied upon the Defendant's affirmations of fact when they decided to buy Defendant's Products.

320.   All conditions precedent to Defendant's liability under the contract, including notice, have been performed by Plaintiffs and the Class.   (*See* Ex. B (notice of action by nationwide class that included Missouri consumers).)

321.   Defendant has breached the terms of its express warranties by failing to provide the Kodiak Cakes products as warranted.

322.   As a direct and proximate result of Defendant's breach of its warranties, Plaintiff and others similarly situated have been damaged in the amount of the purchase price for the product(s) and all other available relief that this Court may

-76-

deem proper.

## COUNT XVIII

## Violation of New Jersey Consumer Fraud Act

## (N.J. Stat. Ann. § 56:8-1, *et seq.*)

323.   Plaintiffs re-allege and incorporate by reference all allegations set forth in the proceeding paragraphs, as if fully set forth verbatim herein.

324.   Plaintiff Danielle Arno is a consumer of Defendant's goods and brings this Count individually and on behalf of all other New Jersey consumers.

325.   Defendants' conduct, as alleged herein, violates the New Jersey Consumer Fraud Act which prohibits the "act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise. . . whether or not any person has in fact been misled, deceived or damaged thereby."

326.   Defendant's conduct also violated N.J. Stat. Ann. § 51:1-29.

327.   Defendant's conduct was deceptive because it has the capacity to mislead the average consumer.

328.   Defendant intended that Plaintiff and the Class members would rely on the unlawful, deceptive and/or unfair business acts and practices alleged herein. In the alternative, Defendant knew or should have known that the Kodiak Cakes products did not contain the claimed characteristics because Defendant manufactured, marketed and sold the Kodiak Cakes products without those claimed characteristics.  Defendant knew or should have known that their representations about the Kodiak Cakes products as described herein are deceptive and that these statements or misleading packaging would be relied upon by Plaintiffs and the members of the Class.

/ / /

-77-

329.   Plaintiff and those similarly situated relied to their detriment on Defendant's unfair, deceptive and unlawful business practices. Had Plaintiffs and those similarly situated been adequately informed and not deceived by Defendants, they would have acted differently by not purchasing (or paying less for) Defendants' Kodiak Cakes products.

330.   As a direct and proximate cause of Defendant's conduct, Plaintiff and members of the class have been aggrieved as alleged herein. They would not have purchased the products or would have paid less for them if Defendant had disclosed the truth about the products.  Plaintiffs are therefore entitled to all available remedies under N.J. Stat. Ann. § 56:8-1, *et seq.*, including actual damages, civil penalties, and any other equitable relief this Court deems proper, including reasonable attorneys' fees and costs in pursuing this action.

**COUNT XIX**

**Breach of Warranty**

**(N.J. Stat. Ann. § 12A:2-313)**

331.   Plaintiffs re-allege and incorporate by reference all allegations set forth in the proceeding paragraphs, as if fully set forth verbatim herein.

332.   Plaintiff Danielle Arno brings this Count individually and on behalf of all other New Jersey consumers.

333.   Defendant Kodiak Cakes is and was at all relevant times a merchant with respect to the products at issue in this case.

334.   Defendant promised and expressly warranted that its Kodiak Cakes products were Free of Artificial Additives, contain No Preservatives, are Non-GMO, and are Healthy and Nourishing.

335.   Each time Plaintiff purchased a product, these warranties formed the basis of the bargain between Plaintiffs and the members of the Class on the one hand and Defendant on the other.  Plaintiffs and Class Members reasonably relied upon the Defendant's affirmations of fact when they decided to buy Defendant's Products.

336.   All conditions precedent to Defendant's liability under the contract, including notice, have been performed by Plaintiffs and the Class. (*See* Ex. B (notice of action by nationwide class that included New Jersey consumers).)

337.   Defendant has breached the terms of its express warranties by failing to provide the Kodiak Cakes products as warranted.

338.   As a direct and proximate result of Defendant's breach of its warranties, Plaintiff and others similarly situated have been damaged in the amount of the purchase price for the product(s) and all other available relief that this Court may deem proper.

## COUNT XX

### New York Consumer Protection from Deceptive Acts and Practices

### (N.Y. Gen. Bus. Law § 349)

339.   Plaintiffs re-allege and incorporate by reference all allegations set forth in the proceeding paragraphs, as if fully set forth verbatim herein.

340.   Plaintiffs Vicki Siverling and Harry Malakoff are consumers of Defendant's goods and bring this Count individually and on behalf of all other New York consumers.

