DAVE FOX (Bar No. 254651)
dave@foxlawapc.com
JOANNA FOX (Bar No. 272593)
joanna@foxlawapc.com
COURTNEY VASQUEZ (Bar No. 267081)
courtney@foxlawapc.com
**FOX LAW, APC**
225 W. Plaza Street, Suite 102
Solana Beach, CA 92075
Tel: 858-256-7616
Fax: 858-256-7618

*Attorneys for Plaintiffs and the Proposed Class*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TY STEWART, et al., *individually and on behalf of all others similarly situated*,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>KODIAK CAKES, LLC,<br><br>　　　　Defendants. | CASE NO.: 19cv2454-MMA (MSB)<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' *EX PARTE* APPLICATION TO EXTEND THE DEADLINE TO FILE A MOTION FOR CLASS CERTIFICATION**<br><br>Magistrate Judge: Hon. Michael S. Berg<br>Courtroom: 2C |

## I.    INTRODUCTION

Pursuant to this Court's Civil Chambers Rules, Federal Rule of Civil Procedure 16(b)(4) and Local Rule 83.3(g), Plaintiffs hereby apply *ex parte* to request a limited four-week extension of the time to file their motion for class certification through and including November 8, 2021.  This limited extension is necessary to accommodate the schedule of Defendant Kodiak Cakes' ("Kodiak") counsel and Mr. Joel Clark, Kodiak's designated person most knowledgeable ("PMK").  Despite being timely served with a PMK deposition notice on **August 31, 2021**, Mr. Clark's deposition is not scheduled to proceed until **October 28, 2021**, <u>which Kodiak insists is the earliest date that Mr. Clark is available for deposition</u>.  This is weeks after the existing October 11, 2021, deadline for Plaintiffs to file their motion for class certification.  Plaintiffs should not be prejudiced and forced to file their Motion for Class Certification without having the ability to take Kodiak's PMK's Deposition before filing, especially because Plaintiffs timely noticed the deposition (42 days before Plaintiffs' Motion was due to be filed) and Kodiak has simply refused to timely put up a witness.

Indeed, despite being provided with adequate notice, Kodiak has refused to provide *a single witness for any of the noticed PMK subjects* in a timely manner. Kodiak has also refused a reasonable accommodation of Plaintiffs' requested extension of time to file their Class Certification Motion—hence this *ex parte* request rather than a joint motion.  Kodiak states that is only willing to agree to Plaintiffs' requested extension if Plaintiffs, in turn, agree to an unreasonable briefing schedule that would only further Kodiak's repeated desire to unduly delay this case, and for which Kodiak has given no appropriate reason for such a delayed schedule.  In addition, consistent with this Court's previous grant of an extension, Plaintiffs anticipate that the Court will defer setting the briefing schedule on the motion so that the Court may select a briefing schedule once the motion for class certification is filed.

Good cause exists for Plaintiffs' requested extension. The timing of Plaintiffs' notice of taking the deposition of Kodiak's person most knowledgeable was timely and reasonable—being served well over a month in advance of Plaintiffs' Motion deadline. This is particularly so given the circumstances, which were created by Kodiak's late discovery responses and which were no fault of Plaintiffs. Plaintiffs would be unduly prejudiced without the opportunity to depose Kodiak's person most knowledgeable on pertinent issues to support Plaintiffs' motion for class certification if this request is not granted. Thus, Plaintiffs hereby request one further limited extension of time for Plaintiffs to file their motion for class certification through and including November 8, 2021, in order to accommodate the deposition of Kodiak's PMK, Mr. Joel Clark.

## II. FACTUAL BACKGROUND AND SUMMARY OF MEET AND CONFER EFFORTS

For the past year, Plaintiffs have been diligently engaged in discovery relating to class certification issues, including written discovery and depositions. On July 15, 2021, Plaintiffs took the deposition of a key employee of Kodiak. (Declaration of Courtney Vasquez ("Vasquez Decl.") ¶ 2.) Testimony elicited during the deposition revealed several documents that were responsive to requests that had been pending since July 2020, but that had not been produced. (*Id.* ¶ 2.)

On July 23, 2021, Kodiak produced 36,000+ pages of documents in response to Plaintiffs' meet and confer regarding categories of documents that had been identified at the July 15, 2021 deposition, among others. (*Id.* ¶ 3.)

On July 27, 2021, Kodiak made a further production of 170,000+ pages in response to requests for production that had been pending for a year. This was the largest production Kodiak had made in the case to date. (*Id.* ¶ 4.)

The day after receiving the production, Plaintiffs' counsel expressed to Kodiak the need to review these documents with sufficient time to allow them to conduct follow-up discovery and take the deposition of Kodiak's person most

knowledgeable in preparation for their motion for class certification. (*Id.* ¶ 5.) To avoid prejudice to Plaintiffs because of the late production, the Parties agreed to a limited continuance of the class certification motion deadline to October 11, 2021, which this Court granted. (*Id.* ¶ 6; *see also* ECF # 90.)

On August 30, 2021, Kodiak made a further document production in response to Plaintiffs' second and third requests for production of documents. (*Id.* ¶ 7.)