341.   New York prohibits "deceptive acts or practices in the conduct of any business, trade or commerce." "Deceptive acts or practices" are those that are likely to mislead a reasonable consumer acting reasonably under the circumstances.

342.   Defendant's conduct as alleged herein constitutes deceptive acts or practices under N.Y. Gen. Bus. Law § 349.

343.   Defendant's conduct also violated N.Y. Agric. & Mkts. Law § 201.

344.   Defendant intended that Plaintiff and the Class members would rely on the unlawful, deceptive and/or unfair business acts and practices alleged herein. In the alternative, Defendant knew or should have known that the Kodiak Cakes products did not contain the claimed characteristics because Defendant manufactured, marketed and sold the Kodiak Cakes products without those

-79-

claimed characteristics. Defendant knew or should have known that their representations about the Kodiak Cakes products as described herein are deceptive and that these statements or misleading packaging would be relied upon by Plaintiffs and the members of the Class.

345. Plaintiffs and those similarly situated relied to their detriment on Defendant's unfair, deceptive and unlawful business practices. Had Plaintiffs and those similarly situated been adequately informed and not deceived by Defendants, they would have acted differently by not purchasing (or paying less for) Defendants' Kodiak Cakes products.

346. As a direct and proximate cause of Defendant's conduct, Plaintiffs and members of the class have been aggrieved as alleged herein. They were deceived by Defendant's conduct and would not have purchased the products or would have paid less for them if Defendant had disclosed the truth about the products. Plaintiffs are therefore entitled to all available remedies under N.Y. Gen. Bus. Law § 349(h), including actual damages, civil penalties, and any other equitable relief this Court deems proper.

347. Plaintiffs shall also be entitled to reasonable attorneys' fees and costs in pursuing this action. N.Y. Gen. Bus. Law § 349(h).

## COUNT XXI
## Breach of Express Warranty
## (N.Y. UCC § 2-313)

348. Plaintiffs re-allege and incorporate by reference all allegations set forth in the proceeding paragraphs, as if fully set forth verbatim herein.

349. Plaintiffs Vicki Siverling and Harry Malakoff bring this Count individually and on behalf of all other New York consumers.

350. Defendant Kodiak Cakes is and was at all relevant times a merchant with respect to the products at issue in this case.

/ / /

351.   Defendant promised and expressly warranted that its Kodiak Cakes products were Free of Artificial Additives, contain No Preservatives, are Non-GMO, and are Healthy and Nourishing.

352.   Each time Plaintiff purchased a product, these warranties formed the basis of the bargain between Plaintiffs and the members of the Class on the one hand and Defendant on the other.   Plaintiffs and Class Members reasonably relied upon the Defendant's affirmations of fact when they decided to buy Defendant's Products.

353.   All conditions precedent to Defendant's liability under the contract, including notice, have been performed by Plaintiffs and the Class. (*See* Ex. B (notice of action by nationwide class that included New York consumers).)

354.   Defendant has breached the terms of its express warranties by failing to provide the Kodiak Cakes products as warranted.

355.   As a direct and proximate result of Defendant's breach of its warranties, Plaintiff and others similarly situated have been damaged in the amount of the purchase price for the product(s) and all other available relief that this Court may deem proper.

## COUNT XXI

### Violations of the Washington Consumer Protection Act

### (Wash. Rev. Code §§ 19.86.010, *et seq.*)

356.   Plaintiffs re-allege and incorporate by reference all allegations set forth in the proceeding paragraphs, as if fully set forth verbatim herein.

357.   Plaintiffs Michael Smith and Tracy Hall are consumers of Defendant's goods and bring this Count individually and on behalf of all other Washington consumers.

358.   Plaintiffs, member of the class and Defendant are "persons" under Wash. Rev. Code § 19.86.010(1).   The Washington Consumer Protection Act broadly prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Wash. Rev. Code. § 19.86.020.

-81-

359.   By the conduct alleged herein, Defendant engaged in unfair or deceptive acts in violation of the Washington Consumer Protection Act.  Defendant also violated West's RCWA § 69.04.250.

360.   Defendant engaged in unfair and deceptive acts as alleged herein because these acts had the capacity to deceive a substantial portion of the public.