On August 31, 2021, just one month after receiving hundreds of thousands of pages of documents, Plaintiffs noticed the deposition of Kodiak's Person(s) Most Knowledgeable pursuant to Fed. R. Civ. P. 30(b)(6) on 60 discrete topics relating to class certification issues. (*Id.* ¶ 8.) This notice gave Kodiak six (6) weeks to prepare its witness and schedule the deposition. (*Id.*)

After giving Kodiak's counsel a week to digest the notice, Plaintiffs promptly scheduled a meet and confer on the deposition scheduled and noticed topics. The Parties attended the conference on September 14, 2021, and discussed the scope of the noticed topics. (Vasquez Decl. ¶ 9.) Kodiak identified few issues. (*Id.*) Plaintiffs anticipate that any issues regarding deposition topics will be readily resolved. (*Id.*)

During this meet and confer process, Kodiak indicated that it intended to designate a single witness, Kodiak's CEO, Joel Clark, for all noticed topics. (*Id.* ¶ 10.) However, Kodiak's counsel indicated that they would not be available until late September for the deposition and they were still working on the schedule of Mr. Clark. (*Id.*) Kodiak's counsel represented that they would agree to an extension of time for Plaintiffs to file their motion for class certification if needed to accommodate this deposition. (*Id.* ¶ 11.)

Shortly thereafter, Kodiak's counsel informed Plaintiffs that, because of Mr. Clark's demanding schedule, there is no date at any time before the current October 11, 2021 deadline for class certification that will work for Mr. Clark or Kodiak's

counsel. (*Id.* ¶ 12.) Kodiak did not offer any alternative witness(es). (*Id.*)

On September 17, 2021, Plaintiffs' counsel sent Kodiak a meet and confer letter urging Kodiak to timely provide available dates for a PMK witness before Plaintiffs' motion for class certification, among other issues that violated the Parties' Stipulated Protective Order. (Vasquez Decl., Ex. A.) Kodiak did not provide any alternative dates or witnesses. (*Id.* ¶¶ 13-14.)

Thus, to avoid burdening the Court with a motion to compel, and to accommodate Kodiak and its counsel's schedule, Plaintiffs agreed to set the deposition for Mr. Clark on October 28, 2021. (*Id.* ¶ 14.) Kodiak's counsel again stated that it would be willing to agree to an extension of time for Plaintiffs to file their motion for class certification to accommodate Mr. Clark's deposition. (*Id.* ¶ 14.) In reliance on Kodiak's representation, Plaintiffs agreed to the October 28, 2021 deposition and offered to draft the joint motion. (*Id.*)

Upon receiving a draft of the joint motion, Kodiak rescinded its agreement to the requested extension. (*Id.* ¶ 15.) Kodiak represented that it would only agree to Plaintiffs' request for an extension if Plaintiffs would agree to an unreasonably long briefing schedule on Plaintiffs' motion. (*Id.* ¶ 16, Ex. B.) Kodiak expressed a litany of excuses for why Kodiak needed more time, none of which are appropriate bases to delay this case. (*Id.*, Ex. B.) These excuses included (i) Kodiak's counsel's burden with concurrent litigation in a separate action against Kodiak, (ii) Kodiak's lack of diligence in taking *any* Plaintiff deposition in this case despite Plaintiffs' commitment since May 2021 to make them available, and (iii) activities such as a local move and holiday vacations in Kodiak's counsel's personal life, among others. (*See* Ex. B.)

### III. GOOD CAUSE EXISTS FOR THE REQUESTED EXTENSION

Plaintiffs have been incredibly accommodating of Kodiak and have been diligent in responding to Kodiak's discovery responses, particularly given the untimely manner in which those responses have been provided to Plaintiffs by

1 | Kodiak.  Plaintiffs would be prejudiced by the inability to depose Mr. Clark on
2 | class certification issues before the deadline to file their motion for class
3 | certification.  (*See* Vasquez Decl., ¶ 17.)

Although the Court has granted three previous requests to extend the deadline for Plaintiffs to file a motion for class certification, one further limited extension to accommodate the PMK deposition will not disrupt the advancement of this case.  The pleadings are not presently set as the Parties await this Court's ruling on Kodiak's Motion to Dismiss Plaintiffs' Second Amended Complaint, and a limited extension of a few more weeks will not unduly delay this case.  (Vasquez Decl., ¶ 18; ECF # 91.)

On September 27, 2021, counsel for Plaintiffs provided notice to counsel for Kodiak that Plaintiffs intended to file this *ex parte* application.  Kodiak's counsel indicated that they intend to oppose the requested relief.  (Vasquez Decl., ¶ 19.)

### IV.  CONCLUSION

For all these reasons, Plaintiffs respectfully request that this Court extend the deadline for Plaintiffs to file their motion for class certification through and including **November 8, 2021**.

Respectfully submitted,

Date: September 28, 2021                           **FOX LAW, APC**


                                                   s/ Courtney Vasquez
                                                   DAVE FOX
                                                   JOANNA FOX
                                                   COURTNEY VASQUEZ
                                                   *Attorneys for Plaintiffs and the Proposed Class*