361.   Defendant intended that Plaintiffs and the Class members would rely on the unlawful, deceptive and/or unfair business acts and practices alleged herein. In the alternative, Defendant knew or should have known that the Kodiak Cakes products did not contain the claimed characteristics because Defendant manufactured, marketed and sold the Kodiak Cakes products without those claimed characteristics.  Defendant knew or should have known that their representations about the Kodiak Cakes products as described herein are deceptive and that these statements or misleading packaging would be relied upon by Plaintiffs and the members of the Class.

362.   Plaintiffs and those similarly situated relied to their detriment on Defendant's unfair, deceptive and unlawful business practices. Had Plaintiffs and those similarly situated been adequately informed and not deceived by Defendants, they would have acted differently by not purchasing (or paying less for) Defendants' Kodiak Cakes products.

363.   As a direct and proximate cause of Defendant's conduct, Plaintiff and members of the class have been aggrieved as alleged herein. They were deceived by Defendant's conduct and would not have purchased the products or would have paid less for them if Defendant had disclosed the truth about the products.  Plaintiffs are therefore entitled to all available remedies under Wash. Rev. Code §19.86.090, including actual damages, civil penalties, and any other equitable relief this Court deems proper.

364.   Plaintiffs shall also be entitled to reasonable attorneys' fees and costs in pursuing this action.  Wash. Rev. Code § 19.86.090.

## COUNT XXII

### Breach of Express Warranty

### (Wash. Rev. Code § 62A.2-313)

365.   Plaintiffs re-allege and incorporate by reference all allegations set forth in the proceeding paragraphs, as if fully set forth verbatim herein.

366.   Plaintiffs Michael Smith and Tracy Hall bring this Count individually and on behalf of all other Washington consumers.

367.   Defendant Kodiak Cakes is and was at all relevant times a merchant with respect to the products at issue in this case.

368.   Defendant promised and expressly warranted that its Kodiak Cakes products were Free of Artificial Additives, contain No Preservatives, are Non-GMO, and are Healthy and Nourishing.

369.   Each time Plaintiff purchased a product, these warranties formed the basis of the bargain between Plaintiffs and the members of the Class on the one hand and Defendant on the other.  Plaintiffs and Class Members reasonably relied upon the Defendant's affirmations of fact when they decided to buy Defendant's Products.

370.   All conditions precedent to Defendant's liability under the contract, including notice, have been performed by Plaintiffs and the Class. (*See* Ex. B (notice of action by nationwide class that included Washington consumers).)

371.   Defendant has breached the terms of its express warranties by failing to provide the Kodiak Cakes products as warranted.

372.   As a direct and proximate result of Defendant's breach of its warranties, Plaintiff and others similarly situated have been damaged in the amount of the purchase price for the product(s) and all other available relief that this Court may deem proper.

/ / /

/ / /

/ / /

# **PRAYER**

**WHEREFORE,** Plaintiffs, individually, and on behalf of all others similarly situated, prays for relief pursuant to each cause of action set forth in this Class Action Complaint, as follows:

A.     Declaring that this action can be maintained as a class action, certifying the Class as requested herein, designating Plaintiffs as Class Representatives and appointing the undersigned counsel as Class Counsel;

B.     Ordering restitution in such amount that Plaintiffs and the Class members paid to purchase the Kodiak Cakes products or paid as a premium over other products;

C.     Ordering restitution and disgorgement of all profits and unjust enrichment that Defendant obtained from Plaintiffs and the Class members as a result of Defendant's unlawful, unfair and fraudulent business practices;

D.     Ordering injunctive relief based on Kodiak Cakes' misleading "non-GMO" marketing statements as permitted by law or equity, including enjoining Defendant from continuing the unlawful practices as set forth herein, and ordering Defendant to engage in a corrective advertising campaign;

E.     Ordering compensatory damages for Plaintiffs and the Class;

F.     Ordering statutory damages allowable under Civil Code § 1780 as applicable;

G.     Ordering statutory penalties for all Counts for which they are available;

H.     Ordering Defendant to pay attorneys' fees and litigation costs to Plaintiff and the other members of the Class;

I.     Ordering Defendant to pay both pre- and post-judgment interest on any amounts awarded; and

J.     Ordering such other and further relief as may be just and proper.

/ / /

/ / /

## **JURY TRIAL DEMANDED**

Plaintiffs demand a jury trial on all causes of action and issues so triable.

Dated:  May 17, 2021                                     **FOX LAW, APC**


*/s/ Courtney Vasquez*
COURTNEY VASQUEZ
courtney@foxlawapc.com
*Attorneys for Plaintiffs*

SECOND AMENDED CLASS ACTION COMPLAINT